# United States Court of Appeals
# For the Ninth Circuit

C.A. 16-56057

---

Skidmore et al.

*Michael Skidmore, Trustee for the
Randy Craig Wolfe Trust
Plaintiff-Appellant*

v.

Led Zeppelin *et al.*

*Defendants-Appellees*

---

# Plaintiff-Appellant Michael Skidmore's
# Excerpts of the Record
# Volume XI of XI

---

(Music copyright infringement, on appeal from the final Order dated June 23, 2016
of the Honorable R. Gary Klausner, of the United States District Court for the
Central District of California.  The case was docketed in the Central District at 15-
cv-03462)

---

Francis Alexander, LLC
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyers for Appellant Skidmore*

## <u>EXCERPTS OF THE RECORD: VOLUME XI of XI</u>
(2681 – 2922)

05/20/2015   Answer to Amended Complaint by Individual Defs. (*Doc. No. 68*) ................ 2681

10/08/2014   Amended Complaint (*Doc. No. 31*) ................................................................. 2713

07/23/2016   Notice of Appeal (*Doc. No. 305*) ..................................................................... 2757

Docket Report for <u>Skidmore v. Zeppelin,</u> 14-cv-5760 (E.D. Pa.) ................... 2890

1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5
   Helene M. Freeman, Esq. _____
6  E-Mail: hfreeman@phillipsnizer.com
   PHILLIPS NIZER LLP
7  666 Fifth Avenue
   New York, New York 10103
8  Tel:  (212) 977-9700
   Fax:  (212) 262-5152
9
   Attorneys for Defendants
10 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES
11

12             UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 MICHAEL SKIDMORE, as Trustee for   )  Case No. 2:15-cv-03462 RGK (AGR)
   the Randy Craig Wolfe Trust,       )
16                                     )
              Plaintiff,               )
17                                     )  ANSWER OF DEFENDANTS
           vs.                         )  JAMES PATRICK PAGE,
18                                     )  ROBERT ANTHONY PLANT AND
   LED ZEPPELIN, JAMES PATRICK         )  JOHN PAUL JONES
19 PAGE, ROBERT ANTHONY PLANT,         )
   JOHN PAUL JONES, SUPER HYPE         )
20 PUBLISHING, INC., WARNER            )
   MUSIC GROUP CORP., parent of        )
21 WARNER/CHAPPELL MUSIC, INC.,        )
   ATLANTIC RECORDING                  )
22 CORPORATION, RHINO                  )
   ENTERTAINMENT COMPANY,              )
23                                     )
              Defendants.              )
24                                     )
                                       )
25

26

27

28

Defendants James Patrick Page, Robert Anthony Plant and John Paul Jones ("Defendants")[1] respond to plaintiff Michael Skidmore's First Amended Complaint as follows:

**"PREAMBLE"**

1.      Answering paragraph 1 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

2.      Answering paragraph 2 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

3.      Deny each and every allegation contained in paragraph 3 of the First Amended Complaint, except admit that Led Zeppelin performed at concerts in the United States in late December 1968 and that it performed at venues at which the band called "Spirit" may have also performed.

4.      Deny each and every allegation contained in paragraph 4 of the First Amended Complaint.

5.      Deny each and every allegation contained in paragraph 5 of the First Amended Complaint, except admit that a part of the song "Fresh Garbage" was interpolated in a medley performed by Led Zeppelin in concert and except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the Spirit album upon which Spirit's recorded performance was contained.

///

---

[1]      Plaintiff has named "Led Zeppelin" as a Defendant.  Led Zeppelin is not a legal entity capable of suit.  Messrs. Page, Plant and Jones performed with John Bonham, deceased, as the musical group professionally known as Led Zeppelin.

1

6.     Deny each and every allegation contained in paragraph 6 of the First Amended Complaint, except admit that the Led Zeppelin recordings containing the musical composition *Stairway to Heaven* were released to the public in 1971, and that *Stairway to Heaven* was written by Defendants Page and Plant prior to its release.

7.     Answering paragraph 7 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

8.     Answering paragraph 8 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

9.     Answering paragraph 9 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except respectfully refer the Court to the May 1993 issue of Guitar World for the full text thereof.

10.    Deny each and every allegation in paragraph 10 of the First Amended Complaint, except admit that on occasion Defendants have entered into agreements to correct an error in songwriter credits or to resolve disputed claims.

11.    Answering paragraph 11 of the First Amended Complaint, including the First Amended Complaint's footnote 1, Defendants admit that Led Zeppelin has been called one of the greatest bands in history and its members were and are exceptionally talented, but otherwise deny each and every allegation contained in paragraph 11 of the First Amended Complaint.

///

///

2

**"FACTS"**

**"Randy California is Discovered by Jimi Hendrix"**

12.     Answering paragraph 12 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

13.     Answering paragraph 13 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

14.     Answering paragraph 14 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

15.     Answering paragraph 15 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Formation of Spirit"**

16.     Answering paragraph 16 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

17.     Answering paragraph 17 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

3

18.     Answering paragraph 18 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

19.     Answering paragraph 19 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

### "Creation of the Song 'Taurus'"

20.     Answering paragraph 20 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

21.     Answering paragraph 21 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

### "Spirit and Randy Sign Songwriting & Recording Contracts"

22.     Answering paragraph 22 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

23.     Answering paragraph 23 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

24.     Answering paragraph 24 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

4

1  allegations contained therein and, on that basis, deny the allegations contained

2  therein.

3      25.    Answering paragraph 25 of the First Amended Complaint, Defendants

4  are without knowledge or information sufficient to form a belief as to the truth of the

5  allegations contained therein and, on that basis, deny the allegations contained

6  therein.

7      26.    Answering paragraph 26 of the First Amended Complaint, Defendants

8  are without knowledge or information sufficient to form a belief as to the truth of the

9  allegations contained therein and, on that basis, deny the allegations contained

10  therein.

11      27.    Answering paragraph 27 of the First Amended Complaint, Defendants

12  refer the Court to the terms of the statute for the full text thereof.

13      28.    Answering paragraph 28 of the First Amended Complaint, Defendants

14  are without knowledge or information sufficient to form a belief as to the truth of the

15  allegations contained therein and, on that basis, deny the allegations contained

16  therein, except refer the Court to the laws of the State of California for their terms,

17  meaning and effect.

18      29.    Answering paragraph 29 of the First Amended Complaint, Defendants

19  are without knowledge or information sufficient to form a belief as to the truth of the

20  allegations contained therein and, on that basis, deny the allegations contained

21  therein, except refer the Court to the laws of the State of California for their terms,

22  meaning and effect.

23      30.    Answering paragraph 30 of the First Amended Complaint, Defendants

24  are without knowledge or information sufficient to form a belief as to the truth of the

25  allegations contained therein and, on that basis, deny the allegations contained

26  therein, except refer the Court to the laws of the State of California for their terms,

27  meaning and effect.

28  ///

5

02686

31.     Answering paragraph 31 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except refer the Court to the United States Copyright Act for the full terms, meaning and effect of the statute.

32.     Answering paragraph 32 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

33.     Answering paragraph 33 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

34.     Answering paragraph 34 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Led Zeppelin was Opening Act for Spirit in 1968"**

35.     Defendants admit the allegations of paragraph 35 of the First Amended Complaint.

36.     Defendants deny each and every allegation contained in paragraph 36 of the First Amended Complaint, except admit that Led Zeppelin performed at a concert on December 26, 1968 and that Spirit performed on that date, and except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the songs performed by Spirit in concert and on that basis deny such allegations.

37.     Deny each and every allegation contained in paragraph 37 of the First Amended Complaint, except admit that Spirit performed at one concert at which Led

6

1   Zeppelin performed in 1969 and that both groups were among the approximately
2   twenty to thirty groups booked to appear at two three-day music festivals in 1969
3   and deny knowledge or information sufficient to form a belief as to the songs
4   performed by Spirit.

5        38.    Deny each and every allegation contained in paragraph 38 of the First
6   Amended Complaint.

7        39.    Defendants deny the allegations contained in paragraph 39 of the First
8   Amended Complaint, except Plant admits that on February 6, 1970 he saw part of a
9   Spirit show at a club and that he was injured in a car accident and was treated at the
10  hospital after he left the show.

11  **"Spirit Influenced Led Zeppelin and Jimmy Page"**

12       40.    Answering paragraph 40 of the First Amended Complaint, Defendants
13  are without knowledge or information sufficient to form a belief as to the truth of the
14  allegations contained therein and, on that basis, deny the allegations contained
15  therein, except admit that Page was interviewed by Pete Frame for Zigzag Magazine
16  in 1972, that Frame's article was republished in the May 2008 issue of the Record
17  Collector and that Page said he saw Spirit perform and thought Spirit was "very
18  good."

19       41.    Deny each and every allegation contained in paragraph 41 of the First
20  Amended Complaint.

21       42.    Deny each and every allegation contained in paragraph 42 of the First
22  Amended Complaint, except admit that on occasion in 1968 and 1969 Led Zeppelin
23  performed a medley in concert which included an interpolation of part of the song
24  "Fresh Garbage" in "As Long As I Have You."

25       43.    Answering paragraph 43 of the First Amended Complaint, Defendants
26  are without knowledge or information sufficient to form a belief as to the truth of the
27  allegations contained therein and, on that basis, deny the allegations contained
28  therein and respectfully refer the Court to the book for its contents.

7

**02688**

44.     Deny each and every allegation contained in paragraph 44 of the First Amended Complaint, except admit that on occasion in 1968 and 1969 Led Zeppelin performed a medley in concert which included an interpolation of part of the song "Fresh Garbage" in "As Long As I Have You."

45.     Defendants deny each and every allegation contained in paragraph 45 of the First Amended Complaint, except admit Page owned and used a Theremin.

46.     Answering paragraph 46 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein and respectfully refer the Court to the book for its contents.

47.     Deny each and every allegation contained in paragraph 47 of the First Amended Complaint, except admit that the album entitled "Led Zeppelin" was recorded in or about October 1968 and that Defendants had no knowledge of Spirit or Randy California at the time.

48.     Defendants deny each and every allegation contained in paragraph 48 of the First Amended Complaint, except admit that Led Zeppelin II was recorded in 1969.

49.     Defendants deny each and every allegation contained in paragraph 49 of the First Amended Complaint, except admit that Led Zeppelin II is a different album from the first "Led Zeppelin" album.

50.     Defendants deny each and every allegation contained in paragraph 50 of the First Amended Complaint.

**"Jimmy Page & Robert Plant write 'Stairway to Heaven'"**

51.     Defendants deny each and every allegation contained in paragraph 51 of the First Amended Complaint, except admit that the composition of the musical work entitled *Stairway to Heaven* principally took place in 1970 and that Plant and Page stayed at a cottage in Wales called Bron-Yr-Aur in 1970 following a tour of the United States and composed songs while there.

8

52.     Answering paragraph 52 of the First Amended Complaint, Defendants admit that Jimmy Page gave an interview to a reporter which was broadcast on National Public Radio on or about June 2, 2003 in which he discussed, among other things, the creation of *Stairway to Heaven* and that parts of what he said are contained in an edited manner in paragraph 52 and that other parts are omitted and respectfully refer the Court to the interview for the interview's full contents, but otherwise deny the remaining allegations.

53.     Answering paragraph 53 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations, except admit that Jones has said in substance the quotation attributed to him.

54.     Defendants admit the allegations of paragraph 54 of the First Amended Complaint.

55.     Defendants admit the allegations contained in paragraph 55 of the First Amended Complaint.

56.     Answering paragraph 56 of the First Amended Complaint, Defendants admit that *Stairway to Heaven* is a famous song, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

57.     Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint.

59.     Answering paragraph 59 of the First Amended Complaint, Defendants admit that copyright in the musical composition *Stairway to Heaven* was registered on or about January 20, 1972, as Registration No. Eu 301137, and renewed on or about January 5, 2000, receiving Registration No. RE 819-939, but otherwise deny the remaining allegations.

9

**"THE PARTIES"**

**"Michael Skidmore"**

60.    Answering paragraph 60 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

61.    Answering paragraph 61 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

62.    Answering paragraph 62 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

63.    Answering paragraph 63 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

64.    Answering paragraph 64 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

65.    Answering paragraph 65 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

66.    Answering paragraph 66 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

10

1  allegations contained therein and, on that basis, deny the allegations contained
2  therein.

3                          **"Led Zeppelin"**

4       67.    Answering paragraph 67 of the First Amended Complaint, Defendants
5  admit that the English rock band known as Led Zeppelin was formed in or about
6  1968 and its members were Jimmy Page, guitar, Robert Plant, lead singer, John Paul
7  Jones, bass and keyboards, and John Bonham, drums, and Defendants are otherwise
8  without knowledge or information sufficient to form a belief as to the truth of the
9  remaining allegations contained therein and, on that basis, deny the remaining
10  allegations contained therein.

11      68.    Answering paragraph 68 of the First Amended Complaint, Defendants
12  admit that the members of the rock band known as Led Zeppelin were referred to as
13  the New Yardbirds in early concert appearances in 1968, signed a recording contract
14  with Atlantic Recording Corporation in or about 1968, that the Led Zeppelin albums
15  released to the public include the albums titled or known as Led Zeppelin, Led
16  Zeppelin II, Led Zeppelin III, Led Zeppelin IV, Houses of the Holy and Physical
17  Graffiti, first released to the public in or about, respectively, 1969, 1969, 1970, 1971,
18  1973 and 1975, that these albums attained significant commercial success and that
19  the fourth album contained *Stairway to Heaven*, and Defendants otherwise deny
20  knowledge or information sufficient to form a belief as to the truth of the remaining
21  allegations contained therein and, on that basis, deny the remaining allegations
22  contained therein.

23      69.    Defendants deny each and every allegation contained in paragraph 69
24  of the First Amended Complaint, except admit that Defendant Page produced Led
25  Zeppelin studio recordings and principally wrote music and Defendant Plant
26  principally wrote lyrics.

27      70.    Answering paragraph 70 of the First Amended Complaint, Defendants
28  admit that 9 studio albums released by Led Zeppelin reached the Billboard Top 10 in

1   the United States, that six reached a number 1 ranking in the United States, that Led

2   Zeppelin was inducted into the Rock and Roll Hall of Fame in 1995 and that a

3   fragment from the Rock and Roll Hall of Fame biography is quoted in the paragraph,

4   and Defendants are without knowledge or information sufficient to form a belief as

5   to the truth of the remaining allegations contained therein and, on that basis, deny

6   the remaining allegations.

7        71.    Defendants deny each and every allegation contained in paragraph 71

8   of the First Amended Complaint.

9        72.    Defendants deny each and every allegation contained in paragraph 72

10  of the First Amended Complaint, except admit that Randy Wolfe has not been

11  credited or paid as a writer of the musical composition *Stairway to Heaven*.

12       73.    Defendants deny each and every allegation contained in paragraph 73

13  of the First Amended Complaint.

14       74.    Defendants deny each and every allegation contained in paragraph 74

15  of the First Amended Complaint, except admit that the musical composition

16  *Stairway to Heaven* has been exploited.

17       75.    Defendants deny each and every allegation contained in paragraph 75

18  of the First Amended Complaint, except admit that the sound recording of *Stairway*

19  *to Heaven* has been exploited.

20       76.    Defendants deny each and every allegation contained in paragraph 76

21  of the First Amended Complaint.

22                     **"James Patrick Page"**

23       77.    Defendants deny each and every allegation contained in paragraph 77

24  of the First Amended Complaint, except admit that Jimmy Page is, among other

25  things, a guitarist, and was a founding member of the rock band known as Led

26  Zeppelin.

27  ///

28  ///

1    78.    Answering paragraph 78 of the First Amended Complaint, Defendants
2    admit that Jimmy Page is credited as a writer of the musical composition *Stairway to*
3    *Heaven*.

4    79.    Defendants deny each and every allegation contained in paragraph 79
5    of the First Amended Complaint.

6    80.    Defendants deny each and every allegation contained in paragraph 80
7    of the First Amended Complaint, except admit that Randy Wolfe has never been
8    credited or paid as a writer of the musical composition *Stairway to Heaven*.

9    81.    Defendants deny each and every allegation contained in paragraph 81
10   of the First Amended Complaint.

11   82.    Defendants deny each and every allegation contained in paragraph 82
12   of the First Amended Complaint, except admit that the musical composition
13   *Stairway to Heaven* has been exploited and Page has benefitted therefrom.

14   83.    Defendants deny each and every allegation contained in paragraph 83
15   of the First Amended Complaint, except admit that the sound recording of *Stairway*
16   *to Heaven* has been exploited.

17   84.    Defendants deny each and every allegation contained in paragraph 84
18   of the First Amended Complaint, except admit that Page is a resident of London,
19   England.

20   85.    Defendants deny each and every allegation contained in paragraph 85
21   of the First Amended Complaint.

22                              **"Robert Anthony Plant"**

23   86.    Defendants deny each and every allegation contained in paragraph 86
24   of the First Amended Complaint, except admit that Robert Plant is, among other
25   things, a singer, and was a member of the rock band known as Led Zeppelin.

26   87.    Answering paragraph 87 of the First Amended Complaint, Defendants
27   admit that Robert Plant is credited as a writer of the musical composition *Stairway to*
28   *Heaven*, but otherwise deny the remaining allegations.

                                         13

1      88.    Defendants deny each and every allegation contained in paragraph 88
2  of the First Amended Complaint.

3      89.    Defendants deny each and every allegation contained in paragraph 89
4  of the First Amended Complaint, except admit that Randy Wolfe has never been
5  credited or paid as a writer of *Stairway to Heaven*.

6      90.    Defendants deny each and every allegation contained in paragraph 90
7  of the First Amended Complaint.

8      91.    Defendants deny each and every allegation contained in paragraph 91
9  of the First Amended Complaint, except admit that the musical composition
10 *Stairway to Heaven* has been exploited and that Plant has benefitted therefrom.

11     92.    Defendants deny each and every allegation contained in paragraph 92
12 of the First Amended Complaint, except admit that the sound recording of *Stairway*
13 *to Heaven* has been exploited.

14     93.    Defendants deny each and every allegation contained in paragraph 93
15 of the First Amended Complaint, except admit that Plant resides in England.

16     94.    Defendants deny each and every allegation contained in paragraph 94
17 of the First Amended Complaint.

18                               **"John Paul Jones"**

19     95.    Defendants deny each and every allegation contained in paragraph 95
20 of the First Amended Complaint, except admit that John Paul Jones, among other
21 things, was a member of and bass player in the rock band known as Led Zeppelin.

22     96.    Defendants deny each and every allegation contained in paragraph 96
23 of the First Amended Complaint.

24     97.    Defendants deny each and every allegation contained in paragraph 97
25 of the First Amended Complaint.

26     98.    Defendants deny each and every allegation contained in paragraph 98
27 of the First Amended Complaint.

28 ///

99.   Defendants deny each and every allegation contained in paragraph 99 of the First Amended Complaint.

100.   Defendants deny each and every allegation contained in paragraph 100 of the First Amended Complaint, except admit that the sound recording of *Stairway to Heaven* has been exploited.

101.   Defendants deny each and every allegation contained in paragraph 101 of the First Amended Complaint, except admit that Jones resides in England.

102.   Defendants deny each and every allegation contained in paragraph 102 of the First Amended Complaint.

**"Super Hype Publishing, Inc."**

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the First Amended Complaint and, on that basis, deny the remaining allegations contained therein.

104.   Defendants deny each and every allegation contained in paragraph 104 of the First Amended Complaint.

105.   Defendants deny each and every allegation contained in paragraph 105 of the First Amended Complaint.

106.   Defendants deny each and every allegation contained in paragraph 106 of the First Amended Complaint.

107.   Answering paragraph 107 of the First Amended Complaint, Defendants deny that Super Hype Publishing, Inc., currently, or at any time within the applicable statute of limitations, exploited the musical composition *Stairway to Heaven*.

108.   Defendants deny each and every allegation contained in paragraph 108 of the First Amended Complaint.

109.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the First Amended Complaint, and on that basis, deny the allegations.

15

110.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the truth of the allegations contained in paragraph 110 of the First Amended Complaint, and on that basis, deny the allegations.

111.   Defendants deny each and every allegation contained in paragraph 111 of the First Amended Complaint.

**"Warner Music Group Corp."**

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the First Amended Complaint and, on that basis, deny the allegations.

113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the First Amended Complaint and, on that basis, deny the allegations.

114.   Defendants deny each and every allegation contained in paragraph 114 of the First Amended Complaint.

115.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 115 of the First Amended Complaint.

116.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the First Amended Complaint, and on that basis, deny the allegations.

117.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the First Amended Complaint and, on that basis, deny the allegations.

118.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the First Amended Complaint and, on that basis, deny the allegations.

///

///

16

119. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the First Amended Complaint and, on that basis, deny the allegations.

120. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the First Amended Complaint and, on that basis, deny the allegations.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the First Amended Complaint and, on that basis, deny the allegations.

### "Warner/Chappell Music, Inc."

122. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the First Amended Complaint therein and, on that basis, deny the remaining allegations.

123. Answering paragraph 123 of the First Amended Complaint, Defendants admit that music publishing includes, but is not limited to, the acquisition of rights to, and licensing of, musical compositions (as opposed to sound recordings) from songwriters, composers or other rights holders.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the First Amended Complaint and, on that basis, deny the allegations.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the First Amended Complaint and, on that basis, deny the allegations.

126. Defendants deny each and every allegation contained in paragraph 126 of the First Amended Complaint.

127. Answering paragraph 127 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., administers publishing for the musical composition *Stairway to Heaven*, and Defendants are without knowledge or

17

1   information sufficient to form a belief as to the truth of the remaining allegations
2   contained therein and, on that basis, deny the remaining allegations.

3       128.   Defendants deny each and every allegation contained in paragraph 128
4   of the First Amended Complaint.

5       129.   Answering paragraph 129 of the First Amended Complaint, Defendants
6   are without knowledge or information sufficient to form a belief as to the truth of the
7   allegations contained and, on that basis, deny the allegations contained therein.

8       130.   Defendants are without knowledge or information sufficient to form a
9   belief as to the truth of the allegations contained in paragraph 130 of the First
10  Amended Complaint and, on that basis, deny the remaining allegations.

11      131.   Defendants are without knowledge or information sufficient to form a
12  belief as to the truth of the allegations contained in paragraph 131 of the First
13  Amended Complaint and, on that basis, deny the remaining allegations.

14      132.   Defendants are without knowledge or information sufficient to form a
15  belief as to the truth of the allegations contained in paragraph 132 of the First
16  Amended Complaint and, on that basis, deny the remaining allegations.

17      133.   Defendants are without knowledge or information sufficient to form a
18  belief as to the truth of the allegations contained in paragraph 133 of the First
19  Amended Complaint and, on that basis, deny the remaining allegations.

20  **"Atlantic Recording Corporation"**

21      134.   Answering paragraph 134 of the First Amended Complaint, Defendants
22  admit that Atlantic Recording Corporation is a record company engaged in the
23  business of creating and manufacturing sound recordings containing the recorded
24  performance of musical works, and Defendants are without knowledge or
25  information sufficient to form a belief as to the truth of the remaining allegations
26  contained therein and, on that basis, deny the remaining allegations.

27      135.   Answering paragraph 135 of the First Amended Complaint, Defendants
28  admit that pursuant to an agreement entered in or about 1968, Plant, Page, Jones and

18

John Bonham (deceased) as the rock band known as Led Zeppelin delivered to Atlantic Recording Corporation sound recordings of their recorded performances and that Atlantic Recording Corporation caused Led Zeppelin albums including those sound recordings to be publicly released and otherwise deny the allegations contained in paragraph 135.

136.   Answering paragraph 136 of the First Amended Complaint, Defendants admit that in 1971, Atlantic Recording Corporation caused the fourth Led Zeppelin album, sometimes referred to as Led Zeppelin IV, to be publicly released in the United States, that the album included the recorded performance of the musical composition *Stairway to Heaven*, Defendants deny that the *Stairway to Heaven* musical composition and sound recording, or either of them, infringe a copyright in the musical composition *Taurus*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

137.   Defendants admit the allegations contained in paragraph 137 of the First Amended Complaint.

138.   Answering paragraph 138 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation owns the master recording of Stairway to Heaven embodied on the fourth Led Zeppelin album, released in 1971, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

139.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the First Amended Complaint and, on that basis they are denied.

140.   Answering paragraph 140 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is a prominent record company whose recording artists have included Led Zeppelin, and Defendants are without

19

1  knowledge or information sufficient to form a belief as to the truth of the remaining
2  allegations contained therein and, on that basis, deny the allegations.

3      141.   Defendants are without knowledge or information sufficient to form a
4  belief as to the truth of the allegations contained in paragraph 141 of the First
5  Amended Complaint and, on that basis, deny the allegations.

6      142.   Defendants deny each and every allegation contained in paragraph 142
7  of the First Amended Complaint.

8      143.   Answering paragraph 143 of the First Amended Complaint, Defendants
9  admit that the performance of the musical composition *Stairway to Heaven* is
10 embodied in recordings that Atlantic Recording Corporation has caused to be made
11 and distributed to the public, and Defendants are without knowledge or information
12 sufficient to form a belief as to the truth of the remaining allegations contained
13 therein and, on that basis, deny the remaining allegations.

14     144.   Defendants admit the allegations contained in paragraph 144 of the
15 First Amended Complaint.

16     145.   Defendants are without knowledge or information sufficient to form a
17 belief as to the truth of the allegations contained in paragraph 145 of the First
18 Amended Complaint and, on that basis, deny the allegations.

19     146.   Defendants are without knowledge or information sufficient to form a
20 belief as to the truth of the allegations contained in paragraph 146 of the First
21 Amended Complaint and, on that basis, deny the remaining allegations.

22     147.   Defendants are without knowledge or information sufficient to form a
23 belief as to the truth of the allegations contained in paragraph 147 of the First
24 Amended Complaint and, on that basis, deny the remaining allegations.

25     148.   Defendants are without knowledge or information sufficient to form a
26 belief as to the truth of the allegations contained in paragraph 1486 of the First
27 Amended Complaint and, on that basis, deny the remaining allegations.

28 ///

20

**"Rhino Entertainment Company"**

149.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 149 of the First Amended Complaint.

150.   Defendants deny the allegations contained in paragraph 150 of the First Amended Complaint.

151.   Answering paragraph 151 of the First Amended Complaint, Defendants admit that the recorded performance of the musical composition *Stairway to Heaven* is included in recordings that Rhino Entertainment Company has caused to be made and distributed to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

152.   Defendants admit the allegations contained in paragraph 152 of the First Amended Complaint.

153.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the First Amended Complaint and, on that basis, deny the allegations.

154.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the First Amended Complaint and, on that basis, deny the allegations.

155.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the First Amended Complaint and, on that basis, deny the allegations.

156.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the First Amended Complaint and, on that basis, deny the allegations.

157.   Defendants deny the allegations contained in paragraph 157 of the First Amended Complaint.

1   158.   Answering paragraph 158 of the First Amended Complaint, Defendants

2   admit that plaintiff purports to state the meaning of his references to Defendants or

3   acts by Defendants, but Defendants' responses in this Answer are for themselves

4   alone and are presented for them each as individuals, and Defendants are without

5   knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations contained therein and, on that basis, deny the remaining allegations.

7   **"JURISDICTION AND VENUE"**

8   159.   Answering paragraph 159 of the First Amended Complaint, Defendants

9   incorporate by reference their responses to paragraphs 1 through 158 as if separately

10   set forth herein in full.

11   160.   Defendants deny each and every the allegations contained in paragraph

12   160 of the First Amended Complaint.

13   161.   Answering paragraph 161 of the First Amended Complaint, Defendants

14   admit that plaintiff invoke subject matter jurisdiction under 28 U.S.C. Sections 1331

15   and 1338 by virtue of plaintiff's assertion of claims under the Copyright Act of

16   1976, 17 U.S.C. Sections 101 *et seq.*

17   162.   Defendants deny each and every allegation contained in paragraph 162

18   of the First Amended Complaint.

19   **"This Court Has Specific Jurisdiction Because Defendants Have Targeted**

20   **This District for Sales of the Infringing Song 'Stairway to Heaven'"**

21   163.   Defendants deny each and every allegation contained in paragraph 163

22   of the First Amended Complaint.

23   164.   Defendants deny each and every allegation contained in paragraph 164

24   of the First Amended Complaint.

25   ///

26   ///

27   ///

28   ///

22

1  **"This Court Has General Jurisdiction Because Defendants Exploit this**
2  **District and its Residents to Sell, Promote, Advertise, Perform, and**
3  **Merchandise their Music, Making Millions of Dollars in the Process"**

4  165.   Defendants deny each and every allegation contained in paragraph 165
5  of the First Amended Complaint.

6  166.   Defendants deny each and every allegation contained in paragraph 166
7  of the First Amended Complaint.

8  167.   Defendants are without knowledge or information sufficient to form a
9  belief as to the truth of the allegations contained in paragraph 167 of the First
10 Amended Complaint and, on that basis, deny the allegations, except admit that prior
11 to 1986 Led Zeppelin performed in concert in Pennsylvania on occasion.

12 168.   Defendants deny each and every allegation contained in paragraph 168
13 of the First Amended Complaint.

14 **"Venue Is Appropriate in the Eastern District of Pennsylvania"**

15 169.   Defendants deny each and every allegation contained in paragraph 169
16 of the First Amended Complaint.

17 170.   Defendants are without knowledge or information sufficient to form a
18 belief as to the truth of the allegations contained in paragraph 170 of the First
19 Amended Complaint and, on that basis, deny the allegations.

20 171.   Defendants deny each and every allegation contained in paragraph 171
21 of the First Amended Complaint.

22 **"CAUSES OF ACTION"**

23 **"Count I – Direct Copyright Infringement"**

24 172.   Answering paragraph 172 of the First Amended Complaint, Defendants
25 incorporate by reference their responses to paragraphs 1 through 171 as if separately
26 set forth herein in full.

27 173.   Answering paragraph 173 of the First Amended Complaint, the
28 allegations contained therein are legal conclusions to which no response is required,

23

1    and, in any event, the legal conclusions are not a full statement of the applicable law,

2    and, accordingly, Defendants deny the allegations contained therein.

3        174.   Answering paragraph 174 of the First Amended Complaint, Defendants

4    are without knowledge or information sufficient to form a belief as to the truth of the

5    allegations contained therein and, on that basis, deny the allegations except admit

6    that Defendants Jimmy Page, Robert Plant, John Paul Jones first performed in the

7    United States with John Bonham, deceased, as Led Zeppelin in 1968 and that at a

8    concert in late December 1968 Spirit also performed in concert.

9        175.   Defendants deny each and every allegation contained in paragraph 175

10   of the First Amended Complaint, except admit that in or about December 1968, Led

11   Zeppelin performed part of the composition Fresh Garbage interpolated in a medley.

12       176.   Defendants deny each and every allegation contained in paragraph 176

13   of the First Amended Complaint.

14       177.   Defendants deny each and every allegation contained in paragraph 177

15   of the First Amended Complaint, except admit that Page used a Theremin on certain

16   Led Zeppelin records.

17       178.   Defendants deny each and every allegation contained in paragraph 178

18   of the First Amended Complaint.

19       179.   Defendants deny each and every allegation contained in paragraph 179

20   of the First Amended Complaint.

21       180.   Defendants deny each and every allegation contained in paragraph 180

22   of the First Amended Complaint.

23       181.   Defendants deny each and every allegation contained in paragraph 181

24   of the First Amended Complaint.

25       182.   Answering paragraph 182 of the First Amended Complaint, Defendants

26   deny that *Stairway to Heaven* exploits Taurus and deny that permission of plaintiff is

27   required in order to exploit *Stairway to Heaven*.

28   ///

24

1    183.   Defendants deny each and every allegation contained in paragraph 183
2    of the First Amended Complaint.

3    184.   Defendants deny each and every allegation contained in paragraph 184
4    of the First Amended Complaint.

5    185.   Answering paragraph 185 of the First Amended Complaint, Defendants
6    admit that Jimmy Page gave an interview to a reporter which was broadcast on
7    National Public Radio on or about June 2, 2003 in which he discussed, among other
8    things, the creation of *Stairway to Heaven* and that parts of what he said are
9    contained in an edited manner in paragraph 185 and that other parts are omitted, and
10   respectfully refer the Court to the interview for the interview's full contents, but
11   otherwise deny the remaining allegations.

12   186.   Defendants deny each and every allegation contained in paragraph 186
13   of the First Amended Complaint.

14                    **"Count II – Contributory Copyright Infringement"**

15   187.   Answering paragraph 187 of the First Amended Complaint, Defendants
16   incorporate by reference their responses to paragraphs 1 through 186 as if separately
17   set forth herein in full.

18   188.   Answering paragraph 188 of the First Amended Complaint, the
19   allegations contained therein are legal conclusions to which no response is required,
20   and, in any event, the legal conclusions are not a full statement of the applicable law,
21   and, accordingly, Defendants deny the allegations contained therein.

22   189.   Defendants deny each and every allegation contained in paragraph 189
23   of the First Amended Complaint.

24   190.   Defendants deny each and every allegation contained in paragraph 190
25   of the First Amended Complaint.

26   ///

27   ///

28   ///

25

**02706**

**"Count III – Vicarious Copyright Infringement"**

191.   Answering paragraph 191 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 190 as if separately set forth herein in full.

192.   Answering paragraph 192 of the First Amended Complaint, the allegations contained therein are legal conclusions to which no response is required, and, in any event, the legal conclusions are not a full statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

193.   Defendants deny each and every allegation contained in paragraph 193 of the First Amended Complaint, except Page and Plant admit that they benefit financially from the exploitation of the musical composition *Stairway to Heaven*.

194.   Defendants deny each and every allegation contained in paragraph 194 of the First Amended Complaint, except admit that Page and Plant have control over the licensing of the musical composition *Stairway to Heaven* for use in synchronization with visual images.

195.   Defendants deny each and every allegation contained in paragraph 195 of the First Amended Complaint.

**"Count IV – Right of Attribution – Equitable Relief**

**Falsification of Rock N' Roll History"**

196.   Answering paragraph 196 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 195 as if separately set forth herein in full.

197.   Defendants deny each and every allegation contained in paragraph 197 of the First Amended Complaint.

198.   Defendants deny each and every allegation contained in paragraph 198 of the First Amended Complaint, except admit that Randy California is not credited as an author of the composition *Stairway to Heaven*.

///

26

1    199.   Answering paragraph 199 of the First Amended Complaint, Defendants
2    deny that *Stairway to Heaven* exploits Taurus, deny that Randy Wolfe was entitled
3    to credit as a writer of *Stairway to Heaven* and admit that he has not been credited as
4    a writer of the song for 42 years although it has been continuously exploited during
5    the past 42 years, but otherwise deny any other allegation contained in paragraph
6    199.

7    200.   Defendants deny each and every allegation contained in paragraph 200
8    of the First Amended Complaint.

9    201.   Answering paragraph 201 of the First Amended Complaint, Defendants
10   admit the allegations contained therein, including reiterating that Randy Wolfe had
11   no role in creating *Stairway to Heaven*.

12   202.   Defendants deny each and every allegation contained in paragraph 202
13   of the First Amended Complaint.

14                      **FIRST AFFIRMATIVE DEFENSE**[2]

15                         **(Failure to State a Claim)**

16   203.   Plaintiff's First Amended Complaint fails to state a claim against
17   Defendants upon which relief can be granted.

18                      **SECOND AFFIRMATIVE DEFENSE**

19                          **(Independent Creation)**

20   204.   The musical composition and sound recordings of which Plaintiff
21   complains were created independently by Defendants and without knowledge of
22   plaintiff's claimed work.

23   ///
24   ///
25   ///

26   _____

27   [2]    To the extent that the burden of proof of any matter raised or mentioned in the
28   following defenses lies with plaintiffs, or any of them, Defendants raise the defense
     out of an abundance of caution and do not thereby assume that burden of proof.

27

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Copyrightable Subject Matter)**

205.   Plaintiff's claimed work, or the portions thereof allegedly copied, or both, are not copyrightable subject matter.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Copyright Act Formalities)**

206.   Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1909, 17 U.S.C. §§ 1 *et seq.*, and/or the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 10, 11, 13, 401 and 408, and each of them.

**FIFTH AFFIRMATIVE DEFENSE**

**(Alleged Infringement De Minimis)**

207.   Without admitting the use of any copyrighted material allegedly owned by the trust on whose behalf Plaintiff purports to sue, the alleged use is de minimis.

**SIXTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

208.   Without admitting the alleged use of copyrighted material allegedly owned by the trust on whose behalf Plaintiff purports to sue, the conduct of which plaintiff complains constitutes fair use.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

209.   Without in any way admitting any of the allegations contained in the First Amended Complaint, any alleged use of the musical composition *Taurus* did not proximately cause any of the alleged damages and/or did not proximately result in any profits to Defendants.

///

///

///

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

210.   Plaintiff's claims and/or the remedies Plaintiff seek are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

211.   Plaintiff's claims, and each of them, are barred by the applicable statutes of limitation, including but not limited to 17 U.S.C. Section 507(b).

## TENTH AFFIRMATIVE DEFENSE

### (Abandonment)

212.   Plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus*, abandoned any copyright in the allegedly-infringed work.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

213.   Plaintiff's claims and/or the remedies plaintiff seeks are barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (License)

214.   Without admitting the use of any copyrighted material allegedly owned by plaintiff, the conduct of which he complains was impliedly and/or expressly licensed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

215.   Plaintiff's claims are barred by the doctrine of estoppel.

///

///

///

29

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Ratification)

216.   Without admitting any infringement, plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus* ratified the conduct of which plaintiff complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

217.   Plaintiff does not have standing to assert the claims he asserts.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

218.   Plaintiff'' claims and/or the relief plaintiff seeks, or both, are barred by the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Preemption)

219.   Plaintiff's purported fourth claim for relief is preempted by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. § 301(a).

Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

### PRAYER

**WHEREFORE,** Defendants James Patrick Page, Robert Anthony Plant and John Paul Jones pray for Judgment as follows:

1.   That plaintiff take nothing by way of his First Amended Complaint and that the First Amended Complaint be dismissed;

2.   That Defendants be awarded their costs and attorneys' fees; and

30

1         3.     For such other and further relief as the Court deems just and proper.

2

3 Dated: May 20, 2015

                               /s/ Helene M. Freeman

4                                Helene M. Freeman, Esq.
                               PHILLIPS NIZER LLP

5                                666 Fifth Avenue
                           New York, New York  10103

6                             Attorney for Defendants
                         JAMES PATRICK PAGE,

7                      ROBERT ANTHONY PLANT and
                        JOHN PAUL JONES

8                          Peter J. Anderson, Esq.

9          LAW OFFICES OF PETER J. ANDERSON
                  A Professional Corporation

10                   Attorney for Defendants
           JAMES PATRICK PAGE, ROBERT

11      ANTHONY PLANT, JOHN PAUL JONES,
       WARNER/CHAPPELL MUSIC, INC.,

12         SUPER HYPE PUBLISHING, INC.,
     ATLANTIC RECORDING CORP., RHINO

13       ENTERTAINMENT COMPANY and
        WARNER MUSIC GROUP INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the: <br> **RANDY CRAIG WOLFE TRUST** <br> *Plaintiff* <br><br> v. <br><br> **LED ZEPPELIN** <br> JAMES PATRICK PAGE <br> ROBERT ANTHONY PLANT <br> JOHN PAUL JONES <br> SUPER HYPE PUBLISHING, INC. <br> WARNER MUSIC GROUP CORP. <br> *Parent of:* <br> WARNER/CHAPPELL MUSIC, INC. <br> ATLANTIC RECORDING CORPORATION <br> RHINO ENTERTAINMENT COMPANY <br> *Defendants* | **No.:** 2:14-cv-03089 <br><br> **CASE FILED:** <br> MAY 31, 2014 <br><br><br> **CAUSES OF ACTION:** <br> COPYRIGHT INFRINGEMENT <br><br> RIGHT OF ATTRIBUTION – <br> FALSIFICATION OF <br> ROCK N' ROLL HISTORY <br><br><br> *JURY TRIAL DEMANDED* |

PLAINTIFF'S AMENDED COMPLAINT
COPYRIGHT INFRINGEMENT AND RELATED CLAIMS REGARDING

# STAIRWAY TO HEAVEN

FRANCIS ALEXANDER, LLC
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:   (215) 500-1000
F:   (215) 500-1005
E:   francis@francisalexander.com
*Law Firm / Lawyer for Plaintiff*

02713

# PREAMBLE

1.      In the summer of 1967, Randy Craig Wolfe (aka Randy California), discovered by Jimi Hendrix, was a founding member of the eclectic rock band Spirit who pioneered the psychedelic rock sound. The band fused rock and jazz and enhanced the audio palette by incorporating mind-bending and mood-altering effects such as the Etherwave-Theremin, delay, and distortion into their recorded songs and live performances.

2.      In January 1968 Spirit released a self-titled album named *Spirit*—a top 40 Billboard charting album. On that album was a unique 2 minute and 37 second instrumental titled "Taurus" which has a distinct-plucked guitar line and melody. Little did anyone know at the time, 17-year old Randy had created what would become some of the most famous guitar work in the history of music.

3.      Late in 1968, a then new band named Led Zeppelin began touring in the United States, opening for Spirit. It was during this time that Jimmy Page, Led Zeppelin's guitarist, grew familiar with "Taurus" and the rest of Spirit's catalog. Page stated in interviews that he found Spirit to be "very good" and that the band's performances struck him "on an emotional level."

4.      Jimmy Page's use of the Etherwave-Theremin, and other psychedelic-type audio effects which helped give Led Zeppelin its distinctive sound—especially prominent in "Whole Lotta Love"—was inspired by seeing California effectively use these types of audio-enhancing effects on tour.

5.      Within days after opening for Spirit, Led Zeppelin quickly began to cover Spirit's songs—incorporated the song "Fresh Garbage" from Spirit's self-titled album into their live sets. "Fresh Garbage" was on the same album side as "Taurus."

6.      A year after touring with Spirit, Page *allegedly* wrote the most famous rock song of all time—"Stairway to Heaven"—by fireside in a remote cottage in Wales called Bron-Yr-Aur; it was released in 1971. It is no coincidence that the iconic notes to "Stairway

to Heaven," that have enthralled generations of fans, sound almost exactly the same as California's ethereal yet classical guitar composition in "Taurus."

7.     In 1996 Randy had a chance to have his say about the similarities between "Taurus" and "Stairway to Heaven" in his song-by-song liner notes for the 1996 reissue of *Spirit,* when he wrote:

> "People always ask me why 'Stairway to Heaven' sounds exactly like 'Taurus,' which was released two years earlier. I know Led Zeppelin also played 'Fresh-Garbage' in their live set. They opened up for us on their first American tour."

8.     However, in 1996 (printed in 1997), shortly before Randy's death, when asked directly about why "Taurus" and "Stairway to Heaven" sounded similar, he said:

> "Well, if you listen to the two songs, you can make your own judgment. **It's an exact… I'd say it was a rip-off. And the guys made millions of bucks on it and never said, 'Thank you,'** never said, 'Can we pay you some money for it?' It's kind of a sore point with me.   **Maybe some day their conscience will make them do something about it.** I don't know.   There are funny business dealings between record companies, managers, publishers, and artists.   But when artists do it to other artists, there's no excuse for that. I'm mad!"

See Jeff McLaughlin, "Spirit's Still Willing: A Conversation with Randy California," Listener Magazine, Winter 1997, p. 51.

9.     When Jimmy Page was interviewed and asked "When you were borrowing from classic blues songs on the first two albums, did you ever think it would catch up to you?" Page answered this question as follows:

> "**You mean getting sued?** Well, as far as my end of it goes, I always tried to bring something fresh to anything that I used. I always made sure to come up with some variation. In fact, **I think in most cases, you would never know what the original source could be.** Maybe not in every case– but in most cases. So most of the comparisons rest on the lyrics. And Robert was supposed to change the lyrics, and he didn't always do that– which is what brought on most of the grief. They couldn't get us on the guitar parts of the music, but they nailed us on the lyrics.
>
> We did, however, take some liberties, I must say [laughs]. But never mind; we did try to do the right thing, it blew up in our faces…"

See Brad Tolinski with Greg DiBenedetto, "Page Delves into Led Zeppelin's Rich Past," Guitar World (May 1993).

10. This is hardly the first time Zeppelin has been accused of lifting their most famous songs; in fact, Zeppelin has a deep-rooted history of lifting composition from blues artists and other songwriters who they have repeatedly failed to credit. Here's a partial list:

| LED ZEPPELIN | | INFRINGED SONG | | |
|---|---|---|---|---|
| SONG | ALBUM | Song | Author | Result |
| Dazed and Confused (1969) | Led Zeppelin I | Dazed and Confused (1967) | Jake Holmes | Settlement (2012): Terms undisclosed |
| Babe I'm Gonna Leave You (1969) | Led Zeppelin I | Babe, I'm Gonna Leave You (1960) | Anne Bredon | Settlement (1980s): Credit given to Bredon and royalties |
| How Many More Times (1969) | Led Zeppelin I | How Many More Times (1959) | Howlin' Wolf | Settlement (1993): Credit given to Wolf and royalties |
| Black Mountain Side (1969) | Led Zeppelin I | Blackwaterside (1966) | Bert Jansch | Legal action considered: Never taken because of costs |
| Your Time is Gonna Come (1969) | Led Zeppelin I | Dear Mr. Fantasy (1967) | Traffic | No action taken |
| Communication Breakdown (1969) | Led Zeppelin I | Nervous Breakdown (1962) | Eddie Cochran | No action taken |
| Whole Lotta Love (1969) | Led Zeppelin II | You Need Love (1962) | Willie Dixon | Settlement (1985): Credit given to Dixon and royalties |
| The Lemon Song (1969) | Led Zeppelin II | Killing Floor (1966) | Howlin' Wolf | Settlement (1993): Credit given to Wolf and royalties |
| Bring it On Home (1969) | Led Zeppelin II | Bring It On Home (1963) | Willie Dixon | Settlement (1972): Credit given to Dixon and royalties |
| Moby Dick (1969) | Led Zeppelin II | Watch Your Step (1961) | Bobby Parker | No action taken |
| Since I've Been Loving You (1970) | Led Zeppelin III | Never (1968) | Moby Grape | No action taken |
| Hats Off (1970) | Led Zeppelin III | Shake 'Em On Down (1937) | Bukka White | No action taken |
| Stairway to Heaven (1971) | Led Zeppelin IV | Taurus (1968) | Randy California | Pending |
| In My Time of Dying (1975) | Physical Graffiti | Traditional Gospel Song | | No action taken: Led Zeppelin improperly claims writing credit |
| Custard Pie (1975) | Physical Graffiti | Drop Down Mama (1935) | Sleepy John Estes | No action taken |
| Boogie with Stu (1975) | Physical Graffiti | Oooh My Head (1959) | Ritchie Valens | Legal action taken: Valens' mother is credited as a writer |
| Nobody's Fault But Mine (1976) | Presence | Nobody's Fault But Mine (1927) | Blind Willie Johnson | No action taken |

11. Led Zeppelin is undeniably one of the greatest bands in history, and their musical talent is boundless. However, what happened to Randy California and Spirit is wrong. Led Zeppelin needs to do the right thing and give credit where credit is due.[1] Randy California deserves writing credit for "Stairway to Heaven" and to take his place as an author of Rock's greatest song.

---

[1] Funds obtained from a favorable resolution of this lawsuit will go to the Randy Craig Wolfe Trust, which is run by Trustee Michael Skidmore, who has selflessly dedicated years to preserving and promoting Randy's spirit, including releasing 12 previously unreleased albums featuring Randy California. Mick and the Trust preserve Randy's memory by supporting the musical aspirations of children in public schools and by developing Randy California's music portfolio, the proceeds of which are provided to buy children in need musical instruments.

# FACTS

## Randy California is Discovered by Jimi Hendrix

12.     Randy California was a guitar virtuoso who began playing the guitar at an early age. None other than the great Jimi Hendrix recognized his talent when Randy was just 15 years old in 1966 playing in a music shop in NYC.

13.     Hendrix recruited Randy to play in his band Jimmy James and the Blue Flames. They played together in Greenwich Village and Randy was invited by Hendrix to join the newly formed Jimi Hendrix Experience in London. Randy did not go with Hendrix because his family was concerned that Randy was just a teenager and needed to finish his schooling.

14.     It was Jimi Hendrix who nicknamed Randy Wolfe "Randy California," a pseudonym Randy used for the rest of his life.

15.     Not only did Jimi Hendrix recognize the talents of Randy, but so did Jimmy Page, having been influenced by Randy's use of the Theremin, delay, and distortion—as well as other mind-bending and mood-altering psychedelic effects that are now common in rock and pop music.

## Formation of Spirit

16.     In 1967, guitarist Randy Craig Wolfe (aka Randy California), started a band named Spirit with four other musicians: Mark Andes (bass), John "Jay" Ferguson (vocals), John Locke (keyboard), and Ed Cassidy (drums). Randy was just 16-years old at the time.

17.     Spirit was an eclectic band with an amazing group of musicians that developed the psychedelic rock sound. Spirit was one of the first bands that fused rock and jazz by enhancing the audio palette by incorporating mind-mending and mood-altering effects such as the theremin, delay, and distortion into their songs and live sets.

18.     Spirit released its self-titled debut album *Spirit* in January 1968, which broke Billboard's Top 40.

19.     After the release of the album *Spirit*, Spirit went on to release more than twenty albums—albeit in different configurations of the band—including the critically acclaimed *The Family that Plays Together*, *Clear*, and *Twelve Dreams of Dr. Sardonicus* (which went Gold).

## Creation of the Song "Taurus"

20.     On Spirit's self-titled album was a unique 2 minute and 37 second instrumental titled "Taurus" which was written by Randy California in the summer of 1967. The song has an ethereal, distinct plucked-guitar line and melody. Randy wrote the song as a tribute to his bandmates who he loved and cared for deeply—some of them sharing the astrological Taurus sign.

21.     Spirit played "Taurus" at almost all of their concerts in the late 1960s and at many of their concerts in the early 1970s, where the song played a key role in the band's set list. The song often followed an up-beat and heavier tune, and this allowed the fans an emotional and expressive break in the set.

## Spirit and Randy Sign Songwriting & Recording Contracts

22.     On August 29, 1967, Randy (16 years old) signed an Exclusive Songwriter's and Composer's Agreement with Hollenbeck Music.

23.     The song "Taurus" was written by Randy before the August 29, 1967 Songwriter's Agreement and is not and cannot be considered a work for hire.

24.     On August 29, 1967, Randy signed an artist recording contract with Ode Records, Inc., along with Mark Andes (19 years old), Jay Ferguson (20 years old), John Locke (24 years old), and Ed Cassidy (44 year old).

25.     By the express terms of the Songwriter's Agreement and Recording Contract the contracts were not valid unless approved by the court.

26.     No court ever approved these contracts and are therefore void.

27.     Furthermore, the age of majority in California in 1967 was 21 (Stats. 1973, ch. 278, § 1, p. 674 [former Civil Code section 25.1]).

28.     Randy, Mark, and Jay were minors at the time these contracts were signed and they are void.

29.     Randy, Mark, and Jay did not have the legal capacity to enter into these contracts and are therefore void.

30.     In addition, all assignments and subsequent assignments of the rights in these contracts are void as they were not approved by a court.

31.     Moreover, both the Songwriter's Agreement and Recording Contract have been superseded in many ways by the provisions of the Copyright Act of 1976.

32.     To the extent Hollenbeck Music claims to retain any interest in "Taurus," it has abandoned, forfeited, and waived these rights by failing to protect or enforce the "Taurus" copyright.

33.     The publisher who allegedly contracted with Randy, Hollenbeck Music, has no rights or interests in "Taurus" because the contracts are void for a number of reasons, some of which have been already stated.

34.     The copyright registration of "Taurus" lists Randy California as the author and copyright claimant. "Taurus" was registered with the Copyright Office on 02/05/1968 (Reg. No. EU0000035222), and renewed on 01/11/1996 (Reg. No. RE0000725888).

## Led Zeppelin was Opening Act for Spirit in 1968

35.     In late 1968, a British band named Led Zeppelin played its first concert in the United States.

36.     Not yet immortal rock legends, Led Zeppelin opened for Spirit on December 26, 1968. Spirit played "Taurus" at this show, as it did in most of its concerts that year.

37.     In 1969, Spirit and Led Zeppelin performed together several more times. Spirit played "Taurus" at many of these shows.

38.     Jimmy Page and Led Zeppelin were fans of Spirit, were aware of their album, and were influenced on an emotional level by their performances and recordings, so much so that they would go to watch Spirit perform in concert.

39.     One such example is on February 6, 1970, when Robert Plant—and possibly other members of Led Zeppelin—attended a Spirit concert. Following the show, members of Spirit and Plant met up to play Snooker in a pub. Later that night Plant was injured in a car crash and hospitalized for facial injuries.

## Spirit Influenced Led Zeppelin and Jimmy Page

40.     Zeppelin's guitarist, defendant James Patrick Page ("Jimmy Page"), commented in a 1972 interview that Spirit's performances were "very good" and struck him on an "emotional level." See Pete Frame, "My Back Pages," Record Collector Magazine p.74 (May 2008), originally printed in Zig Zag Magazine (1972).

41.     Due to the band's close relationship in 1968 and 1969, and Page's comments, it is beyond reasonable dispute that Defendants heard Spirit perform "Taurus"—not only in concert but also from Spirit's album.

42.     Not only did Zeppelin hear Spirit perform "Taurus" and other original songs, Zeppelin actually covered Spirit's song, titled "Fresh Garbage" in a medley called "As Long As I Have You," at concerts during this time.

43.     The book Get the Led Out: How Led Zeppelin Became the Biggest Band in the World by Denny Somach details how Zeppelin started to use Spirit's material.

> "**December 26** All four members of Led Zeppelin met up in Denver, Colorado, where their first show on American soil was to take place. **They were opening for the bands Spirit** and Vanilla Fudge. Led Zeppelin was not even listed on the bill for this show. . . . .
>
> **December 30** A concert with Vanilla Fudge and Led Zeppelin took place at Gonzaga University in Spokane, Washington . . . . An audience tape of Led Zeppelin's performance from that show—the earliest audience tape of a Led Zeppelin show in circulation among bootleg collectors—reveals that **John Paul Jones had already begun playing the bass line that Spirit's Mark Andes played during the song "Fresh Garbage."** The two groups had shared the bill in Denver four days earlier. Jones was using it in part of a heavy rock medley Led Zeppelin extended on a near-nightly basis over the following months." Page 19.

44.     Merely 4 days after opening for Spirit, Zeppelin had already lifted Spirit's material for their live sets. Zeppelin continued to use Spirit's song "Fresh Garbage" in many of their live shows in 1968 through 1970 including it as part of a medley.

45.     Spirit and Randy California's influence on Defendants was by no means limited to one or two songs. After having witnessed Randy use the Etherwave-Theremin in concert, defendant Page was determined to—and eventually purchase one—which in addition to delay and distortion-type effects, helped Page develop Zeppelin's distinctive unearthly and psychedelic sounds.

46.     In When Giants Walked the Earth: A Biography of Led Zeppelin by Mick Wall, it is noted:

> "Sometimes [Zeppelin] would even purloin material from one of the other bands on the bill, as when Spirit joined the Vanilla Fudge tour for a few dates and Zeppelin took to incorporating into their set snatches of 'Fresh Garbage' from the debut, eponymously titled Spirit album. **Page was also taken with Spirit singer-guitarist Randy California's use of a theremin**, which he had mounted atop his amplifier or sometimes down by his foot pedals. . . . . **It wasn't until he saw Randy California using one that he decided he wanted one too**, buying his first theremin in New York at the start of the band's second US tour later that year and initially using it to enhance the extended jam-section finale of 'Dazed and Confused', and later a more famous effect on the recording of 'Whole Lotta Love'. (Vanilla Fudge drummer Carmine Appice would later claim that Page also 'adapted' a section of another, less well-known Spirit number, 'Taurus', from their first album, for the five trademark chords of 'Stairway to Heaven', an allegation we will return to in due course.)." Pages 99–100.

47.     Led Zeppelin recorded the album *Led Zeppelin* in October 1968, before having encountered Spirit and Randy California.

48.     Led Zeppelin conceived of and recorded *Led Zeppelin II* in 1969, after playing with Spirit.

49.     There is a noticeable difference between the two albums as *Led Zeppelin II* made heavy use of psychedelic audio effects, delay, and distortion—especially in "Whole Lotta Love"—that characterized Spirit and California's music. These effects were largely absent from *Led Zeppelin I*, and almost entirely absent from Page's prior recordings before Led Zeppelin.

50.     There is thus an overwhelming amount of evidence that Spirit contributed not insubstantially to the development of Led Zeppelin as a band—helping them create and carve out their distinct sound—and especially with the song "Stairway to Heaven."

## Jimmy Page & Robert Plant write "Stairway to Heaven"

51.     Having toured with Spirit, and after Zeppelin completed their fifth American concert tour in April 1970, Jimmy Page and Robert Plant sat fireside in a remote cottage in Wales called Bron-Yr-Aur and *allegedly* wrote the song "Stairway to Heaven."

52.     Defendant Jimmy Page is on record commenting how he allegedly created "Stairway to Heaven." In short, Page has stated that he always kept a cassette recorder around, and the idea for "Stairway to Heaven" came together from bits of taped music:

> "I had these pieces, these guitar pieces, that I wanted to put together. I had a whole idea of a piece of music that I really wanted to try and present to everybody and try and come to terms with. Bit difficult really, because it started on acoustic, and as you know it goes through to the electric parts. But we had various run-throughs [at Headley Grange] where I was playing the acoustic guitar and jumping up and picking up the electric guitar. Robert was sitting in the corner, or rather leaning against the wall, and as I was routining the rest of the band with this idea and this piece, he was just writing. And all of a sudden he got up and started singing, along with another run-through, and he must have had 80% of the words there ... I had these sections, and I knew what order they were going to go in, but it was just a matter of getting everybody to feel comfortable with each gear shift that was going to be coming."

See National Public Radio, Guitar Legend Jimmy Page (June 2, 2003).

53.     Defendant Jones claims he first heard "Stairway to Heaven" after Page and Plant returned from the Welsh cottage:

> Page and Plant [came back] from the Welsh mountains with the guitar intro and verse. I literally heard it in front of a roaring fire in a country manor house! I picked up a bass recorder and played a run-down riff which gave us an intro, then I moved into a piano for the next section, dubbing on the guitars.

See Chris Welch, Led Zeppelin, pp. 60–61 Orion Books (1994).

54.     The song began recording at Island Records' studio in London in December of 1970, and was completed in 1971.

55.     The song was released on an untitled album in 1971, commonly called *Led Zeppelin IV*.

56.    It quickly became Led Zeppelin's most famous song, and is universally acknowledged as one of the greatest songs ever written.

57.    Parts of "Stairway to Heaven," instantly recognizable to the music fans across the world, sound almost identical to significant portions of "Taurus."

58.    Any reasonable observer, when comparing "Taurus" and "Stairway to Heaven," must conclude that—at the very least—significant portions of the songs are nearly identical.

59.    "Stairway to Heaven" was registered with the Copyright Office on 01/20/1972 (Reg. No. EU0000301137), and renewed on 01/05/2000 (Reg. No. RE0000819939).

*****

# THE PARTIES

## MICHAEL SKIDMORE                                    "SKIDMORE"

60.    Plaintiff Michael Skidmore is the Trustee for the Randy Craig Wolfe Trust.

61.    Skidmore is a resident of Quincy, Massachusetts.

62.    Randy Craig Wolfe died in 1997 saving his son from being swept out to sea. The Randy Craig Wolfe Trust was established by Bernice C. Pearl, the mother of Randy Craig Wolfe, as conservator of his estate by court order on February 19, 2002. Upon her death, Michael Skidmore, in his capacity as Trustee, continued the administration of the Trust.

63.    Mick and Trust preserve Randy's memory by supporting the musical aspirations of children in public schools and by developing Randy California's music portfolio, the proceeds of which buy children in need musical instruments.

64.    After the Trust was formed Randy's son received a large sum of money as a settlement—which allowed the Trust to continue helping children.

65.    The Randy Craig Wolfe Trust retains 100% of the interests to Randy's intellectual property, inclusive of but not limited to copyrights, musical compositions and sound recordings, and all pecuniary benefits related thereto inclusive of the right to the copyrights, interests, and benefits from the exploitation of the song "Taurus."

66.    Funds obtained from a favorable resolution of this lawsuit will go to the Randy Craig Wolfe Trust, which is run by Trustee Mick Skidmore, who has selflessly dedicated years to preserving and promoting Randy's spirit, including releasing 12 previously unreleased albums featuring Randy California.

## LED ZEPPELIN                                         "ZEPPELIN"

67.    The English rock band Led Zeppelin formed in 1968. The band consisted of Jimmy Page (guitarist), Robert Plant (singer), John Paul Jones (bassist and keyboardist),

and John Bonham (drummer). The group′s guitar-driven sound, rooted in blues and folk music, is considered by many to be a key influence in the emergence of heavy metal.

68.     Originally called the New Yardbirds, Led Zeppelin signed with Atlantic Records in 1968. Zeppelin achieved significant commercial success with albums such as *Led Zeppelin* (1969), *Led Zeppelin II* (1969), *Led Zeppelin III* (1970), their untitled fourth album (1971), *Houses of the Holy* (1973), and *Physical Graffiti* (1975). Their fourth album, featuring ″Stairway to Heaven,″ is revered by the musical world and helped to cement the popularity of the group.

69.     Page composed most of Led Zeppelin′s music early on—in addition to being the band's producer—while Plant wrote the lyrics, including the words for "Stairway to Heaven." The latter half of the band′s career saw a series of record-breaking tours that earned them a reputation for excess and debauchery.

70.     Led Zeppelin are widely considered one of the most successful, innovative and influential rock groups in history. All nine of the band's studio albums reached the *Billboard* Top 10 with six peaking at number one. *Rolling Stone* magazine described them as "unquestionably one of the most enduring bands in rock history." Inducted into the Rock and Roll Hall of Fame in 1995, the museum's biography states that they were "as influential in that decade [the 1970s] as the Beatles were in the prior one."

71.     Zeppelin infringed upon the composition of "Taurus" when band members Page and Plant allegedly wrote "Stairway to Heaven."

72.     Zeppelin profited from the infringement and exploitation of "Taurus" when Led Zeppelin released "Stairway to Heaven" to the public and failed to credit, compensate, or remunerate Randy.

73.     Zeppelin exploited the musical composition of "Taurus" without authorization.

74.     Zeppelin exploited the musical composition of "Stairway to Heaven."

75.     Zeppelin exploited the sound recording of "Stairway to Heaven."

76.     On information and belief, Zeppelin does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## JAMES PATRICK PAGE                                          "PAGE"

77.     Defendant James Patrick Page is the guitarist and the lead and founding member of the rock band Led Zeppelin.

78.     Page is listed as a writer for the song "Stairway to Heaven."

79.     Page infringed upon the composition of "Taurus" when he and Plant allegedly wrote "Stairway to Heaven."

80.     Page profited from the infringement and exploitation of "Taurus" when Led Zeppelin released "Stairway to Heaven" to the public and failed to credit, compensate, or remunerate Randy.

81.     Page exploited the musical composition of "Taurus" without authorization.

82.     Page exploited the musical composition of "Stairway to Heaven."

83.     Page exploited the sound recording of "Stairway to Heaven."

84.     On information and belief, defendant Page resides in Kensington, London, England and in the United States.

85.     On information and belief, Page does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## ROBERT ANTHONY PLANT                                       "PLANT"

86.     Defendant Robert Plant is the singer and member of the rock band Led Zeppelin.

87.     Plant is listed as a writer of the song "Stairway to Heaven."

88.     Plant infringed upon the composition of "Taurus" when he and Page allegedly wrote "Stairway to Heaven."

89.     Plant profited from the infringement and exploitation of "Taurus" when Led Zeppelin released "Stairway to Heaven" to the public and failed to credit, compensate, or remunerate Randy.

90.     Plant exploited the musical composition of "Taurus" without authorization.

91.     Plant exploited the musical composition of "Stairway to Heaven."

92.     Plant exploited the sound recording of "Stairway to Heaven."

93.     On information and belief, defendant Plant resides in the United States in Austin, Texas and in England.

94.     On information and belief, Plant does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## John Paul Jones                                          "Jones"

95.     Defendant John Paul Jones is the bassist and member of the rock band Led Zeppelin.

96.     On information and belief, Jones aided and encouraged the infringement of the composition of "Taurus" when Page and Plaint allegedly wrote "Stairway to Heaven."

97.     On information and belief, Jones profited from the infringement and exploitation of "Taurus" when Led Zeppelin released "Stairway to Heaven" to the public and failed to credit, compensate, or remunerate Randy.

98.     Jones exploited the musical composition of "Taurus" without authorization.

99.     Jones exploited the musical composition of "Stairway to Heaven."

100.    Jones exploited the sound recording of "Stairway to Heaven."

101.    On information and belief, defendant Jones resides in England and in the United States.

102.    On information and belief, Jones does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## Super Hype Publishing, Inc.                    "Super Hype"

103.   Defendant Super Hype is a publishing company which exploits musical works—musical compositions.

104.   Super Hype was formed and is 100% owned, operated, controlled, and managed by defendant Page.

105.   Super Hype is the publishing company responsible for publishing the musical compositions of defendant Led Zeppelin and defendant Page.

106.   Super Hype exploited the musical composition of "Taurus" without authorization.

107.   Super Hype exploited the musical composition of "Stairway to Heaven."

108.   Super Hype exploited the sound recording of "Stairway to Heaven."

109.   On information and belief, Super Hype is a New York corporation.

110.   Super Hype's catalog of songs is administered by defendant Warner/Chappell Music, Inc.

111.   Super Hype does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## Warner Music Group Corp.                    "WMG"

112.   Defendant WMG is a large music industry powerhouse that provides all services related thereto which comprise three main divisions: recording, publishing, and artist services.

113.   WMG owns defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Corporation.

114.   WMG exploited the musical composition of "Taurus" without authorization.

115.   WMG exploited the musical composition of "Stairway to Heaven."

116.   WMG exploited the sound recording of "Stairway to Heaven."

117.   On information and belief, WMG is a Delaware corporation.

118.   WMG is the parent of defendant Warner/Chappell Music, Inc.

119.   WMG is the parent of defendant Atlantic Recording Corporation.

120.    WMG is the parent of defendant Rhino Entertainment Company.

121.    WMG does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## Warner/Chappell Music, Inc.        "Warner/Chappell"

122.    Defendant Warner/Chappell is a global music publishing company that exploits musical works.

123.    Music publishing involves the acquisition of rights to, and licensing of, musical compositions (as opposed to recordings) from songwriters, composers or other rights holders.

124.    Warner/Chappell holds one of the world's largest collections of musical compositions, ranging from well-known standards to new songs by emerging artists. Warner/Chappell is home to a wide array of legendary songwriters and a rich catalog of contemporary hits and influential standards. With a history that dates back more than 200 years and offices in more than 40 countries, Warner/Chappell provides expertise across a range of creative services and the most innovative opportunities for songwriters and copyright holders.

125.    Warner/Chappell currently publishes and administers music from Barry Gibb, Beyoncé, Bruno Mars, Eric Clapton, fun., Gamble & Huff, Green Day, JAY Z, Katy Perry, Led Zeppelin, Lionsgate Films, Madonna, Miramax Films, Muse, Radiohead, Red Hot Chili Peppers, R.E.M., Roc Nation, Stephen Sondheim, T.I., Timbaland, and Wayne Hector, among many others.

126.    Warner/Chappell exploited the musical composition of "Taurus" without authorization.

127.    Warner/Chappell exploited the musical composition of "Stairway to Heaven."

128.    Warner/Chappell exploited the sound recording of "Stairway to Heaven."

129.    Warner/Chappell is a subsidiary of defendant WMG.

130.    Defendant WMG is the parent of Warner/Chappell.

131.    Warner/Chappell administers defendant Super Hype's catalog of songs.

132.     On information and belief, Warner/Chappell is a Delaware corporation.

133.     Warner/Chappell does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## Atlantic Recording Corporation                    "Atlantic"

134.     Defendant Atlantic is a record company engaged in the business of developing artists, and in the business of creating, manufacturing, selling, and distributing musical works compositions and musical sound recordings.

135.     Led Zeppelin, Page, Plant, Jones, and John Bonham (deceased drummer) were all signed to Atlantic and Atlantic was the record company who develop the band Led Zeppelin and assisted the band in creating, manufacturing, selling, and distributing the musical compositions and sound recordings of Led Zeppelin.

136.     Atlantic manufactured, sold, and distributed Led Zeppelin's fourth album, known as *Led Zeppelin IV*, which included the musical composition and sound recording of "Stairway to Heaven" which infringed upon the musical composition of "Taurus."

137.     Atlantic owns the master recording(s) of the album *Led Zeppelin IV*.

138.     Atlantic owns the master recording(s) of "Stairway to Heaven."

139.     Atlantic was founded in 1947 by Ahmet Ertegun and Herb Abramson (later joined by Jerry Wexler, Nesuhi Ertegun, Tom Dowd, and Arif Mardin) as a one-room operation in New York City that was dedicated to finding, recording and promoting independent R&B and jazz. The label had its first hit single in 1949 with Stick McGhee's "Drinkin' Wine Spo-Dee-O-Dee" and soon after was catapulted into one of the pre-eminent companies in the rapidly evolving music industry. Today it remains recognized and revered around the world as being synonymous with artistry and quality.

140.     Through the years, Atlantic recordings have had a profound impact on the development of modern music, while entertaining and engaging listeners with songs that have rooted themselves in our collective consciousness. Atlantic's rich history is distinguished by an array of legendary artists who broke new ground and set new musical

standards, among them such icons as Ray Charles, Aretha Franklin, John Coltrane, and Led Zeppelin.

141.    Atlantic continues to be marked by musical diversity, embracing a spectrum of chart-topping performers who span the contemporary pop, rock, R&B, and hip-hop landscapes. Today the company is home to many of the world's most popular recording artists, among them Bruno Mars, fun., Flo Rida, T.I., Wiz Khalifa, Portugal. The Man, B.o.B., Halestorm, Trey Songz, James Blunt, Phil Collins, Death Cab for Cutie, Lupe Fiasco, Kid Rock, Matchbox Twenty, Jason Mraz, O.A.R., Plies, Sean Paul, Shinedown, Staind, Rob Thomas and many more.

142.    Atlantic exploited the musical composition of "Taurus" without authorization.

143.    Atlantic exploited the musical composition of "Stairway to Heaven."

144.    Atlantic exploited the sound recording of "Stairway to Heaven."

145.    Atlantic is a subsidiary of defendant WMG.

146.    Defendant WMG is the parent of Atlantic.

147.    On information and belief, Atlantic is a Delaware corporation.

148.    Atlantic does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

## Rhino Entertainment Company                    "Rhino"

149.    Defendant Rhino develops defendant WMG's vast catalog of extraordinary artists in the United States, as well as providing support and assistance to the company's frontline labels. The division, which includes Rhino Records, WMG Custom Products, and WMG Film, Television & Commercial Licensing, also develops new catalog-related business opportunities across Warner Music Group and with third-party companies.

150.    Rhino exploited the musical composition of "Taurus" without authorization.

151.    Rhino exploited the musical composition of "Stairway to Heaven."

152.    Rhino exploited the sound recording of "Stairway to Heaven."

153.    Rhino is a subsidiary of defendant WMG.

154.    Defendant WMG is the parent of Rhino.

155.    On information and belief, Rhino is a Delaware corporation.

156.    Rhino does substantial, continuous, and systematic business in the Eastern District of Pennsylvania.

*****

157.    On information and belief, each and every Defendant was an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant, and in doing the things alleged herein, each and every Defendant was acting pursuant to such conspiracy and/or within the course and scope of such agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants. Moreover, on information and belief, each Defendant who joined the conspiracy after its formation ratified, adopted and is liable for all acts committed in furtherance of the conspiracy including those committed before such Defendant joined the conspiracy.

158.    Whenever the Complaint refers to any act or acts of a Defendants, the reference shall also be deemed to meant that the directors, officers, employees, affiliates, controlling companies or agents of the responsible Defendants authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency, affiliation, control, or employment. Whenever the Complaint refers to any act of Defendants, the references shall be deemed to be the act of each Defendant, jointly and severally.

*****

# JURISDICTION AND VENUE

159.     Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

160.     The infringement of "Taurus" has occurred by virtue of the commercial exploitation of "Stairway to Heaven" which occurred, and continues to occur, in the Eastern District of Pennsylvania, the United States, and throughout the world.

161.     This action is brought as a copyright infringement case and related claims; and therefore, subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331 and 1338.

162.     The Eastern District of Pennsylvania has personal jurisdiction over each and every Defendant by virtue of (1) their specific contacts with this district concerning "Stairway to Heaven," and (2) their general, systematic, and continuous business and music contacts with this district.

### This Court Has Specific Jurisdiction Because Defendants Have Targeted This District for Sales of the Infringing Song "Stairway to Heaven"

163.     Defendants are subject to specific jurisdiction in this district because they make millions of dollars from the Eastern District of Pennsylvania by directly targeting this district for the exploitation of "Stairway to Heaven" through CD sales, digital downloading, radio and television play, advertising, marketing, concert performances, other performances, licensing, and otherwise targeting resident individuals and businesses to profit off the exploitation of "Stairway to Heaven."

164.     Because Defendants knowingly and intentionally target this district for album and song sales—and various other advertising, marketing, licensing, and promotional activities relating to the exploitation of the infringing song "Stairway to Heaven"—it is reasonably foreseeable to all Defendants that they would be subject to suit in this district. They have availed themselves of the privilege of conducting activities and business within this forum and are therefore subject to suit in this forum.

**This Court Has <u>General Jurisdiction</u> Because Defendants Exploit this District and its Residents to Sell, Promote, Advertise, Perform, and Merchandise their Music, Making Millions of Dollars in the Process**

165.    Defendants are subject to general jurisdiction because they make millions of dollars from the Eastern District of Pennsylvania by exploiting all of their songs through CD sales, digital downloads, radio and television play, advertising, marketing, concert performances, other performances, licensing, merchandising, book sales, T-shirt sales, poster sales and otherwise targeting individuals and businesses in the Eastern District of Pennsylvania to sell their music and related goods and services.

166.    Sales of albums, songs, and concert tickets are the bread and butter of Defendants' daily business and are their core business. Because Defendants conduct their core business in the Eastern District of Pennsylvania, and target this district and state for exploitation of their music copyrights, their contacts are of both a quality and quantity that clearly subjects them to general jurisdiction in Pennsylvania.

167.    In addition, when Led Zeppelin performed "Stairway to Heaven" in concert in Philadelphia, multiple times, Defendants got on planes and landed in Philadelphia's airport. They used Philadelphia's police, firemen, and paramedics for security and safety. They used Philadelphia's infrastructure and highways to travel to the concert venues. They used these venues to play to millions of fans in Philadelphia and Pennsylvania.

168.    For Jimmy Page, Robert Plant, or John Paul Jones, and other Defendants, to claim in court filings that they have no regular and systematic contacts with this forum—a forum from which they each have received millions of dollars—is disingenuous.

**Venue Is Appropriate in the Eastern District of Pennsylvania**

169.    Because Defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania, venue is appropriate in this district pursuant to 28 U.S.C. § 1400(a).

170.    Federal district courts in Philadelphia have already held that many of the Defendants in this suit, including Atlantic Recording and WMG, are subject to personal jurisdiction, and venue, in Pennsylvania.

171.    Defendants had no problem coming to Philadelphia to play for hundreds of thousands of fans, and no problem making untold millions from the sale of their music in this district; they should therefore have no problem appearing in court in Philadelphia to defend their failure to credit the man who wrote their most famous song.


*****

# Causes of Action

## Count I – Direct Copyright Infringement

*Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust v. Led Zeppelin, James Patrick Page; Robert Anthony Plant; John Paul Jones; Super Hype Publishing, Inc.; Warner Music Group Corporation; Warner/Chappell Music, Inc.; Atlantic Recording Corporation; Rhino Entertainment Company*

172.    Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

173.    To be liable for direct copyright infringement a defendant must have had access to the work allegedly copied, and there must be substantial similarity between the infringing work and the infringed work. Access can be established by showing with direct or circumstantial evidence that the work in question was actually copied. Access can also be established by demonstrating that the two works are so strikingly similar that independent creation is precluded. Substantial similarity is proven by demonstrating that an ordinary person would recognize the infringing song as having been taken from the plaintiff's protected expression

174.    Defendants, specifically Led Zeppelin, Jimmy Page, Robert Plant, John Paul Jones, and John Bonham (deceased), first came to the United States in 1968. Late in 1968, Zeppelin opened shows for Spirit, during which "Taurus" was played by Randy California and Spirit.

175.    During this time period, Led Zeppelin was influenced by Spirit and even began to play a song by Spirit named "Fresh Garbage" in Zeppelin's sets.

176.    Defendant Page admitted in a 1972 interview that he found Spirit's live performances to be "very good," acknowledging that Spirit's performances "struck him on an emotional level."

177.    On information and belief, Page's use of a Theremin, which helped give Led Zeppelin its distinctive sound, began after Page saw Randy California using the device at Spirit's shows.

178.    Defendants had direct access to "Taurus" by virtue of their close interaction with the band Spirit and Randy California, and the fact that they listened to Spirit play "Taurus" in concert, and likely purchased the album.

179.    Access is also established because the similarities between "Taurus" and the iconic notes, melody, chord progression, structure, tempo, instrumentation, and feel of "Stairway to Heaven" are so strikingly similar that independent creation is precluded.

180.    Substantial similarity between "Taurus" and "Stairway to Heaven" is established because, to a reasonable observer, the iconic notes, melody, chord progression, structure, tempo, instrumentation, and feel of "Stairway to Heaven" sound almost identical to Plaintiff's protected expression in "Taurus."

181.    Because Defendants undeniably had access to "Taurus" and copied protected expression in "Taurus" to create "Stairway to Heaven," they are liable for direct copyright infringement.

182.    Without authorization or permission, Defendants continue to exploit "Taurus" as "Stairway to Heaven," reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

183.    Defendants' use of "Taurus" in "Stairway to Heaven" is subject to strict liability, and/or was done with knowledge of the infringement and was reckless or willful.

184.    On information and belief, the initial and predicate acts of copying of Taurus by Defendants occurred in the United States.

185.    Defendant Jimmy Page is on record as saying how he allegedly created "Stairway to Heaven." In short, Page has stated that he always kept a cassette recorder around, and the idea for "Stairway" came together from bits of taped music:

> "I had these pieces, these guitar pieces, that I wanted to put together. I had a whole idea of a piece of music that I really wanted to try and present to everybody and try and come to terms with. Bit difficult really, because it started on acoustic, and as you know it goes through to the electric parts. But we had various run-throughs [at Headley Grange] where I was playing the acoustic guitar and jumping up and picking up the electric guitar. Robert was sitting in the corner, or rather leaning against the wall, and as I was routining the rest of the band with this idea and this piece, he was just writing. And all of a sudden he got up and started singing, along with another run-through, and he must have had 80% of the words there ... I had

these sections, and I knew what order they were going to go in, but it was just a matter of getting everybody to feel comfortable with each gear shift that was going to be coming."

See National Public Radio, Guitar Legend Jimmy Page, 2 June 2003.

186.    On information and belief, Defendants initially taped—and/or obtained recordings of—"Taurus" in and throughout the United States on multiple occasions, inclusive of live performances, with the intention to later use and/or infringe this artistic expression, which they did to create "Stairway to Heaven."

*****

## Count II – Contributory Copyright Infringement

*Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust v. Led Zeppelin, James Patrick Page; Robert Anthony Plant; John Paul Jones; Super Hype Publishing, Inc.; Warner Music Group Corporation; Warner/Chappell Music, Inc.; Atlantic Recording Corporation; Rhino Entertainment Company*

187.    Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

188.    To state a claim contributory copyright infringement a plaintiff must show that the defendants induced, caused, materially contributed to, and participated in the infringement of Plaintiff's copyrighted song, "Taurus."

189.    Defendants had and have knowledge of the ongoing infringing activity that is the subject of this lawsuit—the use of "Taurus" in "Stairway to Heaven"—and have induced and materially contributed to the infringing conduct of the direct infringers of Plaintiff's copyrighted song, "Taurus."

190.    Without authorization or permission, Defendants continue to exploit "Taurus" as "Stairway to Heaven," reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

*****

## Count III – Vicarious Copyright Infringement

*Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust v. Led Zeppelin, James Patrick Page; Robert Anthony Plant; John Paul Jones; Super Hype Publishing, Inc.; Warner Music Group Corporation; Warner/Chappell Music, Inc.; Atlantic Recording Corporation; Rhino Entertainment Company*

191.    Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

192.    To state a claim for vicarious copyright infringement the defendants must vicariously profit from the direct infringement while declining to exercise a right to stop or limit the direct infringement.

193.    Here, all Defendants profit from the dissemination, sale, distribution, and licensing of the song "Stairway to Heaven."

194.    Furthermore, Defendants, as producers, publishers, songwriters, and copyright holders, all have control over the dissemination, sale, distribution, and licensing of the song "Stairway to Heaven."

195.    Without authorization or permission, Defendants continue to exploit "Taurus" as "Stairway to Heaven," reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

*****

02740

## Count IV – Right of Attribution – Equitable Relief
## Falsification of Rock n' Roll History

*Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust v. Led Zeppelin, James Patrick Page; Robert Anthony Plant; John Paul Jones; Super Hype Publishing, Inc.; Warner Music Group Corporation; Warner/Chappell Music, Inc.; Atlantic Recording Corporation; Rhino Entertainment Company*

196.    Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

197.    Randy wrote the iconic notes, melody, chord progression, structure, tempo, instrumentation, and feel of significant portions of "Stairway to Heaven," which are instantly recognizable to any person remotely familiar with rock music.

198.    The writing credits for "Stairway to Heaven" incorrectly do not list Randy California as a writer of the song.

199.    Defendants have knowingly been exploiting "Stairway to Heaven" without crediting Randy California as a writer for the last forty-two years.

200.    Plaintiff is entitled to equitable relief to ensure that Randy California be added as a writer to "Stairway to Heaven," because the four factor test governing when equitable relief should be granted, explained in <u>eBay Inc. v. MercExchange</u>, 547 U.S. 388, 391 (2006), is satisfied:

   a.  Wolfe suffered irreparable injury and has no recourse through the law because the right of attribution is not statutorily recognized.

   b.  Monetary damages alone are inadequate to compensate them for the damage done to Randy's professional music reputation. Moreover, acknowledgement in and of itself is intrinsically valuable to human beings and Randy expected to be fairly credited for the huge amount of success attributable to "Stairway to Heaven."

   c.  Crediting Randy California would impose no hardships on any defendant.

   d.  The public interest would be served by such an acknowledgement as it would be made aware that Randy was key writer and creator of the greatest rock song ever written.

201.    Defendants continue to represent to the public that Randy California had no role in creating "Stairway to Heaven."

202.   Equitable relief should include an order that Defendants and the Copyright Office be made to include Randy Craig Wolfe (aka Randy California) as a writer of "Stairway to Heaven."

*****

# CLAIMS FOR RELIEF

WHEREFORE, Plaintiff demands judgment in his favor on all Counts and against all Defendants for an amount well in excess of the jurisdictional amount required to guarantee a jury trial. Plaintiff requests that this Court determine and declare that Plaintiff is additionally awarded and afforded on all Counts:

(a) Compensatory damages for all losses, together with interest, costs, and delay damages;

(b) Defendants' profits in an amount according to proof at trial;

(c) Statutory damages of $150,000 per infringement pursuant to 17 U.S. Code § 504 given the willfulness of Defendants' conduct;

(c) Punitive damages on all causes of actions to punish the Defendants for their outrageous and duplicitous conduct;

(d) Exemplary damages to set an example for others;

(e) Equitable relief pursuant to 17 U.S. Code § 502 and § 503;

(f) Injunctive and other equitable relief inclusive of but not limited to impoundment, destruction, and halting of sales of the infringing material.

(g) Costs and attorney's fees; and

(h) Such other and further relief as the Court deems just, necessary, and appropriate under the circumstances or allowed by statute.

*****

02743

# DEMAND FOR JURY TRIAL

Plaintiff herby demands a trial by jury on all claims and issues so triable.

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Alexander Malofiy*

Francis Alexander Malofiy, Esquire
Attorney ID No.:    208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:    (215) 500-1000
F:    (215) 500-1005
E:    francis@francisalexander.com
*Law Firm / Lawyer for Plaintiff*

*/d/ October 8, 2014*

02744

# VERIFICATION

I, Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust—Plaintiff in this action—hereby declares that the statements of fact made in PLAINTIFFS' AMENDED COMPLAINT are true according to my personal knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

MICHAEL SKIDMORE

/s/ *Michael Skidmore*

/d/ *October 8, 2014*

# SPOLIATION CLAUSE

Plaintiff demands that Defendants take necessary actions to ensure the preservation of all documents and things related to the case—in any format—hardcopy, electronic, audio, and visual, inclusive of but not limited to: the Master recording of "Stairway to Heaven", prior recordings of Stairway to Heaven, the individual audio tracks—both from prior recordings, initial/early takes, and those which are part of the final Master track, and any and all session audio, tracks, and takes—whether or not used in the final Master.

Additionally, defendant Jimmy Page is on record as saying how he allegedly created "Stairway to Heaven". In short, Page has stated that he always kept a cassette recorder around, and the idea for "Stairway" came together from bits of taped music:

> "I had these pieces, these guitar pieces, that I wanted to put together. I had a whole idea of a piece of music that I really wanted to try and present to everybody and try and come to terms with. Bit difficult really, because it started on acoustic, and as you know it goes through to the electric parts. But we had various run-throughs [at Headley Grange] where I was playing the acoustic guitar and jumping up and picking up the electric guitar. Robert was sitting in the corner, or rather leaning against the wall, and as I was routining the rest of the band with this idea and this piece, he was just writing. And all of a sudden he got up and started singing, along with another run-through, and he must have had 80% of the words there ... I had these sections, and I knew what order they were going to go in, but it was just a matter of getting everybody to feel comfortable with each gear shift that was going to be coming."

See National Public Radio, Guitar Legend Jimmy Page, 2 June 2003.

Plaintiff demands that Defendants preserve these bits and pieces of taped music which formed the basis for "Stairway to Heaven" as well as any and all recordings by the fire at Bropn-Yr-Aur or from Headley Grange when "Stairway to Heaven" was allegedly written by Jimmy Page and later introduced and further developed by Led Zeppelin.

Lastly, Defendants are put on notice to preserve all things, as listed above, as well as information, materials, communications, or other content related to the averments in this case.

*****

# CERTIFICATE OF SERVICE

A true and correct copy of PLAINTIFF'S AMENDED COMPLAINT is being hand delivered to the Court for filing and will be served upon counsel of record, and Defendants in accordance with the Federal Rules of Civil Procedure.

Michael Eidel, Esquire
FOX ROTHSCHILD LLP
2000 Market Street | 20th Floor
Philadelphia, PA 19103
T: (215) 918-3568
F: (215) 345-7507
*Local Counsel for Defendants*

Helene Freeman, Esquire
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 977-9700
F: (215) 262-5152
*Counsel for Individual Defendants:*
*Jimmy Page, Robert Plant, John Paul Jones*

## LED ZEPPELIN

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Led Zeppelin
c/o Atlantic Recording Corporation
1290 Avenue of the Americas
New York, NY 10104

Led Zeppelin
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

## JAMES PATRICK PAGE

████████████
W14 8AB, UK

James Patrick Page
c/o Atlantic Recording Corporation
1290 Avenue of the Americas
New York, NY 10104

James Patrick Page
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

## ROBERT ANTHONY PLANT

████████████
Austin, TX 78704-1852

Robert Anthony Plant
c/o Atlantic Recording Corporation
1290 Avenue of the Americas
New York, NY 10104

Robert Anthony Plant
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

### JOHN PAUL JONES

W14 8AB, UK

John Paul Jones
c/o Atlantic Recording Corporation
1290 Avenue of the Americas
New York, NY 10104

John Paul Jones
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

### SUPER HYPE PUBLISHING, INC.

CT Corporation System
111 8th Avenue
New York, NY 10011

Super Hype Publishing, Inc.
c/o Warner Music Group Corp.
75 Rockefeller Plaza
New York, NY 10019-6908

### WARNER MUSIC GROUP CORP.

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

**02749**

*Parent company of:*

## WARNER/CHAPPELL MUSIC, INC.

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Warner/Chappell Music, Inc.
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

## ATLANTIC RECORDING CORPORATION

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Atlantic Recording Corporation
1290 Avenue of the Americas
New York, NY 10104

Atlantic Recording Corporation
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

## RHINO ENTERTAINMENT

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Rhino Entertainment
c/o Warner Music Group Corp.
Legal Department
75 Rockefeller Plaza
New York, NY 10019

*****

*Respectfully submitted,*

PAGE 38 OF 39

FRANCIS ALEXANDER, LLC

*/s/ Francis Alexander Malofiy*

Francis Alexander Malofiy, Esquire
Attorney ID No.:    208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:    (215) 500-1000
F:    (215) 500-1005
E:    francis@francisalexander.com
*Law Firm / Lawyer for Plaintiff*

*/d/ October 8, 2014*

**02751**

# Exhibit List

Exhibit 1   –   Copyright Registration of "Taurus"

Exhibit 2   –   Copyright Registration of "Stairway to Heaven"

# EXHIBIT 1

### Copyright Registration of "Taurus"



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = taurus
Search Results: Displaying 10 of 1015 entries



*Taurus.*

| | |
|---|---|
| **Type of Work:** | Music |
| **Registration Number / Date:** | RE0000725888 / 1996-01-11 |
| | Renewal registration for: EU0000035222 / 1968-02-05 |
| **Title:** | Taurus. |
| **Notes:** | Music. |
| **Copyright Claimant:** | Randy California (A) |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | California, Randy |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [ Full Record ▼ ] [ Format for Print/Save ] |
| Enter your email address: [ Email ] |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

# EXHIBIT 2

## COPYRIGHT REGISTRATION OF

## "STAIRWAY TO HEAVEN"



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)

Search Request: Left Anchored Title = Stairway to Heaven

Search Results: Displaying 7 of 272 entries



Labeled View

### *Stairway to heaven.*

**Type of Work:** Music

**Registration Number / Date:** RE0000819939 / 2000-01-05

Renewal registration for: EU0000301137 / 1972-01-20

**Title:** Stairway to heaven.

**Notes:** Words & music.

**Copyright Claimant:** James Patrick Page, Robert Plant (A)

**Names:** Page, James Patrick

Plant, Robert



| Save, Print and Email (Help Page) |
| Select Download Format Full Record ▼ | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=7&ti=1,7&Search%5FArg=Stairway%20to%20Heaven&Search%5FCode=TALL&CNT=100&REC=0&RD=0...   1/1

| | |
|---|---|
| Name | Francis Malofiy, Esquire |
| Address | 280 N. Providence Road \| Suite 1 |
| City, State, Zip | Media, PA 19063 |
| Phone | (215) 500-1000 |
| Fax | (215) 500-1005 |
| E-Mail | francis@francisalexander.com |

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Skidmore, Trustee for the Randy Craig Wolfe Trust <br><br> PLAINTIFF(S), <br><br> v. <br><br> Led Zeppelin, et al. <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> 15-cv-03462-RGK <br><br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _Michael Skidmore, Trustee for the Randy C Wolfe Trust_ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
  See attached form

☒ Judgment (specify):
  Doc. No. 262, 297 - Judgment, Amended Judgment

☒ Other (specify):
  See attached form

Imposed or Filed on _____ June 23, 2016 _____. Entered on the docket in this action on June 23, 2016 _____.

A copy of said judgment or order is attached hereto.

| | |
|---|---|
| 7/23/2016 | /s/ Francis Malofiy |
| Date | Signature |
| | ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk |

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

1   Francis Malofiy, Esq.
2   Francis Alexander, LLC
    280 N. Providence Rd. | Suite 1
3   Media, PA 19063
4   T:  (215) 500-1000; F:  (215) 500-1005
    E:  francis@francisalexander.com
5   *Attorney for Plaintiff*
6
    Glen L. Kulik, Esq. (SBN 082170)
7   Kulik Gottesman & Siegel LLP
    15303 Ventura Blvd., Suite 1400
8   Sherman Oaks, CA 91403
9   T:  (310) 557-9200; F: (310) 557-0224
    E:  gkulik@kgslaw.com
10  *Attorney for Plaintiff*
11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14  MICHAEL SKIDMORE, as Trustee for          Case No. 15-cv-03462 RGK (AGRx)
15  the RANDY CRAIG WOLFE TRUST,
                                               Hon. R. Gary Klausner
16              Plaintiff,
                                                **SUPPLEMENT ATTACHED TO**
17          v.                                 **PLAINTIFF'S NOTICE OF**
                                               **APPEAL (FORM A-2)**
18
    LED ZEPPELIN; JAMES PATRICK
19  PAGE; ROBERT ANTHONY PLANT;
    JOHN PAUL JONES; SUPER HYPE
20  PUBLISHING, INC.; WARNER MUSIC
21  GROUP CORP., Parent of
    WARNER/CHAPPELL MUSIC, INC.;
22  ATLANTIC RECORDING
23  CORPORATION; RHINO
    ENTERTAINMENT COMPANY,
24
25              Defendants.
26
27
28

SUPPLEMENT ATTACHED TO PLAINTIFF'S NOTICE OF APPEAL (FORM A-2)

**02758**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Michael Skidmore, Trustee for the Randy Craig Wolfe Trust hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment entered on June 23, 2016, as well as any and all interlocutory rulings, decisions, and orders that gave rise to the judgment and are merged therein, including those contained in all trial transcripts from 6/14/2016 to 6/23/2016, including but not limited to:

| Date | Judge | Proceeding Type/Portion | Court Reporter |
|------|-------|-------------------------|----------------|
| 6/14/2016 | RGK | Trial 6/14 AM | Sandra MacNeil |
| 6/14/2016 | RGK | Trial 6/14 PM | Cindy Nirenberg |
| 6/15/2016 | RGK | Trial 6/15 AM | Sandra MacNeil |
| 6/15/2016 | RGK | Trial 6/15 PM | Cindy Nirenberg |
| 6/16/2016 | RGK | Trial 6/16 AM | Sandra MacNeil |
| 6/16/2016 | RGK | Trial 6/16 PM | Cindy Nirenberg |
| 6/17/2016 | RGK | Trial 6/17 AM | Sandra MacNeil |
| 6/17/2016 | RGK | Trial 6/17 PM | Cindy Nirenberg |
| 6/21/2016 | RGK | Trial 6/21 AM | Sandra MacNeil |
| 6/21/2016 | RGK | Trial 6/21 PM | Cindy Nirenberg |
| 6/22/2016 | RGK | Trial 6/22 | Sandra MacNeil |
| 6/23/2016 | RGK | Trial 6/23 | Sandra MacNeil |

Pursuant to the Ninth Circuit Rules, the following exhibits are attached to this Notice of Appeal:

**Exhibit 1**    Ninth Circuit Rule 3-2 Representation Statement

**Exhibit 2**    Transcript Designation Form

**Exhibit 3**    Amended Judgment, Judgment, and Jury Verdict (Doc. Nos. 297, 264, 263, 262, 261)

**Exhibit 4**    Jury Instructions (Doc. No. 273)

**Exhibit 5**    Trial Exhibits Admitted and Witness List (Doc. No. 272)

**Exhibit 6**    Order Striking Motion for Sanctions [Doc. No. 230] and Motion for Reconsideration [Doc. No. 231] (Doc. No. 233)

**Exhibit 7**    Order Denying Plaintiff's Motion to Compel Attendance of Defs. (Doc. No. 224)

**Exhibit 8**    Amended Ruling on Defense MIL No. 4 (Doc. No. 203)

1
2
3
4

**Exhibit 9**     Pretrial Conference Order and Transcript (and orders/rulings contained therein) (Doc. No. 202) [including but not limited to Court Orders granting Def MILs Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, and Denying Plaintiff MIL No. 2]

5     **Exhibit 10**     Order Granting Motion for Summary Judgment (Doc. No. 159)

6
7

**Exhibit 11**     Order Denying Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 133)

8     Dated:  July 23, 2016                    FRANCIS ALEXANDER, LLC

9                                   */s/ Francis Alexander Malofiy*
10                                  Francis Alexander Malofiy, Esq.
                                    Attorney for Plaintiff
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that PLAINTIFF'S NOTICE OF APPEAL has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones*
*(collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*


Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp.,*
*Warner/Chappell Music, Inc., Atlantic Recording Corporation, and*
*Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*/d/ July 23, 2016*

3

SUPPLEMENT ATTACHED TO PLAINTIFF'S NOTICE OF APPEAL (FORM A-2)



# Exhibit 1

1  Francis Malofiy, Esq.
2  Francis Alexander, LLC
   280 N. Providence Rd. | Suite 1
3  Media, PA 19063
4  T:  (215) 500-1000; F:  (215) 500-1005
   E:  francis@francisalexander.com
5  *Attorney for Plaintiff*
6
   Glen L. Kulik, Esq. (SBN 082170)
7  Kulik Gottesman & Siegel LLP
8  15303 Ventura Blvd., Suite 1400
   Sherman Oaks, CA 91403
9  T:  (310) 557-9200; F: (310) 557-0224
   E:  gkulik@kgslaw.com
10 *Attorney for Plaintiff*
11
12            **UNITED STATES DISTRICT COURT**
13       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
14
15 MICHAEL SKIDMORE, as Trustee for       Case No. 15-cv-03462 RGK (AGRx)
   the RANDY CRAIG WOLFE TRUST,
16                                          Hon. R. Gary Klausner
                      Plaintiff,
17                                          **PLAINTIFF'S REPRESENTATION
            v.                               STATEMENT PURSUANT TO
18                                           NINTH CIRCUIT RULE 3-2**
19 LED ZEPPELIN; JAMES PATRICK
   PAGE; ROBERT ANTHONY PLANT;
20 JOHN PAUL JONES; SUPER HYPE
   PUBLISHING, INC.; WARNER MUSIC
21 GROUP CORP., Parent of
   WARNER/CHAPPELL MUSIC, INC.;
22 ATLANTIC RECORDING
   CORPORATION; RHINO
23 ENTERTAINMENT COMPANY,
24
                      Defendants.
25
26
27
28

_____
            PLAINTIFF'S REPRESENTATION STATEMENT PURSUANT TO NINTH CIRCUIT RULE 3-2

**02763**

**<u>Plaintiff</u>**

Michael Skidmore, Trustee for the Randy Craig Wolfe Trust

*Plaintiff's Counsel:*

Francis Malofiy, Esq.
PA Attorney ID No.:  208494
Alfred Joseph Fluehr, Esq.
PA Attorney ID No.:  316503
Francis Alexander, LLC
280 N. Providence Rd. | Suite 1
Media, PA 19063
T:  (215) 500-1000; F:  (215) 500-1005
E:  francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T:  (310) 557-9200; F: (310) 557-0224
E:  gkulik@kgslaw.com
*Attorney for Plaintiff*

**<u>Defendants</u>**

Led Zeppelin
James Patrick Page;
Robert Anthony Plant;
John Paul Jones;
Super Hype Publishing, Inc.;
Warner Music Group Corp.,
Warner/Chappell Music, Inc.;
Atlantic Recording Corporation;
Rhino Entertainment Company

*Defense Counsel*

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084

1

PLAINTIFF'S REPRESENTATION STATEMENT PURSUANT TO NINTH CIRCUIT RULE 3-2

T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

Dated:  July 23, 2016                    FRANCIS ALEXANDER, LLC

                                        */s/ Francis Alexander Malofiy*
                                        Francis Alexander Malofiy, Esq.
                                        Attorney for Plaintiff

2

**02765**

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that PLAINTIFF'S REPRESENTATION STATEMENT PURSUANT TO NINTH CIRCUIT RULE 3-2 has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*/d/ July 23, 2016*

3

**02766**

**02768**



# Exhibit 4



FILED
CLERK, U.S. DISTRICT COURT

JUN 2 3 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL SKIDMORE,

                Plaintiffs,

        v.

LED ZEPPELIN, et al.,

                Defendants.

Case No. CV 15-03462-RGK (AGRx)

**JURY INSTRUCTIONS**

## Instruction No. *1*

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Page 1 of 33

## Instruction No. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# Instruction No. 3

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Page 3 of 33

## Instruction No.  4

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

Page 4 of 33

# Instruction No. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Page 5 of 33

## Instruction No. 6

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## Instruction No. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Case 2:15-cv-03846-R-GK-AGR Document 273-5 Filed 06/27/13 Page 34 of 35 Page ID #:9086

## Instruction No. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Page 8 of 33

Case 2:15-cv-03462-FMO-AGR Document 307 Filed 06/22/16 Page 101 of 245 Page ID #:9080

# Instruction No.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

Page 9 of 33

Case 2:15-cv-03462-FRK-AGR Document 30-534 Filed 06/22/16 Page 11 of 345 Page ID #:9088

said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Page 10 of 33

Case 2:15-cv-03462-FMO-AGR Document 307-34 Filed 06/22/16 Page 12 of 34 Page ID #:9082

## Instruction No. 10

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Page 11 of 33

## Instruction No. 11

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Page 12 of 33

## Instruction No. 12

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying information-that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Page 13 of 33

## Instruction No. 13

    All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

# INSTRUCTION NO.    14

The jury is instructed that any and all intellectual property of Randy Craig Wolfe, including the song Taurus, is currently owned by the Randy Craig Wolfe Trust, the trustee of which is plaintiff Michael Skidmore.

## Instruction No. 15

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1. the plaintiff is the owner of a valid copyright; and
2. the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Page 15 of 33

# Instruction No. 16

Plaintiff has filed a claim against Defendants for violation of the United States Copyright Act, which governs this case. In order for you to undertake your responsibility, you must know what a copyright is, what it protects, and what it does not protect.

Copyright confers certain exclusive rights to the owner of a work including the rights to:

1. Reproduce or authorize the reproduction of the copyrighted work;

2. Prepare derivative works based upon the copyrighted work.

3. Distribute the copyrighted work to the public; and

4. Perform publicly a copyrighted musical work.

Copyright only protects the author's original expression in a work and does not protect ideas, themes or common musical elements, such as descending chromatic scales, arpeggios or short sequences of three notes.

Also, there can be no copyright infringement without actual copying. If two people independently create two works, no matter how similar, there is no copyright infringement unless the second person copied the first.

Page 16 of 33

## Instruction No. 17

Plaintiff contends that the copyright in the musical composition Taurus is infringed by the song Stairway to Heaven.

It is important that you understand what the copyright in the musical composition Taurus protects and does not protect.

A musical composition consists of rhythm, harmony and melody as transcribed in written form. The performance of a musical composition can be recorded, but under the law musical compositions and sound recordings are different works with different potential copyrights.

In this case, plaintiff has no rights in any sound recording of Taurus, and claims rights only in the musical composition Taurus as transcribed in the deposit copy. As a result, plaintiff must base his claim only on original expression contained in the deposit copy of Taurus.

That is, plaintiff must prove that Stairway to Heaven copies original expression in the deposit copy of Taurus. Plaintiff cannot rely on any claimed similarities between recordings of Taurus and Stairway to Heaven.

# Instruction No. 19

    The plaintiff must prove by a preponderance of the evidence that the creators of Stairway to Heaven had access to the musical composition Taurus. You may find that the creators of Stairway to Heaven had access to the musical composition Taurus if the creators of Stairway to Heaven had a reasonable opportunity to hear and/or copy the musical composition Taurus ~~work~~ before Stairway to Heaven was created.

Page 19 of 33

Case 2:15-cv-03462-RGK-AGR Document 307-534 Filed 07/23/16 Page 22 of 345 Page ID #:9098

## Instruction No. 20

An original work may include or incorporate elements taken from prior works or works from the public domain. However, any elements from prior works or the public domain are not considered original parts and not protected by copyright. Instead, the original part of the plaintiff's work is limited to the part created:

    1.    independently by the work's author, that is, the author did not copy it from another work; and

    2.    by use of at least some minimal creativity.

Page 20 of 33

## Instruction No. 21

For an unauthorized use of a copyrighted work to constitute copyright infringement, the unauthorized use must copy original material protected by the copyright and must be significant enough to constitute infringement. This means that even if the fact of copying is proven, no legal consequences will follow from that fact unless original material is copied and the copying is substantial.

The copyright that plaintiff sues upon protects only the musical composition Taurus as it was transcribed in the deposit copy that accompanied the registration of the copyright with the United States Copyright Office. That is the work that you must compare to Stairway to Heaven.

To prove substantial similarity between the musical composition Taurus as transcribed and Stairway to Heaven, plaintiff must prove that there is both substantial extrinsic similarity and substantial intrinsic similarity between the two works.

Extrinsic similarity is an objective test and requires that you determine whether the two works are similar in original expression. To do that, you must break the works down into their specific musical elements. You must then disregard all musical elements that are not original to Taurus. Once you have disregarded all musical elements that are not original to Taurus, you must decide whether there are any remaining musical elements that are original to Taurus and also appear in Stairway to Heaven and, if so, whether they are substantial similarities or insubstantial similarities.

If plaintiff does not prove that, applying this first test, Stairway to Heaven is substantially similar to original expression in the musical composition Taurus, your verdict must be for defendants.

Page 21 of 33

If plaintiff does prove that, applying this first test, Stairway to Heaven is substantially similar to original expression in the musical composition Taurus, then you must proceed to a second test for subjective intrinsic similarity.

For that second test, you must decide whether the ordinary, reasonable person would find that the musical composition Taurus as transcribed in the deposit copy, and Stairway to Heaven, are substantially similar in their original expression.  In this second test, you must also disregard all musical elements that are not original to Taurus.

If plaintiff does not prove that, applying this second test, the musical composition Taurus as transcribed in the deposit copy, and Stairway to Heaven, are substantially similar in their original expression, your verdict must be for defendants.

If plaintiff does prove both the first test and second test, then he has proven substantial similarity.

## Instruction No. 22

     If Plaintiff shows Defendants had access to Plaintiff's work and that there is a substantial similarity between the infringed and infringing works, a presumption of copying arises, that shifts the burden to Defendants to rebut or to show that the alleged infringing work was independently created.

     In determining whether Defendants' song was independently created, you may consider evidence presented by Defendants regarding the manner in which the composers created Defendants' song and any other evidence of the circumstances surrounding the creation of Defendants' song.

Page 23 of 33

Case 2:15-cv-03462-RGK-AGR Document 305 Filed 07/28/16 Page 28 of 35 Page ID #:9108

## Instruction No. 13

    To prevail on a copyright claim, the plaintiff must prove substantial copying of original expression in the copyrighted work. That also means that trivial or minimal copying of original expression is not an infringement.

    A use is trivial or de minimis if:

1.     The allegedly-copied original expression is quantitatively a small portion of the plaintiff's copyrighted work; and

2.     The allegedly-copied original expression is not qualitatively important to plaintiff's copyrighted work.

# Instruction No. 24

If you find that defendants Page and Plant infringed the plaintiff's copyright in Taurus, you must determine whether defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and/or Rhino Entertainment Co. vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the defendant directly benefitted financially from the infringing activity of Page and Plant;

2. the defendant had the right and ability to supervise and control the infringing activity of Plant and Page ; and

3. the defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that Plant and Page infringed plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants Warner-Chappell, Atlantic Recording Corporation, and/or Rhino Entertainment Co.

Page 25 of 33

# Instruction No. 25

A defendant may be liable for copyright infringement engaged in by another if they knew or had reason to know of the infringing activity and intentionally induced or[materially contributed to that infringing activity.

If you find that Plant and Page infringed the plaintiff's copyright in Taurus, you must determine whether defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and/or Rhino Entertainment Co. contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the defendant knew or had reason to known of the infringing activity of Plant and Page; and

2. the defendant intentionally induced or[materially contributed to Plant and Page's infringing activity.

If you find that Plant and Page infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the corporate defendant.

Page 26 of 33

## Instruction No. 26

The copyright owner is entitled to any profits of a defendant attributable to infringements that occurred on or after May 31, 2011. Each defendant's profits, if any, from the alleged infringement must be calculated and awarded separately. Also, you may not award any profits attributable to alleged infringements that occurred before May 31, 2011.

You may make an award of a defendant's profits only if you find that the plaintiff showed a causal relationship between infringement on or after May 31, 2011 and the defendant's gross revenue.

A defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

A defendant's gross revenue is all of the defendant's receipts that plaintiff proves were caused by the use, performance or sale of copies of Stairway to Heaven on or after May 31, 2011. The plaintiff has the burden of proving the defendant's gross revenue, including the causal relationship, by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, production costs, management fees and advance payments incurred at any time in producing the defendant's gross revenue. Each defendant has the burden of proving his or its expenses by a preponderance of the evidence.

Plaintiff is not entitled to recover profits that are attributable to factors other than use of the copyrighted work. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than the alleged infringement of the copyrighted work. You must exclude from any award of profits all profits that the evidence proves are attributable to factors other than

Page 27 of 33

the portion of the profit, if any, attributable to factors other than the alleged infringement of the copyrighted work. You must exclude from any award of profits all profits that the evidence proves are attributable to factors other than alleged copying of the musical composition Taurus. For example, you must exclude profits that are attributable to the other elements and music in Stairway to Heaven, to the lyrics in Stairway to Heaven, to the performances by the members of Led Zeppelin, to the recording of Stairway to Heaven, to the public interest in Led Zeppelin and its members and to the marketing efforts that generated the profits.

Page 28 of 33

## Instruction No. 27

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Page 29 of 33

# Instruction No. 28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.

Page 30 of 33

If any juror is exposed to any outside information, please notify the court immediately.

## Instruction No. 29

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# Instruction No. 30

A verdict form has been prepared for you. ███████████████ ████ After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Page 33 of 33

02803



# Exhibit 5

## LIST OF EXHIBITS AND WITNESSES

| Case Number | CV 15-3462 RGK (AGRx) | Title | SKIDMORE v. LED ZEPPELIN, et al |
|---|---|---|---|
| Judge | R. GARY KLAUSNER | | |
| Dates of Trial or Hearing | JUN 1 4 2016 ; 06·15·16 ; 06·16·16 ; 06·17·16; 06·21·16 ; 06·22·16 | | 06·23·16 |
| Court Reporters or Tape No. | | | |
| Deputy Clerks | SHARON L. WILLIAMS, ARIEL HUERTA, PAUL CONGCO | | |

| Attorney(s) for Plaintiff(s) / Petitioner(s) | Attorney(s) for Defendant(s) / Respondent(s) |
|---|---|
| FRANCIS MALOFIY | PETER ANDERSON |
| GLEN KULIK | HELENE FREEMAN |
| | |
| | |

CLERK, U.S. DISTRICT COURT
FILED
JUN 23 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

| Plaintiff(s) or Petitioner(s) | | | Defendant(s) or Respondent(s) | | | EXHIBIT DESCRIPTION / WITNESS | Called By |
|---|---|---|---|---|---|---|---|
| Ex. No. | Id. | Ev. | Ex. No. | Id. | Ev | | |
| | | | | | | JANET WOLFE    JUN 1 4 2016 | P |
| | | | | | | JAY FERGUSON    JUN 1 4 2016 | P |
| | | | 312 | 6/14/16 | 6/14/16 | SPIRIT CD | |
| | | | 320 | 6/14/16 | NO | SPIRIT POSTER | |
| | | | 6A  JUN 2 2 2016 | | | AUDIO   FRESH GARBAGE | |
| 306 | ✓ | ✓ | | | | POSTER FOLK ROCK FESTIVAL | |
| 313 | ✓ | ✓ | | | | REAL GROOVY ARTICLE | |
| 314 | ✓ | ✓ | | | | ARTICLE - ATLANTA POP FEST. | |
| 318 | ✓ | ✓ | | | | SEATTLE POP FESTIVAL | |
| 319 | ✓ | ✓ | | | | TEXAS POP FESTIVAL | |
| 320 | ✓ | ✓ | | | | SPIRIT POSTER | |
| 321 | ✓ | ✓ | | | | CRASH ARTICLE | |
| 316 | ✓ | ✓ | | | | SEATTLE POP FESTIVAL | |
| | | | | | | MICHAEL WARE (VIDEO) | 𝜋 |
| | | | 2950 | ✓ | ✓ | MOTHERS CLUB ARTISTS | |
| | | | 2955 | ✓ | ✓ | WEBSITE POST | |
| | | | 2954 | ✓ | ✓ | WARE E-MAIL | |
| 2951 | JUN 2 2 2016 | | | | | SPIRIT POSTER | |
| 2952 | | | | | | BILLBOARD CHARTS | |
| 2963 | | | | | | BILLBOARD CHARTS | |
| | | | | | | MARK ANDES | 𝜋 |

G-65 (03/07)          LIST OF EXHIBITS AND WITNESSES          Page ___ of ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LIST OF EXHIBITS AND WITNESS - CONTINUED

Case No. CV 16-3462          Title: SKIDMORE V. LED ZEPPELIN ET AL

| Plaintiff(s) | | | Defendant(s) | | | Exhibit Description / Witness | Called By |
|---|---|---|---|---|---|---|---|
| Ex. # | Id. | Ev. | Ex. # | Id. | Ev. | | |
| 532V | ✓ | NO | | | | TAURUS CLIP | |
| 524V | ✓ | NO JUN 2 2 2016 | | | | STAIRWAY TO HEAVEN CLIP | |
| 525 | ✓ | ✓ | | | | TAURUS DEPOSIT | |
| 535 | ✓ | ✓ | | | | PHOTO ANDES / PLANT | |
| 2060 | — | NO | | | | SUPERIOR COURT ORDER | |
| 2058 | ✓ | ✓ | | | | TAURUS DEPOSIT COPY | |
| 352 | ✓ | ✓ | | | | SPIRIT SETLISTS | |
| 2114 | ✓ | ✓ | | | | SPIRIT SONGLIST | |
| | | | | | | BRUCE PATES | π |
| | | | | | | JAMES PATRICK PAGE | π |
| 373 | ✓ | ✓ | | | | SPIRIT ALBUM | |
| 157 | ✓ | ✓ | | | | ZIG ZAG INTERVIEW | |
| 205A | ✓ | ✓ | | | | SPIRIT'S FRESH GARBAGE | |
| 100158 | ✓ | ✓ | | | | NEWSPAPER ARTICLE | |
| 2023A | ✓ | ✓ | | | | AUDIO | |
| 39 A | ✓ | NO | | | | AUDIO - TAURUS LIVE | |
| 2708 | ✓ | ✓ | | | | STAIRWAY DEPOSIT COPY | |
| 439243 | ✓ | ✓ | | | | FINANCIAL DOCUMENTS (03/2015) PGS 8039245; 8039247; 8039289 8039321 | |
| 100166A | ✓ | NO YES JUN 2 2 2016 | | | | AUDIO STAIRWAY TO HEAVEN | |
| | | | | | | LARRY KNIGHT | π |
| | | | | | | KEVIN HANSON | π |
| 524V | ✓ | NO JUN 2 2 2016 | | | | AUDIO / VIDEO | |
| 532V | ✓ | NO | | | | AUDIO / VIDEO | |
| 527V | ✓ | ✓ | | | | AUDIO / VIDEO | |
| | | | | | | ALEXANDER STEWART | π |
| 508I | ✓ | ✓ | | | | LEAD SHEETS - PART A PG. 1 | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### LIST OF EXHIBITS AND WITNESS - CONTINUED

Case No. CV 15-3462-RGK (AGRx)  Title: SKIDMORE V. LED ZEPPELIN ET AL

| Plaintiff(s) | | | Defendant(s) | | | Exhibit Description / Witness | Called By |
|---|---|---|---|---|---|---|---|
| Ex. # | Id. | Ev. | Ex. # | Id. | Ev. | | |
| 500-1 | ✓ | NO | | | | CHROMATIC LINE | |
| 501-1 | ✓ | ✓ | | | | CHROMATIC LINE PRIOR ART PG.1 | |
| 508-1 | ✓ | ✓ | | | | HARMONY PG.1 | |
| 502-1 | ✓ | ✓ | | | | HARMONY PG.1 | |
| 506-1 | ✓ | ✓ | | | | NOTE PAIRINGS PG.1 | |
| 2704 | ✓ | ✓ | | | | TAURUS DEPOSIT COPY (FERRARA) | |
| 509-1 | ✓ | ✓ | | | | TAURUS / STAIRWAY PITCH COLLECTIONS | |
| 511-1 | ✓ | ✓ | | · | | TAURUS / STAIRWAY PITCH INVENTORY | |
| | | | | | | MICHAEL SKIDMORE | π |
| 460-0001 | ✓ | ✓ | | | | STIPULATION FOR ORDER | |
| 3031-0004 | ✓ | ✓ | | | | RENEWAL REGISTRATION | |
| 2070 | ✓ | ✓ | | | | AGREEMENT | |
| 461 | ✓ | ✓ | | | | TRUST | |
| 462 | ✓ | ✓ | | | | AMENDMENT TO TRUST | |
| 463 | ✓ | ✓ | | | | 2ND AMENDMENT TO TRUST | |
| 464 | ✓ | ✓ | | | | 3RD AMENDMENT TO TRUST | |
| 465 | ✓ | ✓ | | | | 4TH AMENDMENT TO TRUST | |
| | | | | | | MICHAEL EINHORN | π |
| 1XX | ✓ | ✓ | | | | RECORD SALE REVENUES | |
| | | | | | | LAWRENCE FERRARA | Δ |
| 2092 | ✓ | ✓ | | | | FERRARA INITIAL REPORT | |
| 2406 | ✓ | ✓ | | | | REVISED REPORT FERRARA | |
| 61A | ✓ | REV | | | | AUDIO OF TAURUS DEPOSIT COPY | |
| 2704 | ✓ | ✓ | | | | AUDIO TAURUS DEPOSIT COPY | |
| 2706 | ✓ | ✓ | | | | MUSICAL EXAMPLE (AUDIO) | |
| | | | | | | JOHN PAUL JONES | Δ |
| 638 | ✓ | ✓ | | | | GONZAGE CONCERT | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### LIST OF EXHIBITS AND WITNESS - CONTINUED

Case No. CV 16-03462       Title: SKIDMORE V. LED ZEPPELIN ET AL

| Plaintiff(s) | | | Defendant(s) | | | Exhibit Description / Witness | Called By |
|---|---|---|---|---|---|---|---|
| Ex. # | Id. | Ev. | Ex. # | Id. | Ev. | | |
| | | | | | | ROB MATHES | △ |
| | | | 51A | ✓ | ✓ | AUDIO TAURUS DEPOSIT COPY | |
| | | | 61A | ✓ | ✓ | | |
| | | | 2961 | ✓ | ✓ | MATHES AUDIO TO CATCH A SHAD | |
| | | | 2962 | ✓ | ✓ | AUDIO TAURUS DEPOSIT + TO CATCH A SHAD | |
| | | | 2963 | ✓ | NO | STRUCTURE REPORT | |
| | | | 2014 | ✓ | ✓ | CERTIFIED REGISTRATION | |
| | | | 2060 | ✓ | NO | | |
| | | | | | | TIM GARDNER | △ |
| PGS FROM EXHIBIT 2041 | | | b392b6 | ✓ | NO | PAGES FROM FINANCIAL STMT | |
| | | | b392b9 | ✓ | NO | PAGES FROM FINANCIAL STMT | |
| | | | b392b6 | ✓ | NO | PAGES FROM FINANCIAL STMT | |
| | | | | | | DAVID XDIRKAYE | △ |
| | | | 2412 | ✓ | ✓ | PROFIT/LOSS STMT | |
| | | | | | | JEREMY BLIETZ | △ |
| | | | | | | ROBERT PLANT | △ |
| | | | | | | JAMES PAGE | △ |
| | | | 2112 | ✓ | NO | MAY 1969 CHICAGO FLYER | |
| | | | 2964 | ✓ | ✓ | TAURUS CERTIFIED REGIST. | |
| 98 | ✓ | ✓ | | | | NEW MUSIC EXPRESS ARTICLE | |
| 160A | ✓ | ✓ | | | | ZIG ZAG INTERVIEW | |
| 310 | ✓ | NO | | | | SPIRIT CD MAMMOTH GARDENS | |
| 344 | ✓ | NO | | | | CD IMAGE 1ST ATLANTA POP | |
| b040194 | ✓ NO | (FROM 4194) | | | | | |
| 39A | ✓ | NO | | | | RECORDING TAURUS LIVE | |
| 32A | ✓ | NO | | | | RECORDING SPIRIT ALBUM | |
| 2XX | ✓ | NO | | | | RECORDING COMPARISON VIDEO | |

02808

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case 2:15-cv-03462-RGK-AGR Document 205 Filed 06/23/16 Page 74 of 75 Page ID #:9117

### LIST OF EXHIBITS AND WITNESS - CONTINUED

Case No. CV 15-3462      Title: SKIDMORE V. LED ZEPPELIN

| Plaintiff(s) | | | Defendant(s) | | | Exhibit Description / Witness | Called By |
|---|---|---|---|---|---|---|---|
| Ex. # | Id. | Ev. | Ex. # | Id. | Ev. | | |
| 2011-1 | ✓ | ~~NO~~ | YES | JUN 22 2016 | | AUDIO | |
| 2011-3 | ✓ | ~~NO~~ | YES | JUN 22 2016 | | AUDIO | |
| 2011-5 | ✓ | ~~NO~~ | YES | JUN 22 2016 | | AUDIO | |
| 2011-7 | ✓ | ~~NO~~ | YES | JUN 22 2016 | | AUDIO | |
| | | | | | | | |
| 2016 | ✓ | ✓ | | | | PETITION EXHIBIT A | |
| | | | | | | LAST PAGE - CERTIFICATION | |
| | | | | | | | |
| 2051 | ✓ | | | | | B 040241 | |
| 2027 | ✓ | | | | | B 000 650 | |
| | | | 160 | JUN 22 2016 | | | |
| | | | 140194 to 140241 | JUN 22 2016 | | | |
| | | | 527x | JUN 22 2016 | | | |
| | | | 500 | JUN 22 2016 | | | |
| | | | 100169A | JUN 22 2016 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

G-65A (10/97)          LIST OF EXHIBITS AND WITNESSES - CONTINUED          Page __ of __



Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Rd. | Suite 1
Media, PA 19063
T:  (215) 500-1000; F:  (215) 500-1005
E:  francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq.
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T: (310) 557-9200; F: (310) 557-0224
E:  gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL SKIDMORE, as Trustee for
the RANDY CRAIG WOLFE TRUST,

Plaintiff,

v.

LED ZEPPELIN; JAMES PATRICK
PAGE; ROBERT ANTHONY PLANT;
JOHN PAUL JONES; SUPER HYPE
PUBLISHING, INC.; WARNER MUSIC
GROUP CORP., Parent of
WARNER/CHAPPELL MUSIC, INC.;
ATLANTIC RECORDING
CORPORATION; RHINO
ENTERTAINMENT COMPANY,

Defendants.

Case No. 15-cv-03462 RGK (AGRx)

Hon. R. Gary Klausner

**PLAINTIFF SUPPLEMENTAL
EXHIBIT LIST**

**TRIAL: JUNE 14, 2016**

**TIME: 9:00 A.M.**

{00255828;1}

1

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | Description | Objections | Date Id. | Date Adm. |
|---|---|---|---|---|
| | **AUDIO EXHIBITS** | | | |
| 1A | Audio Exhibit 1: Dazed and Confused by Led Zeppelin (1969)[207A] | Defs: general objection, as to the entire Joint Exhibit List, that plaintiff has insisted upon the inclusion of material not properly or reasonably considered an exhibit for trial, has failed to identify what documents or recordings he is referring to, and has otherwise not cooperated in the preparation of a proper Joint Exhibit List. As to this specific exhibit: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 2A | Audio Exhibit 2: Dazed and Confused by Jake Holmes (1967)[208A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 3A | Audio Exhibit 3: Whole Lotta Love by Led Zeppelin (1969)[409A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 4A | Audio Exhibit 4: Muddy Waters' You Need Love (1962)(10 seconds – 28 seconds)[209A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 5A | Audio Exhibit 5: The Small Faces' You Need Loving (1966)(25 seconds – 48 seconds)[210A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 6A | Audio Exhibit 6: Live performance of Led Zeppelin | | JUN 1 4 2016 | |

{00255828;1}

2

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| 22A | Audio Exhibit 22: Acoustic Guitar | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 23A | Audio Exhibit 23:Cello 1 | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 24A | Audio Exhibit 24: Cello 2 | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 25A | Audio Exhibit 25: Cymbal | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 26A | Audio Exhibit 26: Flute | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 27A | Audio Exhibit 27: Harpsichord | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 28A | Audio Exhibit 28: String Bass | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 29A | Audio Exhibit 29: Viola | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| 30A | Audio Exhibit 30: Violins | Defs: Defs MIL # 3, # 4, FRE 401-02, 403, 1002. | | |
| | **AUDIO EXHIBITS – ALEXANDER STEWART** | | | |
| 31A | Audio Exhibit 31: "Stairway to Heaven" (album) | | | |
| 32A | Audio Exhibit 32: "Taurus" (album) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002. | JUN 1 5 2016 | |
| 33A | Audio Exhibit 33:Taurus Live at Ash Grove (7/10/1967) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 34A | Audio Exhibit 34: Taurus Live at Ash Grove (7/31/1967) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 35A | Audio Exhibit 35:Taurus Live at Ash Grove (8/8/1967) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 36A | Audio Exhibit 36:Taurus Demo | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |

{00255828;1}

7

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Recording (8/1967) | | | |
| 37A | Audio Exhibit 37: Taurus Live at Kaleidoscope (4/5/1968) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 38A | Audio Exhibit 38: Taurus Live at The Time Coast | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 39A | Audio Exhibit 39: Taurus Live at Acoustic (1996) | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | JUN 1 6 2016 | |
| 40A | Audio Exhibit 40: Combination – Acoustic Taurus Synced to STH SR – Part A, played over Master SR of STH | Defs: Defs MIL # 3, #4, FRE 401-02, 403, 1002, 802. | | |
| 41A | Audio Exhibit 41: Acoustic Taurus Synced to Master SR of STH – Part A | Defs: Defs MIL # 3, #4, FRE 401-02, 403, 1002. | | |
| 42A | Audio Exhibit 42: Stairway Acoustic – Part A [9A] | Defs: Defs MIL #4, FRE 401-02, 403, 1002. | | |
| 43A | Audio Exhibit 43: Taurus Acoustic – Part A [10A] | Defs: Defs MIL # 3, #4, FRE 401-02, 403, 1002. | | |
| 44A | Audio Exhibit 44: Combination – Acoustic Taurus Synced to Master SR of STH (Part A), played over Acoustic | Defs: Defs MIL # 3, #4, FRE 401-02, 403, 1002. | | |

{00255828;1}

8

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 320   Filed 06/14/16   Page 9 of 383   Page ID #:6535

| | | | | |
|---|---|---|---|---|
| | Stairway (Part A) [11A] | | | |
| | **AUDIO EXHIBITS – REBUTTAL OF MATHES** | | | |
| 45A | Audio Exhibit 45: Mathes Audio Exhibit Tempo Matched - Stairway | Defs: failure to identify and produce audio exhibit and what works recorded; as to Taurus, Defs MIL # 3, # 4, FRE 401-02, 403, 1002; as to Stairway, failure to identify whether refers to officially released version or plaintiff's recreated versions, which are irrelevant, FRE 401-02, 403, 1002, & lack foundation, MIL # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4); entire, officially release version is relevant work. | | |
| 46A | Audio Exhibit 46: Mathes Audio Exhibit Tempo Matched - Taurus | Defs: failure to identify and produce audio exhibit and what works recorded; as to Taurus, Defs MIL # 3, # 4, FRE 401-02, 403, 1002; as to Stairway, failure to identify whether refers to officially released version or plaintiff's recreated versions, which are irrelevant, FRE 401-02, 403, 1002, & lack foundation, MIL # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4); entire, officially release version is relevant work. | | |
| 47A | Audio Exhibit 47: Mathes Audio Exhibit Tempo Matched - STH & Taurus | Defs: failure to identify and produce audio exhibit and what works recorded; as to Taurus, Defs MIL # 3, # 4, FRE 401-02, 403, 1002; as to Stairway, failure to identify whether refers to officially released version or plaintiff's recreated versions, which are irrelevant, FRE 401-02, 403, 1002, & lack foundation, MIL # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4); entire, officially release version is relevant work. | | |
| 51A | Audio Exhibit 51: Taurus Deposit Copy | | 'JUN 2 1 2016 | JUN 2 1 2016 |

{00255828;1}

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | JUN 1 7 2016 | JUN 2 1 2016 |
|---|---|---|---|---|---|
| 1 2 | | Treble Clef (Hanson) | | | |
| 3 4 5 | 61A | Audio Exhibit 61: Taurus Deposit Copy (by Ferrara) | | JUN 1 7 2016 | |
| 6 7 8 9 | 62A | Audio Exhibit 62: Taurus Recording (by Ferrara) | Defs: failure to identify and produce audio exhibit (Ferrara provided only one audio recording of Taurus deposit copy, listed above); FRE 401-02, 403, 1002, & lack foundation, MIL # 3, # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4). | | |
| 10 11 12 13 14 | 63A | Audio Exhibit 63:Combined - Taurus Deposit Copy and Taurus Recording (by Ferrara) | Defs: failure to identify and produce audio exhibit (Ferrara provided only one audio recording of Taurus deposit copy, listed above); FRE 401-02, 403, 1002, & lack foundation, MIL # 3, # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4). | | |
| 15 16 | 64A | Audio Exhibit 64: Stairway to Heaven (by Ferrara) | | | |
| 17 18 19 20 21 22 | 65A | Audio Exhibit 65:Combined – Taurus Deposit Copy and Stairway to Heaven (by Ferrara) | Defs: failure to identify and produce audio exhibit (description does not match audio recordings provided by Ferrara); to the extent plaintiff refers to another of plaintiff's audio recordings, failure to identify and produce audio exhibit, FRE 401-02, 403, 1002, & lack foundation, MIL # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4). | | |
| 23 24 25 26 27 28 | 66A | Audio Exhibit 66: Combined - Taurus Recording and Stairway to Heaven (by Ferrara) | Defs: failure to identify and produce audio exhibit (description does not match audio recordings provided by Ferrara); to the extent plaintiff refers to another of plaintiff's audio recordings, failure to identify and produce audio exhibit, FRE 401-02, 403, 1002, & lack foundation, MIL # 3, # 4, failure to comply with FRCP 26(a)(2), (e) & (b)(4). | | |

{00255828;1}                                          13
PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 525   Filed 06/23/16   Page 23 of 45   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 449   Filed 06/14/16   Page 20 of 383   Page ID
#:6546

| | | | | |
|---|---|---|---|---|
| 95 | Deposition of Robert Mathes (2016.05.27) (Transcript) [Mathes] | | | |
| 95V | Deposition of Robert Mathes (2016.05.27) (VIDEO) [Mathes] | | | |
| 96 | Deposition of Lawerence Ferrara (2016.05.27) (Transcript) [Ferrara] | | | |
| 96V | Deposition of Lawrence Ferrara (2016.05.27) (VIDEO) [Ferrara] | | | |
| 97 | Deposition of Michael Ware (2016.05.31) (Transcript) [Ware] | | | |
| 97V | Deposition of Michael Ware (2016.05.31) (VIDEO) [Ware] | | | |
| 98-1 | New Musical Express Article [Page][D98] | Defs: Defs MIL # 2 & # 5, FRE 401, 402, 403, 404, 407, 408, 802, 805. | JUN 1 5 2016 | 'JUN 1 5 2016 |
| 99V | BBC Interview with Jimmy Page (minutes 1:13 to1:25)[VIDEO ][Page] | Defs: reserve right to play other portions of the interview. | | |
| 99T | Transcript of BBC Interview with Jimmy Page | | | |

{00255828;1}                                    20
PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | Heaven [AUDIO][Page][D109] | | | |
| | 110A | Take 4 - Stairway to Heaven [AUDIO][Page][D110] | | | |
| | 111A | Take 5 - Stairway to Heaven [AUDIO][Page][D111] | | | |
| | 112A | Take 6 - Stairway to Heaven [AUDIO][Page][D112] | | | |
| | 113A | Take 7 - Stairway to Heaven [AUDIO][Page][D113] | | | |
| | 114A | Take 8 - Stairway to Heaven [AUDIO][Page][D114] | | | |
| | 146 | Plant Crash Article[Page][Jones][D146] | | | |
| | 157 | Zig Zag reprinted in Guitar World Interview with Jimmy Page [Page][D157] | Defs: Defs MIL # 2, FRE 401-02, 403, 802, 805. | JUN 1 5 2016 <br> JUN 1 5 2016 <br> BMES 160-00009 | |
| | 160 | Zig Zag reprinted in Guitar World Interview with Jimmy Page [Page][D157] | Defs: either duplicative of Exh. 157 or not produced; Defs MIL # 2, FRE 401-02, 403, 802, 805. | | |
| | 160A | Zig Zag Interview with Jimmy Page [AUDIO][Page] | | JUN 1 5 2016 <br> JUN 1 5 2016 | |

{00255828;1}

22

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR Document 325 Filed 06/23/16 Page 145 of 745 Page ID #:2420

Case 2:15-cv-03462-RGK-AGR   Document 320   Filed 06/14/16   Page 25 of 383   Page ID #:6551

| | | | | |
|---|---|---|---|---|
| | | (Original)[Jones] | | |
| 204 | Photos of Lez Zeppelin II Album Covers and Vinyl (Remastered) | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404. | | |
| 205A | Spirit's Fresh Garbage Performance (Feb. 3, 1970)(7:58) [AUDIO][Jones] | Defs: FRE 901, 401-02, 403; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | 'JUN 1 5 2016 | ✓ 6-15-16 |
| 206A | Led Zeppelin Playing Fresh Garbage (2:51) [AUDIO][Jones][6A] | Defs: FRE 901, 401-02, 403; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 207A | Dazed and Confused (Led Zeppelin)(1969) [AUDIO][Jones][1A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 208A | Dazed and Confused (Jake Holmes)(1967)[AUDIO][Jones][2A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 209A | You Need Love (Muddy Waters)(1962)[AUDIO][Jones][4A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 210A | You Need Loving (The Small Faces)(1966)[AUDIO][Jones][5A] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 211A | Babe I'm Gonna Leave You (Joan Baez/Anne Bredon)(1962)[AUDIO][Jones] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |

{00255828;1}

25

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| 303A | Spirit CD - Valley Music Theatre (12/31/1970)(DiscOne)[AUDIO] [Ferguson] | | | |
| 304 | Spirit CD - Valley Music Theatre (12/31/1970)(Disc Two)[Ferguson] | | | |
| 304A | Spirit CD - Valley Music Theatre (12/31/1970)(DiscTwo)[AUDIO] [Ferguson] | | | |
| 305 | Poster – Northern California Folk-Rock Festival [Ferguson] | Defs: FRE 901, 802, 401-02, 602. | JUN 1 5 2016 | JUN 1 5 2016 |
| 306 | Spirit CD - The Forum (12/12/1970)[Ferguson] | | | |
| 306A | Spirit CD - The Forum (12/12/1970) [AUDIO] [Ferguson] | | | |
| 307 | Spirit CD - Mammoth Gardens (6/5/1970)[Ferguson] | | | |
| 307A | Spirit CD - Mammoth Gardens (6/5/1970)[AUDIO][Ferguson] | | | |
| 308 | Spirit CD - Cincinnati, Ohio (Unknown venue)(Late 1970)[Ferguson] | | | |

{00255828;1}

31

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/22/16   Page 167 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 308   Filed 06/14/16   Page 32 of 383   Page ID
#:6558

| | | | | |
|---|---|---|---|---|
| 308A | Spirit CD - Cincinnati, Ohio (Unknown venue)(Late 1970)[AUDIO][Ferguson] | | | |
| 309 | Spirit CD - Whisky A Go Go (11/1/1970)[Ferguson] | | | |
| 309A | Spirit CD - Whisky A Go Go (11/1/1970)[AUDIO][Ferguson] | | | |
| 310 | Spirit CD - Mammoth Gardens (2/1/1969)[Ferguson] | JUN 1 5 2016 | | |
| 310A | Spirit CD - Mammoth Gardens (2/1/1969)[AUDIO][Ferguson] | | | |
| 311 | Spirit CD - Civic Center (Baltimore, MD)(10/3/1969) [Ferguson] | | | |
| 311A | Spirit CD - Civic Center (Baltimore, MD) (10/3/1969) [AUDIO][Ferguson] | | | |
| 312 | Spirit CD - Center Arena (Seattle, WA)(5/22/1970) [Ferguson] | JUN 1 4 2016 | JUN 1 4 2016 | |
| 312A | Spirit CD - Center Arena (Seattle, WA)(5/22/1970) | | | |

{00255828;1}

32

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 3025   Filed 06/23/16   Page 178 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 2029   Filed 06/14/16   Page 33 of 383   Page ID
#:6559

| | | | | |
|---|---|---|---|---|
| | | [AUDIO][Ferguson] | | | |
| 313 | "Rock Concert is Real Groovy – Rocky Mountain News Music Critic [Ferguson][D136] | | JUN 1 5 2016 | JUN 1 5 2016 |
| 314 | "Atlanta Pop- 'Greatest Musical Fair Ever'" – The Hurricane (7/11/1969)[Ferguson][D202] | | JUN 1 5 2016 | JUN 1 5 2016 |
| 315 | Atlanta Pop Festival Announcement [Ferguson][D125] | Defs: FRE 802. | | |
| 316 | Seattle Pop Festival Poster [Ferguson][D136] | Defs: FRE 802. | JUN 1 5 2016 | JUN 1 5 2016 |
| 317 | Sylvan Rock Flows Smoothly – Seattle Post Intelligencer (7/29/1969)[Ferguson][D117] | | | |
| 318 | Seattle Pop Festival Poster [Ferguson] | Defs: FRE 802. | JUN 1 5 2016 | JUN 1 5 2016 |
| 319 | Texas International Pop Festival Poster and News Articles [Ferguson] | Defs: FRE 802. | JUN 1 5 2016 | JUN 1 5 2016 |
| 320 | Spirit Poster for (12/26/1967)[Ferguson] | | JUN 1 4 2016 | JUN 1 5 2016 |
| 321 | Robert Plant Crash Article – Melody Maker (2/7/1970) | | JUN 1 5 2016 | JUN 1 5 2016 |

{00255828;1}

33

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/23/16   Page 189 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 309   Filed 06/14/16   Page 36 of 383   Page ID
#:6562

| | | | | | |
|---|---|---|---|---|---|
| 1 | | (Spirit)(Disc 1)[Ferguson] | 403, 1002. | | |
| 2 | | Time Circle (Spirit)(Disc 1) [AUDIO][Ferguson] | | | |
| 3 | 338A | | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 4 | | | | | |
| 5 | 338.2 | Time Circle (Spirit)(Disc 2)[Ferguson] | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 6 | | | | | |
| 7 | 338.2A | Time Circle (Spirit)(Disc 2) [AUDIO][Ferguson] | Defs: Defs MIL # 3, FRE 401-02, 403, 1002, 802. | | |
| 8 | | | | | |
| 9 | 339 | Time Circle Notes [Ferguson][D137] | Defs: Defs. MIL # 3, FRE 802, 805. | | |
| 10 | | | | | |
| 11 | 340 | All for One Contract [Ferguson] | Defs: FRE 401-02, 403. | | |
| 12 | | | | | |
| 13 | | Letter Canceling "All For One"Contract [Ferguson] | | | |
| 14 | 341 | | Defs: FRE 401-02, 403. | | |
| 15 | | | | | |
| 16 | 342 | Subpoena to Jay Ferguson [Ferguson] | | | |
| 17 | | | | | |
| 18 | | CD Jay Ferguson Interview with Bruce Pates Summerland, CA (June 28, 2000) [Transcript] | | | |
| 19 | 343 | | Defs: FRE 602, 802, 401-02, 403. | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | CD Jay Ferguson Interview with Bruce Pates Summerland, CA (June 28, 2000)[AUDIO][ Ferguson] | | | |
| 23 | | | | | |
| 24 | 343A | | Defs: FRE 401-02. | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | 344 | [DVD] CD Image – 1st Atlanta Pop | 'JUN 1 5 2016' | | |
| 28 | | | | | |

{00255828;1}

36

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR Document 305 Filed 06/23/16 Page 20 of 45 Page ID
Case 2:15-cv-03462-RGK-AGR Document 443 Filed 06/14/16 Page 38 of 383 Page ID
#:6564

| | | | | |
|---|---|---|---|---|
| 352 | Bruce Pates Document for Spirit Setlist from (2/1/1969)[Andes] | | JUN 15 2016  JUN 15 2016 | |
| 353 | "Stairway to Heaven: Song Remains Pretty Similar" by Vernon Silver [Andes] | Defs: Defs MIL # 2, # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 360 | Subpoena Bruce Pates [Pates] | | | |
| 361 | Letter to Ed Cassidy and Notice from Hollenbeck (6/30/1971)[Pates] | Defs: FRE 401-02. | | |
| 362 | Songwriter Contract (8/29/1967)[Pates] | Defs: this is Cassidy's songwriter contract, which is not relevant; FRE 401-02, 403, 404. | | |
| 363 | Vintage Guitar Magazine [Pates] | Defs: FRE 401-02. | | |
| 364 | Cds and List of Songs | Defs: as to 1st CD, Defs MIL # 3, FRE 401-02, 403, 802, 901; as to 5th CD, FRE 401-02, 403, 802, 901, 1002; as to 6th CD, Defs MIL # 2, # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1); as to 7th CD, FRE 802, 901. | | |
| 365 | Email on Texas Intl. Pop Festival Files from Francis to Peter [Pates] | Defs: FRE 401-02; to the extent plaintiff means to refer to the audio files transferred, *see* objections to Exh. 364. | | |
| 366 | Goldmine Magazine with Randy Interview [Pates] | Defs: FRE 802, 901, 401-02, 403, 404. | | |

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/23/16   Page 221 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 306-12   Filed 06/14/16   Page 39 of 383   Page ID
#:6565

| | | | | |
|---|---|---|---|---|
| 367 | Spirit CD – Civic Center Santa Monica, CA (9-29-1967)[Pates] | Defs: as to 1st CD, Defs MIL # 3, FRE 401-02, 403, 404, 802, 901, 1002. | | |
| 367A | Spirit CD – Civic Center Santa Monica, CA (9-29-1967) [AUDIO][Pates] | Defs: Defs MIL # 3, FRE 401-02, 403, 404, 802, 901, 1002. | | |
| 368 | Led Zeppelin CD – Whisky A Go (1/5/1969)[Pates] | Defs: FRE 401-02. | | |
| 368A | Led Zeppelin CD – Whisky A Go (1/5/1969)[AUDIO][Pates] | Defs: FRE 401-02. | | |
| 369 | Spirit CD – Live at the Troubadour (12-6-1975)[Pates] | Defs: Defs MIL # 3, FRE 401-02, 403, 802, 901, 1002. | | |
| 369A | Spirit CD – Live at the Troubadour (12-6-1975)[AUDIO][ Pates] | Defs: Defs MIL # 3, FRE 401-02, 403, 802, 901, 1002. | | |
| 370 | Quinn Message to Bruce Pates [Pates] | Defs: FRE 401-02. | | |
| 371 | Quinn Message to Pates on (4-30-2002)[Pates] | Defs: FRE 401-02. | | |
| 372 | Quinn Message to Bruce Pates on Yahoo Groups [Pates] | Defs: FRE 401-02. | | |
| 373 | Spirit Album [Pates] | Defs: this deposition exhibit is a photocopy of the back of the album; to the extent plaintiff intends to refer to the audio recordings on the album, Defs MIL # 3, FRE 401-02, | JUN 1 5 2016  JUN 1 5 2016 | |

Case 2:15-cv-03462-RGK-AGR Document 305 Filed 06/23/16 Page 22 of 45 Page ID
Case 2:15-cv-03462-RGK-AGR Document 242 Filed 06/14/16 Page 44 of 383 Page ID
#:6570

| | | | | |
|---|---|---|---|---|
| 412A | Communications Breakdown (Led Zeppelin)(1969) (Clip)[AUDIO] [Plant] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 413A | Nervous Breakdown (Eddie Cochran)(1958) (Clip)[AUDIO] [Plant] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 414A | Since I've Been Loving You (Led Zeppelin)(Clip) [AUDIO][Plant] | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 415A | Never (Moby Grape)(Clip)[AUDIO][Plant | Defs: Defs MIL # 5, FRE 407, 408, 401-02, 403, 404; failure to identify/provide expert testimony as to claimed use, FRCP 26(a), 26(e), 37(c)(1). | | |
| 450 | Stipulation to Order and Order for Substituted Judgment to Create and Fund Revocable Living Trust and Execute a Pour-Over Will (Probate Code Sec. 2 580(b)(5)) and (13)) [Skidmore] | 450- 0001 | JUN 1 7 2016<br>JUN 1 7 2016 | |
| 451 | Randy Craig Wolfe Trust [Skidmore] | | JUN 1 7 2016 | JUN 1 7 2016 |
| 452 | First Amendment to Randy Craig Wolfe Trust (February 26, | | JUN 1 7 2016 | JUN 1 7 2016 |

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 30525   Filed 06/22/16   Page 223 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 262   Filed 06/14/16   Page 45 of 383   Page ID
#:6571

| | | | | |
|---|---|---|---|---|
| | | 2002)[Skidmore ] | | | |
| 453 | Second Amendment to Randy Craig Wolfe Trust (February 26,2002) [Skidmore] | | JUN 1 7 2016    JUN 1 7 2016 | |
| 454 | Third Amendment to Randy Craig Wolfe Trust (February 26, 2002  [Skidmore] | | JUN 1 7 2016    JUN 1 7 2016 | |
| 455 | Fourth Amendment to Randy Craig Wolfe Trust (February 26, 2002)[Skidmore ] | | JUN 1 7 2016    JUN 1 7 2016 | |
| 456 | Fifth Amendment to Randy Craig Wolfe Trust (February 26, 2002)[Skidmore ] | | | |
| 457 | Certification of Trust Existence and Authority [Skidmore] | | | |
| 458 | Royalty Statement [Skidmore] | Defs: FRE 401-02. | | |
| 459 | Royalty Statement [Skidmore] | Defs: FRE 401-02. | | |
| 460 | Royalty Statement [Skidmore] | Defs: FRE 401-02. | | |
| 461 | Alice Cooper Interview [Skidmore] | Defs: FRE 401-02, 802. | | |

{00255828;1}                                45

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 305   Filed 06/23/16   Page 224 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 258   Filed 06/14/16   Page 49 of 383   Page ID
#:6575

| | | | |
|---|---|---|---|
| 500-1 | Mall | | |
| 500-1 | Chromatic Line [Stewart Exhibit] | JUN 1 6 2016 | |
| 501 -1 | Other Art Chromatic Line Comparison [Stewart Exhibit] | JUN 1 6 2016 | JUN 1 6 2016 |
| 502-1 | Harmony [Stewart Exhibit] | JUN 1 6 2016 | JUN 1 6 2016 |
| 503-1 | Ferrara Harmony Comparison [Stewart Exhibit] | JUN 1 6 2016 | JUN 1 6 2016 |
| 504 | Mathes Taurus Deposit Copy [Stewart Exhibit][2603.B] | | |
| 505 -1 | A Section Taurus and STH [Stewart Exhibit] | JUN 1 6 2016 | JUN 1 6 2016 |
| 506 -1 | Taurus and STH Note Pairings [Stewart Exhibit] | JUN 1 6 2016 | JUN 1 6 2016 |
| 507 | Mathes [2603][2603.B][2603.C][2605] [Stewart Exhibit] | | |
| 508 | Ferrara [2704][2705][2707] [Stewart Exhibit] | | |
| 509 -1 | Taurus and STH Pitch Collections (Graphed) [Stewart | JUN 1 6 2016 | JUN 1 6 2016 |

{00255828;1}

49

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 305   Filed 06/22/16   Page 25 of 45   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 344   Filed 06/14/16   Page 50 of 383   Page ID
#:6576

| | | | | |
|---|---|---|---|---|
| | Exhibit] | | | |
| 510 | Taurus and STH Pitch Collections (Written) [Stewart Exhibit] | | | |
| 511~1 | Taurus and STH Pitch Inventory (Quantative) [Stewart Exhibit] | | JUN 1 6 2016 | JUN 1 6 2016 |
| 512 | Taurus and STH Form [Stewart Exhibit] | | | |
| 513 | T Deposit Copy and STH Vocal Melody [Stewart Exhibit] | | | |
| 514 | Wayne's World Film Information [Stewart Exhibit] | | | |
| 514V | Wayne's World World Stairway Clip (with Overdub) | | | |
| 514VV | Wayne's World World Stairway Clip (without Overdub) | | | |
| 515 | "Phrase" (Harvard Dictionary of Music) [Stewart Exhibit] | | | |
| 516 | Stewart To Catch a Shad Interlude Transcription | | | |
| 517 | Defense Rebuttal Expert | Plt: FRE 401-402; Failure to Disclose | | |

{00255828;1}                                         50

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 305   Filed 06/23/16   Page 236 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 262   Filed 06/14/16   Page 55 of 383   Page ID
#:6581

| | | | | |
|---|---|---|---|---|
| 523 | Top Pop Albums 1955-1992 - Joel Whitburn | | | |
| 524V | STH [Plaintiff Video Exhibit] | | 'JUN 1 5 2016 | |
| 525V | TAURUS DEPOSIT [Plaintiff Video Exhibit] | | JUN 1 5 2016 | JUN 1 5 2016 |
| 527V | T DEPOSIT (Bass Clef) [Plaintiff Video Exhibit] | | JUN 1 5 2016 | JUN 1 6 2016 |
| 529V | STH PAIRS[Plaintiff Video Exhibit] | | | |
| 530V | T PAIRS [Plaintiff Video Exhibit] | | | |
| 532V | TAURUS ALBUM [Plaintiff Video Exhibit] | | JUN 1 5 2016 | |
| 534V | TAURUS (Treble Clef) [Plaintiff Video Exhibit] | | | |
| 535 | Andes and Plant Photo | | JUN 1 5 2016 | |
| 536 | Spirit and Led Zeppelin Poster - Illinois Speedway | | | |
| 537 | Randy California Pictures | | | |
| 538 | 1968.12.30 - Led Zeppelin Gonazage University Concert, Spokane Washington | | JUN 1 7 2016 | JUN 1 7 2016 |
| 538.1A | The Train Kept A Rollin | | | |
| 538.2A | I Can't Quit | | | |

{00255828;1}

55

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/22/2014) **(FILED 09/22//2014) (ECF No. 30)** | | | |
| | 3031 | AMENDED COMPLAINT against ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER | Defs: Defs MIL # 1, # 2, # 3, # 5, # 8, #14; FRE 401-02, 403, 404, 407, 408, 701-05, 802 & 805; assertions as to substantial similarity barred by failure to timely provide expert disclosures as to relevant work (1967 transcription), FRCP 26(a), 26(e) & 37(c)(1). | | |

3031-00042     'JUN 1 7 2016     JUN 1 7 2016

{00255828;1}

128

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | Ballroom listing (D000099) | | | |
| 2008 | | Grande Ballroom listing (D000100) | FRE 402; 802 | | |
| 2009 | | Concert Database Grande Ballroom listing (D000101) | FRE 402; 802 | | |
| 2010 | | Grande Ballroom performance photo (D000103) | FRE 402; 802 | | |
| 2011 | | Bootleg albums (D000104-06) and Headley Grange recordings on album | FRE 402;  *2011-1,3,5,7* | *JUN 1 5 2016* | |
| 2012 | | Denver 12/68 review (D000136) | FRE 402; 802 | | |
| 2013 | | Spirit Time Circle album and liner notes (D000137-145) | FRE 402; 802; 901 | | |
| 2014 | | Cert. of Registration of Copyright in Stairway to Heaven (D000178-80) | FRE 402; 802; 901 | *JUN 2 1 2016* | *JUN 2 1 2016* |
| 2015 | | Stip. to Order & Order 2/19/02 in Ventura Cty. Superior Court Case No. P72493 (D000203-07) | FRE 402; 802; 901 | | |
| 2016 | | Petition for Substituted Judgment 1/14/02 in Ventura Cty. Superior Court | *PETITION, EXHIBIT A, LAST PAGE - CERTIFICATION* FRE 402; 802 | *JUN 1 7 2016* | *JUN 1 7 2016* |

{00255828;1}

271

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Case No. P72493 (D000208-36) | | | |
| 2017 | Ventura County Superior Court filings in P 76088 | FRE 402; 802 | | |
| 2018 | Ventura County Superior Court filings in P 76088 | FRE 402; 802 | | |
| 2019 | Rhino Re-release marketing materials (D000291-93) | FRE 402; 802 | | |
| 2020 | Billboard Top Albums 1955-2001 (D000559-61) | FRE 402; 802; 901 | | |
| 2021 | Stairway to Heaven deposit copy (D000562-65) | FRE 402; 802; 901 | | |
| 2022 | Chet Baker Bouree recording (D000134) | FRE 402; 802; 901 | | |
| 2023 | Chim Chiree recording (D000135) | FRE 402; 802; 901   *2023-A* | JUN 1 6 2016 | JUN 1 6 2016 |
| 2024 | To Catch A Shad recording, The Modern Folk Quartet | FRE 402; 802; 901 | | |
| 2025 | Led Zeppelin DVD 2003 | FRE 402; 802; 901 | | |
| 2026 | Led Zeppelin IV documents (D000608-641) | FRE 402; 802; 901 | | |
| 2027 | WB Music-Flames of Albion 2008 Admin Agreement (D000642-54) | FRE 402; 702; 802; 901   *b000640* | JUN 1 5 2016 | |

{00255828;1}

272

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 265   Filed 06/14/16   Page 274 of 383   Page ID
#:6800

| # | | | | | |
|---|---|---|---|---|---|
| 2035 | Rhino-Atlantic P&L (D040419) (Subject to update) | FRE 402; 702; 802; 901 | | | |
| 2036 | *Record-side accounting statements (D005047-36251) | FRE 402; 702; 802; 901 | | | |
| 2037 | Summary as to Individuals (D040451-55) (Subject to update) | FRE 402; 702; 802; 901 | | | |
| 2038 | *Alfred accounting statements D036252-893) | FRE 402; 702; 802; 901 | | | |
| 2039 | *ASCAP accounting statements to J Page (D036894-38062) | FRE 402; 702; 802; 901 | | | |
| 2040 | *ASCAP accounting statements to R Plant (D038063-39242) | FRE 402; 702; 802; 901 | | | |
| 2041 | *Reports of Directors- Flames of Albion (D039243-281) | P 65 39243; 39247; b 39266; b 39269; b 39266; b 39246; b39289; b 39321, D 39296 | *JUN 1 6 2016* *JUN 2 1 2016* | | |
| 2042 | *Reports of Directors- Superhype Tapes (D039282-321) 28 | FRE 402; 702; 802; 901 | | | |
| 2043 | *RAL accounting statements to J Page/Classicberry (D039322-434) | FRE 402; 702; 802; 901 | | | |

02833

| | | | | |
|---|---|---|---|---|
| 2044 | *RAL accounting statements to R Plant/Trolcharm (D039435- 562) | FRE 402; 702; 802; 901 | | |
| 2045 | *RAL accounting statements to J Baldwin/JPJ Comm'ns (D039563-687) | FRE 402; 702; 802; 901 | | |
| 2046 | *SoundExchange accounting statements (D039688-401-0291) | FRE 402; 702; 802; 901 | | |
| 2047 | *Letter of direction 11/1/68 (D0404192) | FRE 402; 702; 802; 901 | | |
| 2048 | *Letter agreement re letter of direction 12/4/1969 (D0404193) | FRE 402; 702; 802; 901 | | |
| 2049 | Rhino Agreement 7/1/12 (D0401-0294-237) | FRE 402; 702; 802; 901 | | |
| 2050 | Rhino letter agreement 7/1/12 (D040238-41) | FRE 402; 702; 802; 901 | | |
| 2051 | *Recording Contract 11/1/68 (D040242-259) | FRE 402; 702; 802; 901 | 'JUN 1 5 2016   D040241 | |
| 2052 | *Recording Contract amendment 12/4/69 (D040260-62) | FRE 402; 702; 802; 901 | | |
| 2053 | *Confirming letter 12/4/69 (D040263) | FRE 402; 702; 802; 901 | | |
| 2054 | Master | FRE 402; 702; 802; 901 | | |

{00255828;1}

275

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | container labels (D040264-65) | | | |
| | 2055 | 1969 itineraries (D040396-99) | FRE 402; 802; 901 | | |
| | 2056 | Total Spins info 2011-15 (D040400-15) (Subject to update) | FRE 402; 702; 802; 901 | | |
| | 2057 | Documents re theft of J Page tapes (D040421-41) | FRE 402; 802; 901 | | |
| | 2058 | Taurus 1967 transcription (D040443) [Stewart] | | JUN 1 5 2016 | JUN 1 5 2016 |
| | 2059 | Partial summary of Led Zeppelin awards/recognition (D040444-50) | FRE 402; 802; 901 | | |
| | 2060 | Superior Court Order approving Wolfe-Hollenbeck Exclusive Songwriter's & Composer's Agreement 11/20/67 | FRE 402; 802; 901; improper changing of copyright subject of litigation; failure to disclose | JUN 1 5 2016 | — |
| | 2061 | Corrections to registrations re Taurus (HOA 000024-25) | FRE 402; 802; 901; improper changing of copyright subject of litigation; failure to disclose | | |
| | 2062 | Corrections to registrations re Taurus (HOA 000038-41) | FRE 402; 802; 901; improper changing of copyright subject of litigation; failure to disclose | | |
| | 2063 | Chris Farlowe & The Thunderbirds album and Spring Is Near recording (D40416-17) | FRE 402; 702; 802; 901 | | |

{00255828;1}

276

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 305   Filed 06/23/16   Page 33 of 45   Page ID
#:6803
Case 2:15-cv-03462-RGK-AGR   Document 243   Filed 06/14/16   Page 277 of 383   Page ID
#:6803

| | | | | | |
|---|---|---|---|---|---|
| 2064 | Randy Craig Wolfe Trust Agreement (deposition exhibit 451) | FRE 402 | | | |
| 2065 | First Amendment to Trust Agreement (deposition exhibit 452) | FRE 402 | | | |
| 2066 | Second Amendment to Trust Agreement (deposition exhibit453) | FRE 402 | | | |
| 2067 | Third Amendment to Trust Agreement (deposition exhibit 454) | FRE 402 | | | |
| 2068 | Fourth Amendment to Trust Agreement (deposition exhibit 455) | FRE 402 | | | |
| 2069 | Fifth Amendment to Trust Agreement (deposition exhibit 456) | FRE 402 | | | |
| 2070 | Exclusive Songwriter's and Composer's Agreement – Wolfe/Hollenbeck 8/29/67 | FRE 402 | JUN 1 7 2016 | JUN 1 7 2016 | |
| 2071 | Ode Records Recording Contract 8/29/67 | FRE 402; 802; 901 | | | |
| 2072 | Malofiy letter to Adler 7/29/14 | FRE 402; | | | |

{00255828;1}

277

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/23/16   Page 334 of 745   Page ID
#:9489
Case 2:15-cv-03462-RGK-AGR   Document 242   Filed 06/14/16   Page 279 of 383   Page ID
#:6805

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3 | | performed 2/1/69 (deposition exhibit 352) | | | |
| 4<br>5<br>6<br>7 | 2088 | Spirit performance Texas Pop Festival https://www.yo utube.com/watc h?v=1q80pFUe 3Es | FRE 402; 802; 901 | | |
| 8<br>9<br>10 | 2089 | YouTube listing of songs Spirit performed at Texas Pop Festival | FRE 402; 802; 901 | | |
| 11<br>12<br>13 | 2090 | Plaintiff's Response to second set of Interrogatories | FRE 402; | | |
| 14 | 2091 | Defendants' second Request for Admissions | FRE 402; | | |
| 15<br>16<br>17<br>18 | 2092 | Dr. Ferrara initial report and attachments/vis ual & audio exhibits | FRE 402; 703; 802; 901 | 'JUN 1 7 2016<br>JUN 1 7 2016 | |
| 19<br>20<br>21 | 2093 | Dr. Ferrara rebuttal report and attachments/vis ual & audio exhibits | FRE 402; 703; 802; 901 | | |
| 22<br>23<br>24<br>25 | 2094 | R. Mathes initial report and attachments/vis ual & audio exhibits | FRE 402; 703; 802; 901 | | |
| 26<br>27<br>28 | 2095 | R. Mathes audio exhibit – Kennedy Center performance identified in | FRE 402; 703; 802; 901 | | |

{00255828;1}

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | initial report | | | |
| 2096 | R. Mathes rebuttal report and attachments/visual & audio exhibits | FRE 402; 703; 802; 901 | | |
| 2097 | Led Zeppelin album (1968) | FRE 402; | | |
| 2098 | Led Zeppelin II album | FRE 402; | | |
| 2099 | Led Zeppelin III album | FRE 402; | | |
| 2100 | Led Zeppelin IV Album | FRE 402; | | |
| 2101 | Houses of the Holy album | FRE 402; | | |
| 2102 | Physical Graffiti album | FRE 402; | | |
| 2103 | Presence album | FRE 402; | | |
| 2104 | In Through the Out Door album | FRE 402; | | |
| 2105 | Coda album | FRE 402; | | |
| 2106 | Heart Kennedy Center performance of Stairway to Heaven | FRE 402; 802; 901 | | |
| 2107A | Mothership (CD) | FRE 402; | | |
| 2017V | Mothership (DVD) | FRE 402; | | |
| 2108 | How the West Was Won album | FRE 402; | | |
| 2109 | Song Remains the Same video | FRE 402; | | |
| 2110 | Celebration Day video | FRE 402; | | |
| 2111 | Celebration Day CD | FRE 402; | | |
| 2112 | *May 23-24, 1969 Kinetic, Chicago | FRE 402; 802; 901; failure to disclose | JUN 1 5 2016 | |

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Performance | | | |
| 2113 | Spirit "Texas Pop Festival" 9-1-69 CD and list of songs (from Exh. 364) | FRE 402; 802; 901; failure to disclose | | |
| 2114 | Spirit "Hornsey Town Hall" 2-3-70 CD and list of songs (from Exh. 364) | FRE 402; 802; 901; failure to disclose   JUN 1 5 2016 | 2114-1   JUN 1 5 2016 | |
| 2058A S | Taurus Deposit Copy (D040443) [Stewart] | | | |
| 2058-1 | Taurus Deposit Copy With Handwritten Notes [Stewart] | | | |
| 2092 - B | Dr. Ferrara's Transcription of Stairway to Heaven [Stewart] [Johnson] | | | |
| 2115 | Curriculum Vitae of Alexander Stewart [Stewart] | | | |
| 2116 | Subpeona [Stewart] | | | |
| 2117 | Stairway to Heaven Sheet Music [Stewart] | | | |
| 2118 | Court Order [Stewart] | | | |
| 2119 | 2016.04.30 Expert Report - Dr. Stewart [Stewart] | | | |
| 2200 | Definition of "Verse" from The Harvard Dictionary of Music [Stewart] | | | |

{00255828;1}

281

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | Deposition in a Civil Trial [Ferrara] | | | |
| | 2701 | Invoices [Ferrara] | | | |
| | 2702 | Document entitled Jazzology [Ferrara] | | | |
| | 2703 | Document entitled Ferrara Cases [Ferrara] | | | |
| | 2704 | Taurus Deposit Copy [Ferrara] | | JUN 1 6 2016 | JUN 1 6 2016 |
| | 2705 | Musical Example 1 [Ferrara] | | JUN 1 7 2016 | JUN 1 7 2016 |
| | 2706 | Expert Report [Ferrara] | | | |
| | 2707 | Transcription [Ferrara] | | | |
| | 2708 | Stairway to Heaven deposit copy (D000562-65) [Ferrara] | | | ✓ JUN 1 6 2016 |
| | 2709 | Policy, Academic Integrity for Students at NYU [Ferrara] | | | |
| | 146 | Robert Plant Road Crash [D146] [Plant] [Ware] | | | |
| | 3218 | Order Granting Plaintiff's Motion for Leave to Depose Newly Discovered Witness [Ware] | | | |
| | 2950 | List of Artists Playing at Mothers Club [Ware] | | JUN 1 5 2016 | JUN 1 5 2016 |
| | 2951 | Copy of Poster of Spirit | | JUN 1 6 2016 | |

{00255828;1}

285

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Playing at Mothers Club [Ware] | | | |
| 2952 | Billboard Charts [Ware] | | JUN 1 6 2016 | |
| 2953 | Billboard Charts [Ware] | | JUN 1 6 2016 | |
| 2954 | Email from Mr. Ware to Mr. Skidmore [Ware] | | JUN 1 5 2016 | JUN 1 5 2016 |
| 2955 | Post Downloaded From Website [Ware] | | JUN 1 5 2016 | JUN 1 5 2016 |
| | **Additional Exhibits added by Plaintiff** | | | |
| | **D000001-601** | | | |
| 100001 | Session Man CD Cover and Liner Notes | | | |
| 100002 | Session Man CD Cover and Liner Notes | Defs: failure to identify the exhibit by a unique number, making it unclear what plaintiff refers to; apparently duplicative of exhibit above; objections reserved. | | |
| 100003 | Session Man CD Cover and Liner Notes | Defs: failure to identify the exhibit by a unique number, making it unclear what plaintiff refers to; apparently duplicative of exhibit above; objections reserved. | | |
| 100004 | Session Man CD Cover and Liner Notes | Defs: failure to identify the exhibit by a unique number, aking it unclear what plaintiff refers to; apparently duplicative of exhibit above; objections reserved. | | |
| 100005 | Session Man CD Cover and Liner Notes | Defs: failure to identify the exhibit by a unique number, making it unclear what plaintiff refers to; apparently duplicative of exhibit above; objections reserved. | | |
| 100006 | Session Man CD Cover and Liner Notes | Defs: failure to identify the exhibit by a unique number, making it unclear what plaintiff refers to; apparently duplicative of exhibit | | |

{00255828;1}

286

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| 100153 | "My Back Pages" Interview with Jimmy Page | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100154 | "My Back Pages" Interview with Jimmy Page | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100155 | "My Back Pages" Interview with Jimmy Page | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100156 | "My Back Pages" Interview with Jimmy Page | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100157 | "My Back Pages" Interview with Jimmy Page | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100158 | News Article Speaking About Spirit in 1969 | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | JUN 1 5 2016 | |
| 100159 | News Article on how Jimmy Saw Spirit Shows | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, | | |

JUN 1 5 2016

{00255828;1}

304

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | objections reserved. | | |
| 100160 | D000160 – ZigZag JP Interview, Spirit & Kaleidoscope | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100161 | BBC Article on Jimmy Allegedly Wrote Stairway | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100162 | BBC Article on Jimmy Allegedly Wrote Stairway | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100163 | BBC Article on Jimmy Allegedly Wrote Stairway | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100164 | D000164 – BBC Arms of Atlas – Stairway | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 100164 T | Transcript of BBC Arms of Atlas - Stairway | | | |
| 100165 | D000165 – RFP 5,35,37,67-69,81 – ZigZag – Stairway To Heaven | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as | JUN 1 6 2016  100165-AUDIO | |

{00255828;1}

305

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

Case: 16-56287, 03/15/2017, ID: 10362366, DktEntry: 15-11, Page 166 of 245

Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/14/16   Page 401 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 325   Filed 06/14/16   Page 379 of 383   Page ID
#:6905

| | | | | | |
|---|---|---|---|---|---|
| 130904<br>-<br>134194 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 134195<br>-<br>135849 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 135850<br>-<br>136251 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 136252<br>-<br>136893 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 136894<br>-<br>138062 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 138063<br>-<br>139242 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 139243<br>-<br>139321 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, | UNDER SEAL<br>b 039 246<br>b 039 247<br>b 039 289<br>b 039 321<br>b 039 256<br>b 039 259<br>b 039 266 | 06·16·16 |

{00255828;1}                                           379

PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST

**02844**

Case 2:15-cv-03462-RGK-AGR   Document 525   Filed 06/23/16   Page 442 of 745   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 242   Filed 06/14/16   Page 380 of 383   Page ID
#:6906
#:10733

| | | | | |
|---|---|---|---|---|
| | Statements | objections reserved. | | |
| 139322 - 139687 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 139688 - 140191 | Summary of Mechanical Royalties, Publishing Receipts, etc., Directors Statements | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 140192 - 140193 | Letters from 1968 to 69 concerning who to make payments to | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 14194- 140241 | Agreement on Exploitation from July 2012 | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | ▷ 040194 JUN 1 5 2016 | |
| 140242 - 140263 | 1968 Letter Agreement | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |
| 140264 - 140265 | Covers of Masters | Defs: failure to identify the exhibit, despite requests, making it impossible to specify objections; potentially duplicative of other exhibits, in which case objections as to those exhibits apply; otherwise, objections reserved. | | |

{00255828;1}                                    380
PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST



1   Francis Malofiy, Esq.
    Francis Alexander, LLC
2   280 N. Providence Road
    Media, PA 19063
3   T: (215) 500-1000; F: (215) 500-1005
    E: francis@francisalexander.com
4   *Attorney for Plaintiff*

5   Glen L. Kulik, Esq. (SBN 082170)
    Kulik Gottesman & Siegel LLP
6   15303 Ventura Blvd., Suite 1400
    Sherman Oaks, CA 91403
7   T: (310) 557-9200; F: (310) 557-0224
    E: gkulik@kgslaw.com
8   *Attorney for Plaintiff*

9                    **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11   MICHAEL SKIDMORE, as Trustee for        Case No. 15-cv-03462 RGK (AGRx)
12   the RANDY CRAIG WOLFE TRUST,

13                   Plaintiff,              Hon. R. Gary Klausner

14
                     v.
15
16   LED ZEPPELIN; JAMES PATRICK            **JOINT WITNESS LIST**
17   PAGE; ROBERT ANTHONY PLANT;
     JOHN PAUL JONES; SUPER HYPE
18   PUBLISHING, INC.; WARNER MUSIC
     GROUP CORP., Parent of
19   WARNER/CHAPPELL MUSIC, INC.;           Pre-trial Conf.:    April 25, 2016
20   ATLANTIC RECORDING                     Trial Date:         May 10, 2016
     CORPORATION; RHINO
21   ENTERTAINMENT COMPANY,
22
                     Defendants.
23
24
25
26
27
28

**02846**

<u>**JOINT WITNESS LIST**</u>

By submitting this witness list jointly, and including by providing an estimate of cross-examination time, no party agrees with another party's ability to call the witness or that the testimony described is admissible and not precluded. All objections to the calling of identified witnesses, to the use of their depositions in lieu of live testimony and to the testimony described are reserved and, in some cases, the subject of pending motions in limine.

| Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|
| **WITNESSES PLAINTIFF INTENDS TO CALL** | | |
| 1  Michael Skidmore c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 <br><br> **JUN 1 6 2016** | PLAINTIFF – Familiarity with Spirit and Wolfe family and as music writer; History as Trustee; Ownership of Randy Wolfe's intellectual property, including Taurus; Purpose of the Trust; Sales of Spirit's albums, including eponymous Spirit album with Taurus; Randy Wolfe's statements regarding Taurus and Stairway to Heaven, especially as it relates to Wolfe's state of mind, credit, and filing suit; Randy Wolfe's consultation of lawyers and legal issues about Stairway and Taurus, including that Wolfe though suit was barred by statute of limitations and his finances; | Direct: 2 hours <br><br> Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 2 hours, if not, .75 hours |

2

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/16   Page 3 of 36   Page ID #:4563
Case 2:15-cv-03462-RGK-AGR   Document 2525   Filed 07/23/16   Page 445 of 745   Page ID #:9086

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | Spirit performance tapes at the Ash Grove in 1967, and acquisition from Barry Hansen; | |
| 4 | | | |
| 5 | | General knowledge as music writer that Taurus and Stairway sound similar; | |
| 6 | | | |
| 7 | | Facts in Plaintiff's Complaint. | |
| 8 | | Facts in Defendants' Answers. | |
| 9 | | The creation in or about 1966-67 of the musical composition *Taurus* and ownership of the copyright in that musical composition. | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | Led Zeppelin's access to *Taurus*. | |
| 15 | | The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus*. | |
| 16 | | | |
| 17 | | | |
| 18 | | Lack of independent creation and development of *Stairway to Heaven*. | |
| 19 | | | |
| 20 | | Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. | |
| 21 | | | |
| 22 | | | |
| 23 | | To the extent this testimony overlaps that of another witness it does so to provide corroboration and weight to Plaintiff's positions regarding the jury's decision regarding disputed facts. | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | *See Declaration.* | |

3

Case 2:15-cv-03462-RGK-A~~~~    Document 198    Filed 04/24/16    ~ge 4 of 36    Page ID #:4564
Case 2:15-cv-03462-RGK-AGR    Document 205    Filed 06/22/16    Page 45 of 45    Page ID
#:9087

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 2 | Mark Andes c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 **JUN 1 5 2016** | FACT WITNESS - Musical background and history; Background with Randy Wolfe and Spirit; When Taurus was composed, the composition of Taurus, production of Taurus, and recording of Taurus; Contracts signed by Spirit's members; When, where, and frequency Taurus was played in concert; Spirit playing with Led Zeppelin, especially in Denver, CO and several festivals; Content of Spirit's albums; Interactions between band members of Spirit and Led Zeppelin, including at concerts and in social settings most notably the Atlanta Pop Festival and at Mother's Club; Introduction to Led Zeppelin by Toby Roberts; Led Zeppelin playing Spirit songs; Communications and contact with Plaintiff, the band members of | Direct: 3 hours Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 2.5 hours, if not, 1.5 hours |

4

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | Spirit, Sprit, and/or his representatives. | |
| 4 | | To the extent this testimony overlaps that of another witness it does so to provide corroboration and weight to Plaintiff's allegations of the factual disputes. Facts in Plaintiff's Complaint. Facts in Defendants' Answers. The creation in or about 1966-67 of the musical composition *Taurus* and ownership of the copyright in that musical composition. Led Zeppelin's access to *Taurus*. Led Zeppelin as the opening act for Spirit. Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*. Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*. Substantial Similarity | |

02850

Case 2:15-cv-03462-RGK-A    Document 198   Filed 04/24/16    ge 6 of 36   Page ID #:4566
Case 2:15-cv-03462-RGK-AGR   Document 2525   Filed 06/23/16   Page 48 of 145   Page ID
#:9089

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 | | | between *Taurus* and *Stairway to Heaven.* The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus.* Lack of independent creation and development of *Stairway to Heaven. See Declaration.* | |
| 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 3 | Jay Ferguson 2865 Torito Road Santa Barbara, CA 93108 (805) 969-0235  JUN 1 4 2016 | FACT WITNESS Musical background and history; Background with Randy Wolfe and Spirit; When Taurus was composed, the composition of Taurus, production of Taurus, and recording of Taurus; Contracts signed by Spirit's members; When, where, and frequency Taurus was played in concert; Spirit playing with Led Zeppelin, especially in Denver, CO and several festivals; Content of Spirit's albums; Interactions between band members of Spirit and Led Zeppelin, including at concerts and in social settings most notably the Atlanta Pop Festival and at Mother's Club; Composition of and familiarity with Fresh | Direct: 3 hours Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 2 hours, if not, 1 hour |

6

Case 2:15-cv-03462-RGK-AGR   Document 30525   Filed 06/23/16   Page 449 of 745   Page ID #:9080

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | Garbage; Led Zeppelin playing Spirit songs; Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. See Declaration. To the extent this testimony overlaps that of another witness it does so to provide corroboration and weight to Plaintiff's positions regarding the jury's decision regarding disputed facts. Facts in Plaintiff's Complaint. Facts in Defendants' Answers. The creation in or about 1966-67 of the musical composition *Taurus* and ownership of the copyright in that musical composition. Led Zeppelin's access to *Taurus*. Led Zeppelin as the opening act for Spirit. Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*. Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*. Substantial Similarity between *Taurus* and | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

7

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | | *Stairway to Heaven.* The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus.* Lack of independent creation and development of *Stairway to Heaven.* Communications and contact with Randy and band members of Spirit, *See Declaration.* | |
| 4 | Bruce Pates c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 ⸀JUN 1 5 2016 | FACT WITNESS - Familiarity with Spirit, Wolfe and friendship with Spirit's members and Wolfe's family members; Purpose of Trust; Ownership of Wolfe's copyrights, including Taurus; Role as band's historian and roadie; Randy Wolfe's statements regarding Taurus and Stairway to Heaven, especially as it relates to Wolfe's state of mind, credit, and filing suit; Randy Wolfe's consultation of lawyers and legal issues about Stairway and Taurus, including that Wolfe though suit was barred by statute of limitations and his finances; Communications with Tracy Longo, especially about Randy Wolfe considering lawsuit against Led Zeppelin; Where and when | Direct: 2 hours Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 1 hour |

8

| Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|
| | Taurus was played; Concerts Spirit and Led Zeppelin played together; Knowledge of similarities between Taurus and Stairway to Heaven; To the extent this testimony overlaps that of another witness it does so to provide corroboration and weight to Plaintiff's positions regarding the jury's decision regarding disputed facts. *See Declaration.* | |

9

Case: 16-56287, 03/15/2017, ID: 10362366, DktEntry: 15-11, Page 177 of 245

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/17   Page 10 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 195-20   Filed 06/23/16   Page 52 of 745   Page ID
#:9083

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 5 | Tracy Longo<br>Guitar Tech Corner<br>1822 E. Main Street<br>Ventura, CA 93001<br>(805) 647-7221 | FACT WITNESS - Randy Wolfe's guitar tech who has personal knowledge relating to Wolfe's guitars and guitar set-up historically. Additionally, he has knowledge regarding Wolfe wanting to file suit and being in the process to file suit against Led Zeppelin for infringing his song Taurus, including Wolfe's state of mind regarding his rights in Taurus, suing Led Zeppelin over Taurus, and/or whether Wolfe thought Led Zeppelin lifted Taurus. He also has knowledge of Wolfe's interactions with Jimmy Page; Page asking Randy who to play Taurus, and Page interacting with Wolfe. *See Declaration.* | Direct: 45 min<br><br>Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 45 min |
| 6 | Andrea (Wolfe) Baum<br>c/o Glen Kulik, Esq.<br>5164 Paanau Road<br>Koloa, Hawaii 96756 | FACT WITNESS – Knowledge regarding her brother Randy Wolfe. His guitar skills and ability at a young age, including playing with Jimmy Hendrix in NYC, starting the band Spirit. Necessary background, shows Randy Wolfe was legitimate musician and prodigy. She also has knowledge regarding writing the song Taurus, for who it was written, when, and why. This goes to ownership. | Direct: 30 min<br><br>Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 30 min, if not, 10 min |

02855

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/17   Page 11 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document #:2571   Filed 06/23/16   Page 53 of 745   Page ID
#:9068

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | | Success of Spirit and the first album Taurus being played live in concert in late 1960s and early 1970s, especially in early-to-mid 1967. Goes to ownership. Additionally, information about the trust and formation. *See Declaration.* | |
| 7 | Janet Wolfe 2885 Pierpont Boulevard Ventura, CA 93001  JUN 1 4 2016 | FACT WITNESS - Knowledge regarding her brother Randy Wolfe. His guitar skills and ability at a young age, including playing with Jimmy Hendrix in NYC, starting the band Spirit. She also has knowledge regarding writing the song Taurus, for who it was written, when, and why. Goes to ownership. Success of Spirit and the first album. Taurus being played live in concert in late 1960s and early 1970s, especially in early-to-mid 1967. Wolfe's statements and state of mind regarding Wolfe's view of Led Zeppelin lifting Taurus, and inquiries to Randy Wolfe about Taurus and Stairway to Heaven. Goes to ownership, abandonment, and waiver. Knowledge of similarity of Taurus and Stairway. Additionally, information about the Trust and formation. *See Declaration.* | Direct: 30 min  Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 30 min, if not, 10 min |

11

02856

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| | 8 | Marla (Wolfe) Randall 6120 Sutter Ave Ventura, CA 93003 | FACT WITNESS - Knowledge regarding her brother Randy Wolfe. His guitar skills and ability at a young age, including playing with Jimmy Hendrix in NYC, starting the band Spirit. She also has knowledge regarding writing the song Taurus, for who it was written, when, and why. Goes to ownership. Success of Spirit and the first album. Taurus being played live in concert in late 1960s and early 1970s. Additionally, information about the Trust and formation and operation. | Direct: 30 min Cross: described testimony includes testimony subject to pending motion in limine; if testimony permitted, 30 min, if not, 10 min |
| | 9 | Linda Mensch, Esq. Bryan Cave, LLP 161 N. Clark Street Suite 4300 Chicago, IL 60601 (312) 602-5049 | FACT WITNESS (ATTORNEY) - Knowledge that Randy Wolfe actively sought her legal advice and had an in person meeting with her in the 1990's to legally file suit against Led Zeppelin for infringing his song Taurus. Information related to why suit wasn't brought at that time, including the legal landscape, statute of limitations, and finances. Goes to ownership, abandonment, and waiver. *See Declaration.* | Direct: 30 min Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 20 min |
| | 10 | David Waterbury 12116 Hartsook Street | FACT WITNESS – Knowledge regarding | Direct: 40 min |

12

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/16   Page 13 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 252-3   Filed 07/23/16   Page 59 of 45   Page ID
#:9006

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 11 | | Valley Village, CA 91607 (818) 505-8080 | Randy Wolfe confronting Jimmy Page in the UK after an after concert party. Jimmy Page's comments to Wolfe in regards to the taking of Taurus. Wolfe's state of mind regarding Taurus and Stairway to Heaven. Wolfe being upset, financially broke, and unable to file suit. Concerns ownership, abandonment, and waiver. *See Declaration.* | Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 30 min |
| 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 | 11 | Larry Knight 7438 Shoshony Avenue Van Nuys, CA 91406 (818) 344-5515  JUN 1 6 2016 | FACT WITNESS – Bass player for Spirit after the initial lineup. Knowledge regarding the concert at the Rainbow (UK) where there were 7 encores. After concert party where Jimmy Page and Randy Wolfe met and had discussion. Page complimenting Knight and the band Spirit on their performance and inquiring what they were doing. Establishes knowledge and intent for contributory and vicarious infringement, as well as rebuts Page's denials he barely knew Spirit and does not remember meeting Wolfe. Goes directly to credibility of Page. *See Declaration.* | Direct: 30 min Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 30 min |
| 27 28 | 12 | Paul Franklin 2235 Compote Circle Palmdale, CA 93551 | FACT WITNESS – Knowledge regarding Randy Wolfe | Direct: 30 min Cross: witness and |

13

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/1?   Page 14 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 234   Filed 07/28/16   Page 55 of 745   Page ID
#: 9061

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | (213) 800-3505 | confronting Jimmy Page in the UK after an after concert party—meeting confirmed by eyewitness Larry Knight. Jimmy Page's comments to Wolfe in regards to the taking of Taurus. Wolfe being upset, financially broke, and unable to file suit. Goes to state of mind, ownership, abandonment, and waiver. Additionally, Page admitting to lifting Taurus for Stairway to Heaven. *See Declaration.* | described testimony is subject to pending motion in limine; if testimony permitted, 30 min |
| 13 | Barry Hansen 6102 Pimenta Avenue Lakewood, CA 90712 (562) 480-9820 | FACT WITNESS - Knowledge of tapes of Taurus from 1966-68. Custody and control of tapes. Confirmation of emails providing these original tapes of Taurus to Michael Skidmore. Authenticity of tapes, when they were created, and how kept and eventually provided to Michael Skidmore. Confirmation Spirit playing Taurus live prior to August 29, 1967 contract. *See Declaration.* | Direct: 45 min Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 45 min |

14

Case: 16-56287, 03/15/2017, ID: 10362366, DktEntry: 15-11, Page 182 of 245

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/1_   Page 15 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 194-5   Filed 06/22/16   Page 56 of 74   Page ID
#:9088

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 14 | Michael R. Lee, Ph.D. 4134 S. Eudora Street Englewood, CO 80110 (303) 919-0579 | FACT WITNESS – Knowledge that Randy Wolfe actively sought her legal advice and had an in person meeting with her in the 1990's to legally file suit against Led Zeppelin for infringing his song Taurus. Information related to why suit wasn't brought at that time, including the legal landscape, statute of limitation, and financial reasons. Also knows that Spirit album was widely sold and distributed. Goes to rebuttal on ownership, abandonment, waiver, and widespread distribution of song. *See Declaration.* | Direct: 30 min Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 30 min |
| 15 | Robert Lee, Esq. 4134 S. Eudora Street Englewood, CO 80110 (303) 919-0579 | FACT WITNESS (ATTORNEY) - Knowledge that Randy Wolfe actively sought legal advice and understood that statute of limitations barred suit. Information related to why suit wasn't brought at that time, including the legal landscape, statute of limitation, and financial reasons. Goes to rebuttal on ownership, abandonment, waiver, and widespread distribution of song. *See Declaration.* | Direct: 30 min Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 30 min |
| 16 | Alexander Stewart, Ph.D. c/o Francis Malofiy, Esq. Francis Alexander, LLC | EXPERT WITNESS – This witness will testify on the subject matter of | Direct: 4 hours Cross: witness and |

15

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | 280 N. Providence Road Media, PA 19063 (215) 500-1000 **JUN 1 6 2016** | musicology, music transcription, substantial & strikingly similarity, and comparatively analyze *Taurus* and *Stairway to Heaven*. A written report prepared and signed by Dr. Stewart is was produced in discovery. Additionally a Declaration containing Rebuttal was submitted to the Court. The Report, Declaration, Audio Recordings and Transcription, and materials relied upon in coming to his opinion are incorporated by reference and are intended to be used at time of trial. *See Report, Declaration, Supplemental Declaration.* | described testimony is subject to pending motion in limine; if testimony permitted, 4 hours |
| 17 | Erik Johnson c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 | EXPERT WITNESS – Substantial similarity and striking similarity. This witness will testify as a Master Musician/Session Musician (Multi-Instrumentalist), Professor of Music, and musicologist who listened to, analyzed, transcribed, and performed on the faithful re-recordings of *Taurus* and *Stairway to Heaven*. It is expected that Mr. Johnson will perform at time of trial and discuss the | Direct: 2 hours  Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 2 hours |

16

Case 2:15-cv-03462-RGK-AGR   Document 245-7   Filed 06/23/16   Page 59 of 745   Page ID #:9090

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | | substantial similarity in the compositional elements as articulated on the piano. A written report prepared and signed by Mr. Johnson is was produced in discovery. Additionally a Declaration containing Rebuttal was submitted to the Court. The Report, Declaration, Audio Recordings and Transcription, and materials relied upon in coming to his opinion are incorporated by reference and are intended to be used at time of trial. *See Report, Declaration, & Supplemental Declaration* | |

17

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/1~   Page 18 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 205-3   Filed 06/23/16   Page 56 of 745   Page ID
#:9075
#:9095

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 | 18 | Brian Bricklin c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 | EXPERT WITNESS – This witness will testify on the subject matter of music production, audio engineering, songwriting and songwriting process, and band member. A written report prepared and signed by Brian Bricklin was produced in discovery along with a rebuttal report. Additionally a Declaration was submitted to the Court. The Report, Declaration, and Audio Recordings are incorporated by reference and are intended to be used at time of trial. *See Report & Declaration.* | Direct: 2 hours Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted 1.5 hours |
| 17 18 19 20 21 22 23 24 25 26 27 28 | 19 | Kevin Hanson c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 **JUN 1 6 2016** | EXPERT WITNESS - Substantial similarity and striking similarity. This witness will testify as a Master Musician/Session Musician (Guitar) and Professor of Music who listened to, analyzed, and performed on the faithful re-recordings of *Taurus* and *Stairway to Heaven*. It is expected that Mr. Hanson will perform at time of trial and discuss the substantial similarity in the compositional elements as articulated on the guitar. A written report prepared and signed by Kevin | Direct: 2 hours Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted 1.5 hours |

18

Case: 16-56287, 03/15/2017, ID: 10362366, DktEntry: 15-11, Page 186 of 245

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/16   Page 19 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 225-9   Filed 06/23/16   Page 61 of 745   Page ID
#:9090

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 11 12 | | | Hanson was produced in discovery. Additionally a Declaration containing Rebuttal was submitted to the Court. The Report, Declaration, Audio Recordings and Video Demonstration, and materials relied upon in coming to his opinion are incorporated by reference and are intended to be used at time of trial. *See Report & Declaration.* | |
| 13 14 15 16 17 18 19 20 21 | 20 | Michael Einhorn, Ph.D. c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000  JUN 1 7 2016 | EXPERT WITNESS – This witness will testify on the subject matter professional valuation of damages. A written report prepared and signed by Michael Einhorn has been produced and served in discovery. The Report and materials relied upon in coming to his opinion are intended to be used at time of trial. *See Report & Declaration.* | Direct: 2 hours Cross: 2 hours |
| 22 23 24 25 26 27 28 | 21 | Dennis Somach c/o Francis Malofiy, Esq. Francis Alexander, LLC 280 N. Providence Road Media, PA 19063 (215) 500-1000 | EXPERT WITNESS – This witness will testify on the subject matter of qualitative importance of Stairway to Heaven to Led Zeppelin, music history, and Led Zeppelin history. A written report prepared and signed by Denny Somach was prepared and discovery. | Direct: 1.5 hours Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted, 1.5 hours |

19

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| | | Additionally, a Declaration containing Rebuttal was submitted to the Court. The Report, Declaration, and materials relied upon in coming to his opinion are intended to be used at time of trial. *See Report & Declaration.* | |
| 22 | Robert Coit, Esq. 770 County Square Drive Suite 200 Ventura, CA 93003 (805) 650-1197 | FACT WITNESS (ATTORNEY) - Ventura , California, County Superior Court proceedings *re* Randy Craig Wolfe, including creation, termination and/or duration of Randy Craig Wolfe Trust and ownership and/or disposition of rights with respect to musical composition *Taurus.* | Direct: 1 hour Cross:  1 hour |
| 23 | Terry Lynn Moore 770 County Square Drive Suite 200 Ventura, CA 93003 (805) 650-1197 | FACT WITNESS – Ventura , California, County Superior Court proceedings *re* Randy Craig Wolfe, including creation, termination and/or duration of Randy Craig Wolfe Trust and ownership and/or disposition of rights with respect to musical composition *Taurus.* | Direct: 20 min Cross: 30 min____ |

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 24 | Dave McKenna<br>Address Unknown | FACT WITNESS - Author of Article *re:* Randy Wolfe. Mr. McKenna interviewed Bernice Perle (Randy Wolfe's Mother) shortly before her death. The article was produced in discovery. | Direct: 30 min<br><br>Cross: witness and described testimony is subject to pending motion in limine; if testimony permitted 30 min |
| 25 | Flames of Albion Music Ltd | PMK WITNESS - Structure of corporate Defendants, contracts between the parties and related entities, exploitation of Stairway to Heaven. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 1.5 hours<br><br>Cross: 45 min |
| 26 | Succubus Ltd | PMK WITNESS – Structure of corporate Defendants, contracts between the parties and related entities, exploitation of Stairway to Heaven. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 30 mins<br><br>Cross: 30 min |
| 27 | Sons of Binion Ltd | PMK WITNESS - Structure of corporate Defendants, contracts between the parties and related entities, exploitation of Stairway to Heaven. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 30 mins<br><br>Cross: 30 min |

21

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/16   Page 25 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 245   Filed 06/23/16   Page 64 of 745   Page ID
#:9079

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| | 36 | Robert Anthony Plant (potentially by deposition) | DEFENDANT – Authorship of the composition *Stairway to Heaven*; Led Zeppelin's songwriting process; change of credits on songs; alleged lack of familiarity with *Taurus*; familiarity with Spirit and its music; familiarity with Randy Wolfe; access to Taurus and Spirit's music; past interviews. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 5 hours Cross: 3.5 hours |
| | 37 | Jeremy Blietz or other PMK on behalf of Warner/Chappell Music, Inc. | PMK WITNESS – Structure of corporate Defendants, contracts between the parties and related entities, exploitation of Stairway to Heaven; knowledge and intent. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 3 hours Cross: 2.5 hours |

25

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 38 | Joan Hudson or other PMK of Joan Hudson & Co. | PMK & FACT WITNESS – Structure of corporate Defendants, contracts between the parties and related entities, exploitation of Stairway to Heaven; knowledge and intent. Money and exploitation regarding Stairway to Heaven: financials, accounting, gross revenues. | Direct: 3 hours<br>Cross: 2.5 hours |
| 39 | David L. Oleksow<br>9340 Fuerto Drive; Suite 204<br>La Mesa, CA 91941<br>(619) 595-7099 | FACT/EXPERT WITNESS- Forensic Document Examiner who examined original trust documents. | Direct: 20 min<br>Cross: Oleksow is a consulting expert for defendants and was never designated/disclosed as a testifying expert. He also was never identified by plaintiff as a witness plaintiff may call and, as a result, is within a pending motion in limine; if testimony permitted. 30 min. |
| 40 | Lou Adler | Sales and distribution of Taurus and the album named Spirit; Registration of Taurus copyrights and other filings with copyright office; Composition of Taurus, recording, and production; | Direct: 30 mins<br>Cross: 30 mins |

26

02868

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 | 41 | Hollenbeck Music 3969 Villa Costera 1 Malibu, CA 90265 | Sales and distribution of Taurus and the album named Spirit; Registration of Taurus copyrights and other filings with copyright office; Composition of Taurus, recording, and production; | Direct: 30 Mins Cross: 30 mins |
| 9 | 42 | Ode Records 3969 Villa Costera 1 Malibu, CA 90265 | Sales and distribution of Taurus and the album named Spirit; Registration of Taurus copyrights and other filings with copyright office; Composition of Taurus, recording, and production; | Direct: 30 Mins Cross: 30 mins |
| 15 | 43 | Penny A. Castle Universal Music Publishing Group 2100 Colorado Avenue Santa Monica, CA 90404 E:penny.castle@umusic.com | Copyright filings with respect to Taurus; communications regarding copyright filings with respect to Taurus; superiors; | Direct: 30 Mins Cross: witness was never identified by plaintiff as a witness plaintiff may call and, as a result, is within a pending motion in limine; if testimony permitted, 30 min |
| 21 | 44 | Brad Tolinksi New York City, New York | Interviews with James Patrick Page; Content of Tolinski's books and publications | Direct: 30 Mins Cross: witness was never identified by plaintiff as a witness plaintiff may call and, as a result, is within a pending motion in limine; if testimony permitted, 30 mins |

27

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| | 45 | Greg DiBenedetto<br>22287 Mulholland Hwy \| Ste 192<br>Calabasas CA 91302 | Interviews with James Patrick Page; Content of DiBenedetto's books and publications | Direct: 30 Mins<br><br>Cross: witness was never identified by plaintiff as a witness plaintiff may call and, as a result, is within a pending motion in limine; if testimony permitted, 30 mins |
| | | Mike Ware<br>Bath, England<br>Email:<br>mikeware1952@yahoo.com.uk<br><br>JUN 1 5 2016 | Was at Mother's Club in Birmingham, England at the Spirit concert. He along with Robert Plant were in the front row watching Spirit perform. | Direct: 15 Mins<br><br>Cross: witness was never identified by plaintiff as a witness plaintiff may call and, as a result, is within a pending motion in limine; also, claimed testimony is collateral, relating only to where, 45 years ago, Plant was sitting at Mothers' Club, where he admits he was present; if his testimony is offered, defendants are properly provided the opportunity to depose him; if testimony permitted, 30 mins |
| | | **WITNESSES DEFENDANTS INTEND TO CALL** | | |
| | 46 | Lou Adler<br>Hollenbeck Music<br>3969 Villa Costera 1<br>Malibu, CA 90265 | The 1967 creation and ownership, and performance and exploitation of, the musical composition *Taurus* | Direct: 2 hours<br><br>Cross: 1 hour |
| | 47 | Howard Frank, Esq.<br>Hollenbeck Music<br>3969 Villa Costera 1 | The ownership of the musical composition *Taurus,* and Hollenbeck | Direct: 1 hour<br><br>Cross: 30 min |

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| | | Malibu, CA 90265 | Music's knowledge of and inaction *re Stairway to Heaven* | |
| | 48 | Mark Andes (by deposition if witness does not appear) | The 1967 creation and ownership, and performance and exploitation of, the musical composition *Taurus* (as a surviving member of Spirit, his knowledge re performance is different than Adler's and Frank's) | Direct: 4 hours Cross: 4 hours |
| | 49 | David Woerhaye or other PMK on behalf of Rhino Entertainment Co. and Atlantic Recording Corporation | Atlantic Recording Corporation's deductible expenses as to *Stairway to Heaven*; the marketing and promotion of Led Zeppelin and the *Stairway to Heaven* recording and/or the products in which it appears, and the allocation of claimed profits between the allegedly infringing portion of *Stairway to Heaven* and non-infringing elements | Direct: 3 hours Cross: 1.5 hours |

29

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/1_   Page 30 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 195-3   Filed 06/23/16   Page 669 of 745   Page ID
#:9160

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | 50 | Jay Ferguson | The 1967 creation and ownership, and performance and exploitation of, the musical composition *Taurus* (as a surviving member of Spirit, his knowledge re performance is different than Adler's and Frank's) | Direct: 4 hours Cross: 4 hours |
| 10–15 | 51 | Dr. Lawrence Ferrara  JUN 1 7 2016 | Lack of striking or substantial similarity between the works; prior art and common musical ideas and devices; quantitative importance of the allegedly similar portions | Direct: 5 hours Cross: 2 hours |
| 16–24 | 52 | John Paul Jones  JUN 1 7 2016 | Authorship of the composition *Stairway to Heaven*, including independently of *Taurus*; prior art; lack of familiarity with *Taurus*; to the extent his testimony overlaps that of another witness it does so to provide corroboration and weight to defendants' evidence | Direct: 4 hours Cross: 3 hours |
| 25–28 | 53 | James Patrick Page | Authorship of the composition *Stairway to Heaven*, including independently of *Taurus*; session | Direct: 5 hours Cross: 3.75 hours |

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/16   Page 31 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 97-51   Filed 06/23/16   Page 69 of 745   Page ID
#:9105

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 1 2 | | | | |
| 3 4 5 6 7 8 9 10 | | | musician work and prior art; lack of familiarity with *Taurus;* demonstrative evidence as to *Stairway to Heaven* and allegedly similar portions; to the extent his testimony overlaps that of another witness it does so to provide corroboration and weight to defendants' evidence | |
| 11 12 13 14 15 16 17 18 19 20 21 22 | 54 | Robert Mathes  JUN 1 7 2016 | Lack of striking or substantial similarity between the works; prior art; qualitative importance of the allegedly similar portions; importance and appeal of *Stairway to Heaven*; allocation of *Stairway to Heaven* profits to elements (for example, performance, other compositional elements, lyrics, recording) other than portions claimed to be similar to *Taurus* | Direct: 3 hours Cross: 2 hours |
| 23 24 25 26 27 28 | 55 | Robert Anthony Plant  'JUN 2 1 2016 | Authorship of the composition *Stairway to Heaven*, including independently of *Taurus*; prior art; lack of familiarity with *Taurus*; to the extent his testimony overlaps that | Direct: 4 hours Cross: 3 hours |

31

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 3 4 5 | | | of another witness it does so to provide corroboration and weight to defendants' evidence | |
| 6 7 8 9 10 11 | 56 | Michael Skidmore | Randy Craig Wolfe Trust and ownership and/or disposition of Randy Wolfe's rights, including with respect to musical composition *Taurus*; knowledge of and action/inaction *re Stairway* | Direct: 4 hours Cross: 2 hours |
| 12 13 14 15 16 17 18 | 57 | Jeremy Blietz or other PMK on behalf of Warner/Chappell Music, Inc. | Warner/Chappell Music, Inc.'s deductible expenses as to *Stairway to Heaven*; the allocation of claimed profits between the allegedly infringing portion of *Stairway to Heaven* and non-infringing elements | Direct: 3 hours Cross: 1.5 hours |

**DEFENDANTS MAY CALL IF THE NEED ARISES:**

| | | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|---|
| 21 22 23 24 25 26 27 28 | 58 | *Joan Hudson or other PMK of Joan Hudson & Co. | The individual defendants' respective deductible expenses as to *Stairway to Heaven*; the allocation of claimed profits between the allegedly infringing portion of *Stairway to Heaven* and non-infringing elements; *post-May 31, 2011 revenues | Direct: 3 hours Cross: 2 hours |

JUN 2 1 2016

*TIM GARDNER*

JUN 2 1 2016

32

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/17   Page 33 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 205-3   Filed 06/23/16   Page 12 of 45   Page ID
#:9163

| | Witness Name & Address | Brief Statement of Testimony | Time Estimate (Direct/Cross) |
|---|---|---|---|
| 59 | *Quinn Wolfe | Randy Craig Wolfe Trust and ownership and/or disposition of Randy Wolfe's rights, including with respect to musical composition *Taurus*; knowledge *re Taurus* and/or *Stairway* | Direct: 1 hour Cross: 1 hour Plaintiff objects to the testimony of Quinn Wolfe and Mary Quinting. Their testimony is wholly irrelevant to this matter. This issue is the subject of two motions in limine filed by Plaintiff. |
| 60 | *Mary Quinting | Randy Craig Wolfe Trust and ownership and/or disposition of Randy Wolfe's rights, including with respect to musical composition *Taurus*; knowledge *re Taurus* and/or *Stairway* | Direct: 1hour Cross: 1 hour Plaintiff objects to the testimony of Quinn Wolfe and Mary Quinting. Their testimony is wholly irrelevant to this matter. This issue is the subject of two motions in limine filed by Plaintiff. |

33

02875

**Plaintiff's Position:** Plaintiff reserves the right to call in its case in chief (as if on cross) Defendants or Defendants' Witnesses.

Plaintiff also reserves the right to use deposition testimony in its case in chief. Without limiting this right, Plaintiff identifies the following depositions:

## TESTIMONY BY VIDEO-DEPOSITION

Plaintiff identifies the following witnesses whose video-deposition testimony (or deposition testimony) may be used during Plaintiff's case in chief, during cross-examination, or re-direct; or for other permissible uses, inclusive of but not limited to: impeachment, rebuttal, or credibility.

1. James Patrick Page
2. John Paul Jones
3. Robert Plant
4. Jay Ferguson
5. Mark Andes

## TESTIMONY BY DEPOSITION

Plaintiff identifies the following witnesses whose depositions may be used during Plaintiff's case in chief, during cross-examination, or re-direct; or for other permissible uses, inclusive of but not limited to: impeachment, rebuttal, or credibility.

6. Bruce Pates
7. Michael Skidmore
8. William Ruhlmann
9. David Woirhaye
10. Jeremy Blietz

34

1    **Defendants' position:** Plaintiff, by failing to comply with LR 16-2.7, waived

2    any right to use deposition testimony, whether video or otherwise, in lieu of live

3    testimony.

4

5

6

7    Both Plaintiff and Defendants reserve their rights to call witnesses identified

8    by the other party, to call witnesses not listed for impeachment purposes and to

9    amend or supplement this witness list as provided by law.

10                                           Respectfully submitted,

11

12   Dated: April 24, 2016                  /s/ Francis Malofiy
                                      Francis Alexander Malofiy, Esq.
13                                    FRANCIS ALEXANDER, LLC
                                         Attorney for Plaintiff
14                                      MICHAEL SKIDMORE,
                                  As Trustee of the Randy Craig Wolfe Trust
15

16                                        Glen Kulik, Esq.
                                  KULIK GOTTESMAN & SIEGEL LLP
17                                       Attorney for Plaintiff
                                       MICHAEL SKIDMORE,
18                                As Trustee of the Randy Craig Wolfe Trust

19

20   Dated: April 24, 2016                 /s/ Peter J. Anderson
                                       Peter J. Anderson, Esq.
21                                    LAW OFFICES OF PETER J.
                                             ANDERSON
22                                    A Professional Corporation
                                       Attorney for Defendants
23                                JAMES PATRICK PAGE, ROBERT
                                  ANTHONY PLANT, JOHN PAUL JONES,
24                                WARNER/CHAPPELL MUSIC, INC.,
                                   SUPER HYPE PUBLISHING, INC.,
25                                ATLANTIC RECORDING CORP., RHINO
                                  ENTERTAINMENT COMPANY and
26                                  WARNER MUSIC GROUP INC.

27

28

                                           35

Case: 16-56287, 03/15/2017, ID: 10362366, DktEntry: 15-11, Page 200 of 245

Case 2:15-cv-03462-RGK-AGR   Document 198   Filed 04/24/1   Page 36 of 36   Page ID
Case 2:15-cv-03462-RGK-AGR   Document 205   Filed 06/23/16   Page 745 of 745   Page ID
#:9186

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York  10103
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

36

# Exhibit 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL SKIDMORE | | CASE NUMBER: |
| | PLAINTIFF(S) | CV 15-03462-RGK (AGRx) |
| v. | | |
| LED ZEPPELIN, et al. | | **ORDER TO STRIKE** |
| | DEFENDANT(S). | **ELECTRONICALLY FILED DOCUMENTS** |

The Court hereby **ORDERS** the documents listed below be **STRICKEN** for failure to comply with the Local Rules, General Order 10-07 and/or the Court's Case Management Order as indicated:

| 06/11/2016 | / | 230 | / | Motion for Sanctions |
|---|---|---|---|---|
| *Date Filed* | | *Doc. No.* | | *Title of Document* |
| 06/12/2016 | / | 231 | / | Motion for Reconsideration |
| *Date Filed* | | *Doc. No.* | | *Title of Document* |

- ☐ Document submitted in the wrong case
- ☐ Incorrect document is attached to the docket entry
- ☐ Document linked incorrectly to the wrong document/docket entry
- ☐ Incorrect event selected. Correct event is _____
- ☐ Case number is incorrect or missing.
- ☑ Hearing information is missing, incorrect, or not timely
- ☐ Local Rule 7.1-1 No Certification of Interested Parties and/or no copies
- ☐ Case is closed
- ☐ Proposed Document was not submitted as separate attachment
- ☐ Title page is missing
- ☐ Local Rule 56-1 Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2 Statement of genuine disputes of material fact lacking
- ☐ Local Rule 7-19.1 Notice to other parties of ex parte application lacking
- ☐ Local Rule 11-6 Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents
- ☑ Other Motions are not timely. Memorandum of Points and Authorities on Docket Entry 230 exceed this Court's 20 page limit.

**Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for Local Rules, General Order 10-07 and applicable forms.**

Dated: 06/13/2016 _____    By: _~Gary Klausner~_ _____
                                              U.S. District Judge / U.S. Magistrate Judge

*cc: Assigned District and/or Magistrate Judge*

# Exhibit 7

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ATTENDANCE OF JAMES PATRICK PAGE AND ROBERT PLANT AND JOHN PAUL JONES**<br><br>Date: June 14, 2016<br>Time: 9:00 a.m.<br>Courtroom: 850 |

02882

## ORDER RE: MOTION TO COMPEL ATTENDANCE OF PAGE, PLANT, AND JONES

~~The Court having considered the MOTION TO COMPEL ATTENDANCE OF JAMES PATRICK PAGE AND ROBERT PLANT AND JOHN PAUL JONES of Plaintiff Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust, the opposition and reply papers, and the oral argument at the hearing on the Motion, the Court rules as follows:~~

**~~IT IS HEREBY ORDERED~~**

~~That Plaintiff's Motion be and hereby is GRANTED and that James Patrick Page, Robert Anthony Plant, and John Paul Jones are ordered to appear on June 14, 2016 at 9 am in Courtroom 850 of the Roybal Courthouse in Los Angeles, CA. If Page, Plant, and Jones do not appear, they will not be permitted to testify live at trial for Defendants and the jury will be instructed to take a negative inference as a result of their nonappearance.~~

~~It is further ordered that Plaintiff is permitted to use the deposition designations that he served upon Defendants.~~

Dated: 6/8/16

# DENIED

## BY ORDER OF THE COURT

_____

The Honorable R. Gary Klausner
United States District Judge

1

[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO
COMPEL ATTENDANCE OF JAMES PATRICK PAGE
AND ROBERT PLANT AND JOHN PAUL JONES

**02885**

# Exhibit 11

1 | Francis Malofiy, Esq.
2 | Francis Alexander, LLC
   | 280 N. Providence Rd. | Suite 105
3 | Media, PA 19063
4 | T:  (215) 500-1000; F:  (215) 500-1005
   | E:  francis@francisalexander.com
5 | *Attorney for Plaintiff*
6 |
7 | Glen L. Kulik, Esq. (SBN 082170)
   | Kulik Gottesman & Siegel LLP
8 | 15303 Ventura Blvd., Suite 1400
   | Sherman Oaks, CA 91403
9 | T:  (310) 557-9200; F:  (310) 557-0224
10 | E:  gkulik@kgslaw.com
   | *Attorney for Plaintiff*
11 |

**DENIED**
BY ORDER OF THE COURT

12 |                **UNITED STATES DISTRICT COURT**
13 |           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14 | MICHAEL SKIDMORE, as Trustee for    Case No. 15-cv-03462 RGK (AGRx)
15 | the RANDY CRAIG WOLFE TRUST,
                                          Hon. R. Gary Klausner
16 |                Plaintiff,
                                          **[PROPOSED] ORDER GRANTING**
17 |         v.                           **PLAINTIFF'S MOTION FOR**
                                          **LEAVE TO FILE AMENDED**
18 | LED ZEPPELIN; JAMES PATRICK          **COMPLAINT TO ADD**
19 | PAGE; ROBERT ANTHONY PLANT;          **DEFENDANTS**
   | JOHN PAUL JONES; SUPER HYPE
20 | PUBLISHING, INC.; WARNER MUSIC
21 | GROUP CORP., Parent of               Date:       March 28, 2016
   | WARNER/CHAPPELL MUSIC, INC.;         Time:       9:00 am
22 | ATLANTIC RECORDING                   Courtroom:  850
23 | CORPORATION; RHINO
24 | ENTERTAINMENT COMPANY,
25 |
   |                Defendants.
26 |
27 |
28 |

Case No. 15-cv-03462 RGK (AGRx)          [PROPOSED] ORDER GRANTING PLAINTIFF'S
                                         MOTION LEAVE TO FILE AMENDED
                                         COMPLAINT

1    ~~Plaintiff's motion for leave to file amended complaint adding Defendants~~
2    ~~came on regularly for hearing on March 28, 2016 in courtroom 850 of the United~~
3    ~~States District Court for the Central District of California, the Honorable R. Gary~~
4    ~~Klausner, Judge Presiding.  Appearances were made by counsel of record for all~~
5    ~~parties.~~
6    ~~The court, having considered the motion, the opposition, and all arguments for~~
7    ~~and against the relief sought, and good cause appearing,~~
8    ~~IT IS HEREBY ORDERED that the motion is GRANTED and the Second~~
9    ~~Amended Complaint which is attached to the motion for leave to file amended~~
10   ~~complaint adding Defendants as exhibit 1 filed in support of the motion, is hereby~~
11   ~~deemed filed and served as of this date.~~
12          Plaintiff's Motion to Amend the Amended Complaint is DENIED.
13          IT IS SO ORDERED this 25th day of March, 2016.
14
15
16          _____
17          United States District Judge
18
19
20
21
22
23
24
25
26
27
28

Case No. 15-cv-03462 RGK (AGRx)          Declaration of Glen L. Kulik Re: Motion for
                                         Leave to Amend Complaint to Add Defendants

(AGRx),AO121,APPEAL,CLOSED,DISCOVERY,PROTORD

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division − Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:15−cv−03462−RGK−AGR

MICHAEL SKIDMORE v. LED ZEPPELIN et al        Date Filed: 05/08/2015
Assigned to: Judge R. Gary Klausner                   Date Terminated: 06/23/2016
Referred to: Magistrate Judge Alicia G. Rosenberg     Jury Demand: Plaintiff
Case in other court:  9th CCA, 16−56057               Nature of Suit: 820 Copyright
                      9th Circuit, 16−56287           Jurisdiction: Federal Question
                      Pennsylvania Eastern, 2:14−cv−03089
Cause: 17:101 Copyright Infringement

**Plaintiff**

**MICHAEL SKIDMORE**                    represented by   **Francis A Malofiy**
*AS TRUSTEE FOR THE RANDY CRAIG*                          Francis Alexander LLC
*WOLFE TRUST*                                             280 North Providence Road Suite 105
                                                         Media, PA 19063
                                                         215−500−1000
                                                         Fax: 215−500−1005
                                                         Email: francis@francisalexander.com
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alfred J Fluehr**
                                                         Francis Alexander LLC
                                                         280 North Providence Road Suite 1
                                                         Media, PA 19063
                                                         215−341−1063
                                                         Fax: 215−500−1005
                                                         Email: aj@francisalexander.com
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Glen L Kulik**
                                                         Kulik Gottesman and Siegel LLP
                                                         15303 Ventura Boulevard Suite 1400
                                                         Sherman Oaks, CA 91403
                                                         310−557−9200
                                                         Fax: 310−557−0224
                                                         Email: gkulik@kgswlaw.com
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LED ZEPPELIN**                        represented by   **Helene M Freeman**
                                                         Phillips Nizer LLP
                                                         666 Fifth Avenue
                                                         New York, NY 10103
                                                         212−977−9700
                                                         Fax: 212−262−5152
                                                         Email: hfreeman@phillipsnizer.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael L Eidel**
                                                         Fox Rothschild LLP
                                                         2700 Kelly Road Suite 300

Warrington, PA 18976−3624
215−345−7500
Fax: 215−345−7507
Email: meidel@foxrothschild.com
*TERMINATED: 05/15/2015*

**Defendant**

**James Patrick Page**                represented by   **Helene M Freeman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew S Olesh**
Fox Rothschild LLP
2000 Market Street 20th Floor
Philadelphia, PA 19103
215−299−3836
Email: molesh@foxrothschild.com
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
Law Offices of Peter J Anderson PC
100 Wilshire Boulevard Suite 2010
Santa Monica, CA 90401
310−260−6030
Fax: 310−260−6040
Email: pja@pjanderson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT ANTHONY PLANT**          represented by   **Helene M Freeman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Paul Jones**                  represented by   **Helene M Freeman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)

*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUPER HYPE PUBLISHING, INC.**        represented by   **Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music Group Corp**        represented by   **Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner/Chappell Music Inc**        represented by   **Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Atlantic Recording Corporation**        represented by   **Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhino Entertainment Company**        represented by   **Matthew S Olesh**
(See above for address)
*TERMINATED: 05/15/2015*

**Michael L Eidel**
(See above for address)
*TERMINATED: 05/15/2015*

**Peter J Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2014 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 102000.), filed by MICHAEL SKIDMORE. (Attachments: # 1 Civil Cover Sheet, # 2 Case Management Track Form, # 3 Designation Form)(ks, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 06/02/2014) |
| 05/31/2014 | | 6 Summonses Issued as to JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., LED ZEPPELIN. Forwarded To: Counsel on 6/2/14 (ks, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 06/02/2014) |
| 05/31/2014 | | DEMAND for Trial by Jury by MICHAEL SKIDMORE. (ks, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 06/02/2014) |
| 05/31/2014 | 2 | Disclosure Statement Form pursuant to FRCP 7.1 by MICHAEL SKIDMORE.(ks, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 06/02/2014) |
| 05/31/2014 | 3 | Copy of Form to Register of Copyrights. (ks, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 06/02/2014) |
| 07/10/2014 | | Summons Issued as to ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER/CHAPPELL MUSIC, INC.. Forwarded To: PLAINTIFFS COUNSEL on 7/10/2014 (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 07/10/2014) |
| 07/21/2014 | 4 | PRAECIPE to Issue Alias Summons *for defendants Led Zeppelin, James Patrick Page, Robert Anthony Plant, John Paul Jones, Super Hype Publishing, Inc., and Warner Music Group Corp.* by MICHAEL SKIDMORE. (MALOFIY, FRANCIS) Modified on 7/21/2014 (nd, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 07/21/2014) |
| 07/21/2014 | | Alias Summons Issued as to LED ZEPPELIN, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, SUPER HYPE PUBLISHING, INC., and WARNER MUSIC GROUP CORP., FORWARDED TO PLAINTIFFS COUNSEL. (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 07/21/2014) |
| 08/05/2014 | 5 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclousure Statement, Report re: Copyright Case upon Joe Bertie by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 6 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclousure Statement, Report re: Copyright Case upon Jeo Bertie who is designated by law to accept service of process on behalf of James Patrick Page by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 7 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclousure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Robert Anthony Plant by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 8 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclousure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf on John Paul Jones by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). |

|  |  | [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
|---|---|---|
| 08/05/2014 | 9 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Super Hype Publishing Inc. by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 10 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Elena Bou who is designated by law to accept service of process on behalf of Super Hype Publishing, Inc. by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 11 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Warner Music Group Corp. by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 12 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Warner Chappell Music, Inc. by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 13 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Rhino Entertainment by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/05/2014 | 14 | AFFIDAVIT of Service by Thomas Crean, Jr. re: served Complaint, Disclosure Statement, Report re: Copyright Case upon Joe Bertie who is designated by law to accept service of process on behalf of Atlantic Recording Corp. by Personal Service on 7−31−14, answer due 8/21/14. (MALOFIY, FRANCIS) Modified on 8/6/2014 (md). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/05/2014) |
| 08/19/2014 | 15 | AFFIDAVIT of Service by Albert G. Mentz re: served Complaint, Disclosure Statement, Report upon Amy McLaren, Manager, who is designated by law to accept service of process on behalf of Rhino Entertainment by Personal on 7−31−14, answer due 8/21/2014(MALOFIY, FRANCIS) Modified on 8/20/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/19/2014) |
| 08/19/2014 | 16 | AFFIDAVIT of Service by Albert G. Mentz re: served Complaint, Disclosure Statement, Report upon Amy McLaren, Manager, who is designated by law to accept service of process on behalf of Atlantic Recording Corporation by Personal on 7−31−14, answer due 8/21/2014 (MALOFIY, FRANCIS) Modified on 8/20/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/19/2014) |
| 08/19/2014 | 17 | AFFIDAVIT of Service by Albert G. Mentz re: served Complaint, Disclosure Statement, Report upon Amy McLaren, Manager, who is designated by law to accept service of process on behalf of Warner/Chappell Music, Inc. by Personal on 7−31−14, answer due 8/21/2014 (MALOFIY, FRANCIS) Modified on 8/20/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/19/2014) |
| 08/19/2014 | 18 | AFFIDAVIT of Service by Albert G. mentz re: served Complaint, Disclosure Statement, Report upon Amy McLaren, Manager, who is designated by law to accept service of process on behalf of Warner Music Group Corporation by Personal on 7−31−14, answer due 8/21/2014 (MALOFIY, FRANCIS) Modified on 8/20/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/19/2014) |
| 08/19/2014 | 19 | AFFIDAVIT of Service by Thomas J. Crean re: served Complaint, Disclosure Statement, Report upon Jeremy Kaplan, Legal Dept., who is designated by law to accept service of process on behalf of Atlantic Recording Corp. by Personal on 7−31−14, answer due 8/21/2014 (MALOFIY, FRANCIS) Modified on 8/20/2014 |

| | | (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/19/2014) |
|---|---|---|
| 08/20/2014 | 20 | MOTION for Extension of Time to File *Response to Plaintiff's Complaint* filed by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC., LED ZEPPELIN.Memorandum of Law, Certificate of Service. (Attachments: # 1 Proposed Order, # 2 Memorandum of Law, # 3 Exhibit A to Memorandum of Law, # 4 Certificate of Service)(EIDEL, MICHAEL)[Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/20/2014) |
| 08/20/2014 | 21 | ORDERED THAT DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT (DOC. 2 ) IS GRANTED. DEFENDANT SHALL ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT ON OR BEFORE 9/22/2014. IT IS FURTHER ORDERED PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO ANY MOTIONS DEFENDANTS MIGHT FILE IS DENIED WITHOUT PREJUDICE TO REASSERTION. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 8/20/2014. 8/21/2014 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/21/2014) |
| 08/27/2014 | 22 | MOTION for Pro Hac Vice *Admission of Helene M. Freeman, Esquire* filed by JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT.Certificate of Service.(EIDEL, MICHAEL) $40.00 FEE PAID, RECEIPT No.: 106741. Modified on 8/27/2014 (sg, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/27/2014) |
| 08/27/2014 | 23 | ORDERED THAT THE APPLICATION FOR PRO HAC VICE FOR HELENE M. FREEMAN IS GRANTED. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 8/27/2014.8/27/2014 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 08/27/2014) |
| 09/10/2014 | 24 | MOTION for Pro Hac Vice *Admission of Peter J. Anderson, Esq.* filed by ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC..Certificate of Service.(EIDEL, MICHAEL) $40.00 FEE PAID, RECEIPT No.: 107686. Modified on 9/12/2014 (sg, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/10/2014) |
| 09/11/2014 | 25 | ORDERED THAT THE APPLICATION FOR PRO HAC VICE OF PETER J. ANDERSON IS GRANTED. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 9/11/2014. 9/12/2014 ENTERED AND COPIES MAILED AND E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/12/2014) |
| 09/16/2014 | 26 | Disclosure Statement Form pursuant to FRCP 7.1 including WMG Acquisition Corp., WMG Holdings Corp., Warner Music Group Corp., Access Industries, Inc. with Certificate of Service by ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC..(EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/16/2014) |
| 09/17/2014 | 27 | MOTION to Dismiss *or*, MOTION to Transfer filed by ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC..Memorandum, Declarations, Certificate of Service. (Attachments: # 1 Proposed Order, # 2 Memorandum of Law, # 3 Declaration of Paul Robinson, # 4 Declaration of Peter J. Anderson, # 5 Exhibit 3 to Declaration of Peter J. Anderson, # 6 Exhibit 4 to Declaration of Peter J. Anderson, # 7 Exhibit 5 to Declaration of Peter J. Anderson)(EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/17/2014) |
| 09/17/2014 | 28 | MOTION to Dismiss *or*, MOTION to Transfer filed by JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT.Memorandum, Declarations, Certificate of Service. (Attachments: # 1 Proposed Order, # 2 Memorandum of Law, # 3 Declaration of James Patrick Page, # 4 Declaration of John Paul Jones, # 5 Declaration of Robert Anthony Plant)(EIDEL, MICHAEL) [Transferred from |

| | | Pennsylvania Eastern on 5/11/2015.] (Entered: 09/17/2014) |
|---|---|---|
| 09/17/2014 | 29 | Request *for Judicial Notice in Support of Motions to Dismiss or Transfer* by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/17/2014) |
| 09/22/2014 | 30 | Declaration re 27 MOTION to Dismiss *or* MOTION to Transfer , 28 MOTION to Dismiss *or* MOTION to Transfer *of Michael Eidel, Esquire* by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 09/22/2014) |
| 10/08/2014 | 31 | AMENDED COMPLAINT against ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC., LED ZEPPELIN, filed by MICHAEL SKIDMORE. CERTIFICATE OF SERVICE, EXHIBITS.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/09/2014) |
| 10/09/2014 | 32 | ORDER THAT A TELEPHONE CONFERENCE REGARDING DEFENDANTS' PENDING MOTIONS IS SET FOR 10/10/2014 AT 02:30 PM BEFORE HONORABLE JUAN R. SANCHEZ. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 10/9/2014. 10/9/2014 ENTERED AND COPIES E−MAILED.(stwe, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/09/2014) |
| 10/10/2014 | 33 | ORDERED THAT THE MOTIONS TO DISMISS OR TRANSFER (DOC'S 27 AND 28 ) ARE DENIED WITHOUT PREJUDICE TO REASSERTION AS TO PLAINTIFF'S AMENDED COMPLAINT. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 10/10/2014. 10/10/2014 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/10/2014) |
| 10/10/2014 | 34 | Minute Entry for proceedings held before HONORABLE JUAN R. SANCHEZ: Telephone Conference held on 10/10/2014 (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/10/2014) |
| 10/27/2014 | 35 | MOTION to Dismiss *or*, MOTION to Transfer *Directed to Plaintiff's Amended Complaint* filed by ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC..Memorandum of Law, Declarations, Certificate of Service. (Attachments: # 1 Proposed Order, # 2 Declaration of Peter J. Anderson, # 3 Exhibit 3 to Declaration of Peter J. Anderson, # 4 Exhibit 4 to Declaration of Peter J. Anderson, # 5 Exhibit 5 to Declaration of Peter J. Anderson, # 6 Declaration of Paul Robinson, # 7 Declaration of Scott McDowell)(EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/27/2014) |
| 10/27/2014 | 36 | MOTION to Dismiss *or*, MOTION to Transfer *Directed to Plaintiff's Amended Complaint* filed by JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT.Memorandum of Law, Declarations, Certificate of Service. (Attachments: # 1 Proposed Order, # 2 Declaration of James Patrick Page, # 3 Declaration of John Paul Jones, # 4 Declaration of Robert Anthony Plant)(EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/27/2014) |
| 10/27/2014 | 37 | Request *for Judicial Notice in Support of Motions to Dismiss or Transfer Directed to Plaintiff's Amended Complaint* by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(EIDEL, MICHAEL) [Transferred from |

| | | Pennsylvania Eastern on 5/11/2015.] (Entered: 10/27/2014) |
|---|---|---|
| 10/27/2014 | 38 | Declaration re 36 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint*, 35 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint of Michael Eidel, Esquire* by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 10/27/2014) |
| 11/05/2014 | 39 | STIPULATION for Extension of Time to File Response/Reply as to 36 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint*, 35 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint* ***Stipulation Between the Parties to Extend the Deadlines to Respond and Reply*** filed by MICHAEL SKIDMORE..(MALOFIY, FRANCIS) Modified on 11/6/2014 (afm, ). (FILED IN ERROR BY ATTORNEY, FORWARDED TO JUDGE FOR APPROVAL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 11/05/2014) |
| 11/06/2014 | 40 | ORDERED THAT THE STIPULATION TO EXTEND DEADLINES IS APPROVED. THE TIME FOR PLAINTIFF TO FILE AND SERVE HIS OPPOSITION TO DEFENDANTS' PENDING MOTION TO DISMISS OR TRANSFER IS EXTENDED TO 11/24/2014. THE TIME FOR DEFENDANTS TO FILE AND SERVE THEIR REPLY IS EXTENDED TO 12/10/2014. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 11/6/2014. 11/6/2014 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 11/06/2014) |
| 11/24/2014 | 41 | RESPONSE in Opposition re 36 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint*, 35 MOTION to Dismiss *or* MOTION to Transfer *Directed to Plaintiff's Amended Complaint* ***OMNIBUS RESPONSE*** filed by MICHAEL SKIDMORE. (Attachments: # 1 Memorandum, # 2 Text of Proposed Order, # 3 Table of Contents, # 4 Table of Authorities)(MALOFIY, FRANCIS) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 11/24/2014) |
| 11/24/2014 | 42 | REQUEST for Judicial Notice In Support of Plaintiff's Omnibus Response in Opposition to Defendants' Motions to Dismiss and Transfer by MICHAEL SKIDMORE, CERTIFICATE OF SERVICE. (MALOFIY, FRANCIS) Modified on 11/25/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 11/24/2014) |
| 12/10/2014 | 43 | OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPOR OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER PLAINTIFF'S AMENDED COMPLAINT by ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC., CERTIFICATE OF SERVICE re 42 Praecipe/Request (EIDEL, MICHAEL) Modified on 12/11/2014 (afm, ). [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 12/10/2014) |
| 12/10/2014 | 44 | REPLY to Response to Motion re 27 MOTION to Dismiss *or* MOTION to Transfer *in Support of Motion to Dismiss or Transfer Directed to Plaintiff's Amended Complaint* filed by ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC.. (EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 12/10/2014) |
| 12/10/2014 | 45 | REPLY to Response to Motion re 28 MOTION to Dismiss *or* MOTION to Transfer *in Support of Motion to Dismiss or Transfer Directed to Plaintiff's Amended Complaint* filed by JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT. (EIDEL, MICHAEL) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 12/10/2014) |

| 12/18/2014 | 46 | ORDERED THAT A MOTION HEARING ON DEFENDANTS MOTION TO DISMISS OR TRANSFER IS SET FOR 1/16/2015 09:00 AM IN COURTROOM BEFORE HONORABLE JUAN R. SANCHEZ. ETC.. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 12/18/2014. 12/18/2014 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 12/18/2014) |
|---|---|---|
| 01/12/2015 | 47 | NOTICE of Appearance by MATTHEW S. OLESH on behalf of ATLANTIC RECORDING CORPORATION, JOHN PAUL JONES, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, RHINO ENTERTAINMENT COMPANY, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., WARNER/CHAPPELL MUSIC, INC. with Certificate of Service(OLESH, MATTHEW) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 01/12/2015) |
| 01/13/2015 | 48 | ORDERED THAT ORAL AGRUMENT SCHEDULED FOR 1/16/2015 IS RESCHEDULED TO 1/22/2015 02:00 PM BEFORE HONORABLE JUAN R. SANCHEZ. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 1/13/2015. 1/14/2015 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 01/14/2015) |
| 01/20/2015 | 49 | ORDER THAT ORAL ARGUMENT SCHEDULED FOR 1/22/2015 IS RESCHEDULED TO 2/4/2015 AT 2:00 P.M.. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 1/20/2015. 1/21/2015 ENTERED AND COPIES E−MAILED. (ems) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 01/21/2015) |
| 02/05/2015 | 50 | Minute Entry for proceedings held before HONORABLE JUAN R. SANCHEZ Motion Hearing held on 2/4/2015 re 36 MOTION to Dismiss or MOTION to Transfer *Directed to Plaintiff's Amended Complaint* filed by JOHN PAUL JONES, ROBERT ANTHONY PLANT, JAMES PATRICK PAGE (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 02/05/2015) |
| 02/16/2015 | 51 | Declaration re 41 Response in Opposition to Motion, *on Submission of Evidence of Defendants' Jurisdictional Contacts* by MICHAEL SKIDMORE. (Attachments: # 1 Exhibit 1 & 2, # 2 Exhibit 3 (Part 1), # 3 Exhibit 3 (Part 2) & 4)(MALOFIY, FRANCIS) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 02/16/2015) |
| 03/19/2015 | 52 | TRANSCRIPT of ORAL ARGUMENT held on 2/4/2015, before Judge JUAN R. SANCHEZ. Court Reporter/Transcriber DRUMMOND TRANSCRIPTION SERVICE. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 4/9/2015. Redacted Transcript Deadline set for 4/20/2015. Release of Transcript Restriction set for 6/17/2015. (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 03/20/2015) |
| 03/19/2015 | 53 | Notice of Filing of Official Transcript with Certificate of Service re 52 Transcript − PDF, 3/20/2015 Entered and Copies Emailed. (sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 03/20/2015) |
| 05/06/2015 | 54 | MEMORANDUM AND/OR OPINION. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 5/6/2015. 5/6/2015 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 05/06/2015) |
| 05/06/2015 | 55 | ORDER THAT DEFENDANTS MOTION TO DISMISS OR TRANSFER IS GRANTED IN PART AS THE DEFENDANTS SEEK TO HAVE THIS CASE TRANSFERRED TO THE U.S.D.C. FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION. IT IS FURTHER ORDERED THAT THE THIS CASE SHALL BE TRANSFERRED FORTHWITH TO THE U.S.D.C. FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION. SIGNED BY HONORABLE JUAN R. SANCHEZ ON 5/6/2015. 5/6/2015 ENTERED AND COPIES E−MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/11/2015.] (Entered: 05/06/2015) |
| 05/08/2015 | 57 | NOTICE OF RECEIPT OF CASE TRANSFERRED IN: Formerly Case Number: 2:14−cv−03089−JS, from USDC Eastern District of Pennsylvania (Philadelphia). The above−referenced case has been transferred to this district and assigned the above civil |

| | | case number 2:15−cv−03462−RGK (AGRx). (et) (Entered: 05/11/2015) |
|---|---|---|
| 05/08/2015 | 58 | NOTICE OF ASSIGNMENT to District Judge R. Gary Klausner and Magistrate Judge Alicia G. Rosenberg. (et) (Entered: 05/11/2015) |
| 05/11/2015 | 56 | ORIGINAL file, certified copy of transfer order and docket sheet received from Pennsylvania Eastern (Entered: 05/11/2015) |
| 05/11/2015 | 59 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Francis A Malofiy for Plaintiff MICHAEL SKIDMORE. re Complaint − (Discovery), 1 . Pro Hac Vice application has not been received by the court. Please return your completed Application of Non−Resident Attorney to Appear in a Specific Case, form G−64, or a copy of the Notice of Electronic Filing of your application and the $325.00 fee and this notice immediately. Out−of−state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application;no filing fee is required. (et) (Entered: 05/11/2015) |
| 05/11/2015 | 60 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Michael L Eidel for Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc, LED ZEPPELIN. re Complaint − (Discovery) 1 . Pro Hac Vice application has not been received by the court. Please return your completed Application of Non−Resident Attorney to Appear in a Specific Case, form G−64, or a copy of the Notice of Electronic Filing of your application and the $325.00 fee and this notice immediately. Out−of−state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application;no filing fee is required. (et) (Entered: 05/11/2015) |
| 05/11/2015 | 61 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney MATTHEW S OLESH for Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc, LED ZEPPELIN. re Complaint − (Discovery) 1 . Pro Hac Vice application has not been received by the court. Please return your completed Application of Non−Resident Attorney to Appear in a Specific Case, form G−64, or a copy of the Notice of Electronic Filing of your application and the $325.00 fee and this notice immediately. Out−of−state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application;no filing fee is required. (et) (Entered: 05/11/2015) |
| 05/12/2015 | 62 | TEXT ONLY ENTRY: Magistrate Judge Alicia G. Rosenberg is participating in a pilot project regarding the submission of SEALED DOCUMENTS. Effective July 8, 2013, all proposed sealed documents pertaining to discovery matters referred to the magistrate judge must be submitted via e−mail to the Judges Chambers email address at AGR_Chambers@cacd.uscourts.gov. Please refer to the judges procedures and schedules for detailed instructions for submission of sealed documents. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mp) TEXT ONLY ENTRY (Entered: 05/12/2015) |
| 05/13/2015 | 63 | APPLICATION for attorney Helene M. Freeman to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973−15714930 paid.) filed by defendants John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Attorney Peter J Anderson added to party John Paul Jones(pty:dft), Attorney Peter J Anderson added to party ROBERT ANTHONY PLANT (pty:dft), Attorney Peter J Anderson added to party James Patrick Page(pty:dft))(Anderson, Peter) (Entered: 05/13/2015) |
| 05/13/2015 | 64 | Request for Refund filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc re: APPLICATION for attorney Helene M. Freeman to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973−15714930 paid.) 63 (Anderson, Peter) (Entered: 05/13/2015) |
| 05/14/2015 | 65 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: APPLICATION for attorney Helene M. Freeman to Appear Pro Hac Vice(PHV Fee of |

| | | |
|---|---|---|
| | | $325 receipt number 0973−15714930 paid.) 63 . The following error(s) was found: Other error(s) with document(s) are specified below: No signature on Application. Local counsel did not sign the application. See LR 11−1. See Instructions for Applicants (1) (G−64). In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lt) (Entered: 05/14/2015) |
| 05/14/2015 | 66 | ORDER ON APPLICATION OF NON−RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge R. Gary Klausner: granting 63 Application to Appear Pro Hac Vice by Attorney Helene M. Freeman on behalf of Defendants James Page, Robert Plant and John Jones, designating Peter J. Anderson as local counsel. (lt) (Entered: 05/15/2015) |
| 05/15/2015 | 67 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael L Eidel counsel for Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Michael Eidel, Matthew S. Olesh is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G−123 Notice. Filed by defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, Rhino Entertainment Company, James Patrick Page, Robert Anthony Plant and John Paul Jones. (Eidel, Michael) (Entered: 05/15/2015) |
| 05/20/2015 | 68 | ANSWER to Amended Complaint, 31 filed by Defendant John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, LED ZEPPELIN.(Attorney Helene M Freeman added to party LED ZEPPELIN(pty:dft))(Freeman, Helene) (Entered: 05/20/2015) |
| 05/20/2015 | 69 | ANSWER to Amended Complaint, 31 filed by defendants Atlantic Recording Corporation, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc.(Anderson, Peter) (Entered: 05/20/2015) |
| 05/21/2015 | 70 | ORDER SETTING SCHEDULING CONFERENCE by Judge R. Gary Klausner. A scheduling conference has been placed on calendar for August 24, 2015 at 9:00 a.m. The Conference will be held pursuant to F.R.Civ. P. 16(b). Trial counsel must be present and there are no telephonic appearances. Counsel are ordered to file a joint statement providing a brief factual summary of the case, including the claims being asserted. The parties are reminded of their obligations to disclose information and confer on a discovery plan not later than 21 days prior to the scheduling conference, and to file a joint statement with the Court not later than 14 days after they confer, as required by F.R. Civ.P. 26 and the Local Rules of this Court. Failure to comply may lead to the imposition of sanctions. Plaintiff's counsel is directed to give notice of the scheduling conference to each party that makes an initial appearance in the action after this date. Not later than 5 court days prior to the Scheduling Conference, counsel are ordered to confer and electronically file (joint) Form ADR−1 (and proposed order, Form ADR 12), selecting one of the three settlement options available. (sw) (Entered: 05/21/2015) |
| 05/27/2015 | 71 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge R. Gary Klausner, (bp) (Entered: 05/28/2015) |
| 07/28/2015 | 72 | NOTICE TO ALL PARTIES AND ORDER by Judge R. Gary Klausner. The Scheduling Conference, calendared for hearing on 08/24/2015 at 9:00 am, has been ADVANCED TO 08/17/2015 at 9:00 AM.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sw) TEXT ONLY ENTRY (Entered: 07/28/2015) |
| 07/30/2015 | 73 | APPLICATION for attorney Francis Malofiy to Appear Pro Hac Vice (PHV Fee of $325 receipt number 0973−16178019 paid.) filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order) (Attorney Glen L Kulik added to party MICHAEL SKIDMORE(pty:pla)) (Kulik, Glen) (Entered: 07/30/2015) |
| 07/31/2015 | 74 | ORDER by Judge R. Gary Klausner: granting 73 APPLICATION to Appear Pro Hac Vice by Attorney Francis Malofiy on behalf of Plaintiff Michael Skidmore, |

| | | designating Glen L. Kulik as local counsel. (pso) (Entered: 07/31/2015) |
|---|---|---|
| 08/10/2015 | 75 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 15 court days, filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 08/10/2015) |
| 08/10/2015 | 76 | REQUEST for ADR Procedure No. 1 filed. Parties request to Appear Before The Honorable Alicia G. Rosenberg for settlement proceedings. Filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order)(Malofiy, Francis) (Entered: 08/10/2015) |
| 08/12/2015 | 77 | ORDER/REFERRAL to ADR Procedure No. 1 by Judge R. Gary Klausner. Case ordered to Magistrate Judge Rosenberg for Settlement Conference. (sw) (Entered: 08/12/2015) |
| 08/17/2015 | 78 | MINUTES OF Scheduling Conference held before Judge R. Gary Klausner. Amended Pleadings due by 10/20/2015. Discovery cut−off 2/11/2016. Motions due by 2/25/2016. Pretrial Conference set for 4/25/2016 09:00 AM. Jury Trial set for 5/10/2016 09:00 AM.Court Reporter: Sandra MacNeil. (cr) (Entered: 08/17/2015) |
| 08/17/2015 | 79 | ORDER RE JURY TRIAL by Judge R. Gary Klausner. Pretrial Conference set for 4/25/2016 09:00 AM. Jury Trial set for 5/10/2016 09:00 AM. Please refer to the Court's order for specifics. (cr) (Entered: 08/17/2015) |
| 10/15/2015 | 80 | MINUTE ORDER (IN CHAMBERS) RE: SETTLEMENT CONFERENCE by Magistrate Judge Alicia G. Rosenberg re: Order/Referral to ADR (No 1) (Judge) (ADR−12) 77 . This case has been referred to Magistrate Judge Rosenberg for settlement. Plaintiff's counsel shall contact Magistrate Judge Rosenberg's deputy clerk, Marine Pogosyan, (213) 894−5419, to obtain available dates for a settlement conference. Plaintiff's counsel shall contact Magistrate Judge Rosenberg's deputy clerk with enough time so that the settlement conference date is early enough to comply with any deadlines imposed by the District Judge or the Local Rules of this District. After obtaining available dates from Magistrate Judge Rosenberg's deputy clerk, counsel for the parties shall confer with each other and select one of the settlement conference dates selected by parties. Please note that all settlement conferences begin at 1:30 p.m. and are usually conducted on a Tuesday or Wednesday. IT IS SO ORDERED. (mp) (Entered: 10/15/2015) |
| 12/24/2015 | 81 | STIPULATION for Protective Order filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc.(Anderson, Peter) (Entered: 12/24/2015) |
| 12/28/2015 | 82 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Alicia G. Rosenberg. re Stipulation for Protective Order 81 . (See Order for Further Details) (kl) (Entered: 12/28/2015) |
| 01/12/2016 | 83 | NOTICE OF MOTION AND MOTION to Compel compliance with Requests for Production and response to Interrogatory filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 2/2/2016 at 10:30 AM before Magistrate Judge Alicia G. Rosenberg. (Attachments: # 1 Joint Stipulation)(Anderson, Peter) (Entered: 01/12/2016) |
| 01/12/2016 | 84 | APPLICATION to file document *Fifth Amendment to Randy Craig Wolfe Trust,* under seal filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 01/12/2016) |
| 01/12/2016 | 85 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Fifth Amendment to Randy Craig Wolfe Trust,* under seal 84 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., |

| | | Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Unredacted Document)(Anderson, Peter) (Entered: 01/12/2016) |
|---|---|---|
| 01/12/2016 | 86 | NOTICE OF ERRATA filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. *re pending Motion to Compel* (Attachments: # 1 Joint Stipulation re Motion to Compel)(Anderson, Peter) (Entered: 01/12/2016) |
| 01/19/2016 | 87 | SUPPLEMENT to MOTION to Compel compliance with Requests for Production and response to Interrogatory 83 , *SUPPLEMENTAL MEMORANDUM* filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 01/19/2016) |
| 01/29/2016 | 88 | TEXT ONLY ENTRY by Magistrate Judge Alicia G. Rosenberg. Defendants' Motion to Compel Plaintiff to Comply with Discovery 83 scheduled for February 2, 2016 10:00 a.m. is VACATED. A separate minute order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mp) TEXT ONLY ENTRY (Entered: 01/29/2016) |
| 01/29/2016 | 89 | MINUTES (IN CHAMBERS) by Magistrate Judge Alicia G. Rosenberg: denying 83 Motion to Compel. DEFENDANTS' MOTION TO COMPEL DISCOVERY. On January 12, 2016, Defendants filed a motion to compel Plaintiff to provide further responses to Document Request Nos. 9, 10 and 18, and Interrogatory No. 2. (Dkt. Nos. 83−86.) On January 19, 2016, Defendants filed a supplemental memorandum. (Dkt. No. 87.) The motion is appropriate for adjudication without oral argument. IT IS HEREBY ORDERED that Defendants motion to compel discovery is DENIED. (See Order for details.) (mp) (Entered: 01/29/2016) |
| 01/29/2016 | 90 | ORDER ON APPLICATION FOR LEAVE TO FILE UNDER SEAL by Magistrate Judge Alicia G. Rosenberg: granting 84 APPLICATION to Seal Document Re: APPLICATION to file document *Fifth Amendment to Randy Craig Wolfe Trust,* under seal 84 . The Court having considered the Application of defendants James Patrick Page, Robert Anthony Plant, John Paul Jones, Warner/Chappell Music, Inc., Super Hype Publishing, Inc., Atlantic Recording Corporation, Rhino Entertainment Company and Warner Music Group Inc. for leave to file under seal, and the submission of plaintiff Michael Skidmore, and for good cause shown, IT IS HEREBY ORDERED that: The Application be and hereby is granted and the following document is ordered filed under seal: "Fifth Amendment to Randy Craig Wolfe Trust Dated February 26, 2002." (mp) (Entered: 01/29/2016) |
| 02/02/2016 | 91 | First EX PARTE APPLICATION to Extend Discovery Cut−Off Date to 3/25/2016 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Declaration of Francis Malofiy In Support of Plaintiff's Ex Parte Application, # 2 Declaration of Francis Malofiy on Multi−Tracks in Support of Plaintiff's Ex Parte Application, # 3 Declaration of Glen Kulik in Support of Plaintiff's Ex Parte Application, # 4 Proposed Order) (Malofiy, Francis) (Entered: 02/02/2016) |
| 02/03/2016 | 92 | OPPOSITION to First EX PARTE APPLICATION to Extend Discovery Cut−Off Date to 3/25/2016 91 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 02/03/2016) |
| 02/03/2016 | 93 | SEALED DOCUMENT *FIFTH AMENDMENT TO TRUST AGREEMENT* re Order on Motion for Leave to File Document Under Seal,,, 90 , APPLICATION to file document *Fifth Amendment to Randy Craig Wolfe Trust,* under seal 84 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc.(Anderson, Peter) (Entered: 02/03/2016) |
| 02/04/2016 | 94 | MINUTE ORDER IN CHAMBERS by Magistrate Judge Alicia G. Rosenberg: re: Minutes of In Chambers Order/Directive − no proceeding held 80 . SETTLEMENT CONFERENCE ORDER. IT IS ORDERED that the parties shall appear for a |

| | | settlement conference on March 23, 2016, 1:30 p.m., at 312 N. Spring Street, Los Angeles, California, in Courtroom "B"− 8th floor. On or before March 16, 2016, each party shall deliver or fax to the chambers of Magistrate Judge Alicia G. Rosenberg at (213) 894−2934 a Confidential Settlement Conference Statement. EACH PARTY SHALL APPEAR AT THE SETTLEMENT CONFERENCE IN PERSON, absent Court permission to participate telephonically. The appearing party, or party representative, is to have authority to settle the case. (See Order for details.) (mp) (Entered: 02/04/2016) |
|---|---|---|
| 02/04/2016 | 96 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Sealed Document, 93 . The following error(s) was found: Title page is missing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bp) (Entered: 02/10/2016) |
| 02/05/2016 | 95 | ORDER DENYING PLAINTIFF'S FIRST EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER by Judge R. Gary Klausner 91 . DENIED BY ORDER OF THE COURT. (pso) (Entered: 02/05/2016) |
| 02/25/2016 | 97 | NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein , NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 3/28/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Memorandum, # 2 Declaration of J Page, # 3 Declaration of R Plant, # 4 Declaration of J P Jones, # 5 Declaration of L Ferrara, # 6 Exhibits 1−2, # 7 Declaration of R Mathes, # 8 Declaration of H Freeman, # 9 Exhibits 3−7, # 10 Declaration of P Anderson, # 11 Declarations 8−26, # 12 proposed Statement of Uncontroverted Facts and Conclusions of Law, # 13 proposed Order Granting Partial Summary Judgment, # 14 proposed Judgment, # 15 Notice of Lodging of Audio Exhibits, # 16 Notice of Manual Filing) (Anderson, Peter) (Entered: 02/25/2016) |
| 02/25/2016 | 98 | NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 3/28/2016 at 09:00 AM before Judge R. Gary Klausner. (Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 99 | DECLARATION of Glen L. Kulik in support of NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 98 filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 100 | DECLARATION of Francis Malofiy in support of NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 98 filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 101 | NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 *[Filed again to attach Proposed Order attached]* filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 3/28/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order) (Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 102 | APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order, # 2 Redacted Document)(Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 103 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal 102 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Unredacted Document Exhibits 1−3, # 2 Unredacted Document Exhibits 4−6, # 3 Unredacted Document Exhibit 7, # 4 Unredacted Document Exhibit 8, # 5 Unredacted Document Exhibit 9)(Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 104 | DECLARATION of Glen L. Kulik in Support of APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend* |

| | | |
|---|---|---|
| | | *Complaint to Add Defendants* under seal 102 filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 02/25/2016) |
| 02/25/2016 | 105 | Amendment to NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 ; *Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law.* filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 02/25/2016) |
| 02/29/2016 | 109 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amendment (Motion related),, 105 . The following error(s) was found: Other error(s) with document(s) are specified below: This document is to be submitted as an attachment to a "Notice of Lodging.". In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bp) (Entered: 03/01/2016) |
| 03/01/2016 | 106 | RESPONSE IN SUPPORT OF APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal 102 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 03/01/2016) |
| 03/01/2016 | 107 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal 102 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Declaration re Exhibit 9)(Anderson, Peter) (Entered: 03/01/2016) |
| 03/01/2016 | 108 | NOTICE OF LODGING OF PROPOSED ORDER RE APPLICATION TO SEAL EXHIBITS re APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal 102 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/01/2016) |
| 03/02/2016 | 110 | EX PARTE APPLICATION for Extension of Time to File Response to Summary Judgment Motion filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order) (Kulik, Glen) (Entered: 03/02/2016) |
| 03/02/2016 | 111 | DECLARATION OF GLEN L. KULIK IN SUPPORT OF EX PARTE APPLICATION FOR A ONE−WEEK EXTENSION TO RESPOND TO SUMMARY JUDGMENT MOTION re EX PARTE APPLICATION for Extension of Time to File Response to Summary Judgment Motion 110 filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 03/02/2016) |
| 03/02/2016 | 112 | RESPONSE IN SUPPORT of APPLICATION to file document *Exhibits 1−9 to Declaration of Glen Kulik in Support of Motion for Leave to Amend Complaint to Add Defendants* under seal 102 filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 03/02/2016) |
| 03/03/2016 | 113 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Extension of Time to File Response to Summary Judgment Motion 110 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 03/03/2016) |
| 03/04/2016 | 114 | DENIED BY ORDER OF THE COURT by Judge R. Gary Klausner: denying 110 EX PARTE APPLICATION for Extension of Time to File (bp) (Entered: 03/04/2016) |

| 03/07/2016 | 115 | NOTICE of Manual Filing filed by Plaintiff MICHAEL SKIDMORE of CD containing audio exhibits. (Kulik, Glen) (Entered: 03/07/2016) |
|---|---|---|
| 03/07/2016 | 116 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 98 , NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 *[Filed again to attach Proposed Order attached]* 101 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration)(Anderson, Peter) (Entered: 03/07/2016) |
| 03/07/2016 | 117 | NOTICE OF LODGING filed *(attaching CD of audio exhibits* re Notice of Manual Filing (G−92) 115 (Kulik, Glen) (Entered: 03/07/2016) |
| 03/07/2016 | 118 | OPPOSITION to NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Statement of Genuine Issues, # 2 Longo Declaration, # 3 Andrea Wolfe Declaration, # 4 Janet Wolfe Declaration, # 5 Linda Mensch Declaration, # 6 David Waterbury Declaration, # 7 Malofiy Declaration, # 8 Stewart Declaration, # 9 Johnson Declaration, # 10 Bricklin Declaration, # 11 Knight Declaration)(Malofiy, Francis) (Entered: 03/07/2016) |
| 03/07/2016 | 119 | DECLARATION of Plaintiff's Declarants in opposition NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Hansen Declaration, # 2 Pates Declaration, # 3 Ferguson Declaration, # 4 Skidmore Declaration, # 5 Mike Lee Declaration, # 6 Robert Lee Declaration, # 7 Andes Declaration, # 8 Hanson Declaration)(Malofiy, Francis) (Entered: 03/07/2016) |
| 03/08/2016 | 120 | First APPLICATION to file document *Depositions of Defendants* under seal filed by Plaintiff MICHAEL SKIDMORE.(Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 121 | SEALED DECLARATION IN SUPPORT OF First APPLICATION to file document *Depositions of Defendants* under seal 120 filed by Plaintiff MICHAEL SKIDMORE.(Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 122 | First NOTICE of Manual Filing filed by Plaintiff MICHAEL SKIDMORE of Audio and Video Exhibits in Opposition to Motion for Summary Judgment. (Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 123 | DECLARATION of Denny Somach In opposition NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 124 | DECLARATION of Francis Malofiy In Opposition NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 ***Refiled with Exhibits*** filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Exhibits 1−21 to Malofiy Declaration)(Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 125 | NOTICE OF LODGING filed *Expert Audio and Video* re Notice of Manual Filing (G−92) 122 (Malofiy, Francis) (Entered: 03/08/2016) |
| 03/08/2016 | 126 | NOTICE OF ERRATA filed by Plaintiff MICHAEL SKIDMORE. correcting Response in Opposition to Motion,, 118 (Kulik, Glen) (Entered: 03/08/2016) |
| 03/10/2016 | 127 | ORDER GRANTING PLAINTIFFS APPLICATION TO FILE UNDER SEAL EXHIBITS 1 THROUGH 9 TO THE DECLARATION OF GLEN L. KULIK IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD DEFENDANTS (DKT. 102 ) by Judge R. Gary Klausner: Plaintiff's Application to File Under Seal Exhibits 1 through 9 to the Declaration of Glen L. Kulik in Support of |

| | | |
|---|---|---|
| | | Motion for Leave to File Amended Complaint and Add Defendants is GRANTED. (ah) (Entered: 03/10/2016) |
| 03/11/2016 | 128 | SEALED DECLARATION IN SUPPORT OF First APPLICATION to file document *Depositions of Defendants* under seal 120 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/11/2016) |
| 03/14/2016 | 129 | REPLY in support of NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Ferrara Reply Declaration, # 2 Freeman Reply Declaration, # 3 Anderson Reply Declaration, # 4 Objections to Plaintiff's Evidence, # 5 Response to Plaintiff's Alleged Uncontroverted Facts)(Anderson, Peter) (Entered: 03/14/2016) |
| 03/14/2016 | 130 | REPLY In Support NOTICE OF MOTION AND MOTION to Amend Amended Complaint, 31 98 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Additional Declaration of Francis Malofiy, Esquire)(Malofiy, Francis) (Entered: 03/14/2016) |
| 03/23/2016 | 131 | SCHEDULING NOTICE TO ALL PARTIES AND ORDER by Judge R. Gary Klausner. Plaintiff's Motion to Amend Amended Complaint 98 , and Defendants' Motion for Summary Judgment as to First Amended Complaint 97 , calendared for hearing on March 28, 2016, has been taken under submission and off the motion calendar. No appearances by counsel are necessary. The Court will issue a ruling after full consideration of properly submitted pleadings. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sw) TEXT ONLY ENTRY (Entered: 03/23/2016) |
| 03/23/2016 | 132 | MINUTES OF Settlement Conference held before Magistrate Judge Alicia G. Rosenberg. The settlement conference is conducted off the record. A settlement is not reached. Counsel are to contact the Clerk, Marine Pogosyan, at (213) 894−5419 if counsel agree a second session of settlement conference is productive. Court Recorder: cs 3/23/2016. (mp) (Entered: 03/24/2016) |
| 03/25/2016 | 133 | ORDER by Judge R. Gary Klausner: DENYING 101 Plaintiff's Motion for Leave to File Amended Complaint to Add Defendants. Denied by Order of the Court. (pso) (Entered: 03/25/2016) |
| 03/25/2016 | 134 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude hearsay as to statements by Randy Wolfe filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 135 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude hearsay statements in newspapers, magazines and books filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 136 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |

**02906**

| 03/25/2016 | 137 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude Dr. Alexander Stewart, Erik Johnson, Brian Bricklin and Kevin Hanson filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
|---|---|---|
| 03/25/2016 | 138 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude claims and theoretical claims of copying other works and settlements filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 139 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude Denny Somach filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 140 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 141 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 142 | NOTICE OF MOTION AND MOTION IN LIMINE (#9) to Exclude pre−May 31, 2011 Revenues and Foreign Revenues filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 143 | NOTICE OF MOTION AND MOTION IN LIMINE (#10) to Exclude witnesses plaintiff failed to disclose filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 144 | NOTICE OF MOTION AND MOTION IN LIMINE (#11) to Exclude claimed 1973 discussion filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 145 | NOTICE OF MOTION AND MOTION IN LIMINE (#12) to Exclude evidence and argument as to drinking and drug use filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at |

| | | |
|---|---|---|
| | | 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 146 | NOTICE OF MOTION AND MOTION IN LIMINE (#13) to Exclude evidence and argument re insurance and indemnity filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 147 | NOTICE OF MOTION AND MOTION IN LIMINE (#14) to Exclude plaintiff's complaints from jury filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order)(Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 148 | NOTICE OF ERRATA RE DECRIPTION OF MOTION IN LIMINE NO. 7 filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 03/25/2016) |
| 03/25/2016 | 149 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Preclude Evidence, Testimony, Argument of Trust's Validity and/or Legitimacy filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order)(Malofiy, Francis) (Entered: 03/25/2016) |
| 03/25/2016 | 150 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Preclude Evidence, Testimony, Argument of Wolfe Inheritance filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order)(Malofiy, Francis) (Entered: 03/25/2016) |
| 03/25/2016 | 151 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Preclude Defense Damages Expert filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order)(Malofiy, Francis) (Entered: 03/25/2016) |
| 03/26/2016 | 152 | DOCUMENT IS STRICKEN, see docket entry no. 153 − NOTICE OF MOTION AND MOTION to Withdraw Admissions filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 5/10/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order) (Malofiy, Francis) Modified on 3/28/2016 (lom). (Entered: 03/26/2016) |
| 03/28/2016 | 153 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENTS by Judge R. Gary Klausner: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: NOTICE OF MOTION AND MOTION to Withdraw Admissions 152 , for the following reasons: Motion cut−off date was February 25, 2016. (lom) (Entered: 03/28/2016) |
| 03/30/2016 | 154 | Response to Defendants' Evidentiary Objections Opposition re: NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Supplemental Declaration of Francis Malofiy Opposing Evidentiary Objections, # 2 Hand−Signed Declaration of Bruce Dukes, # 3 Hand−Signed Declaration of Denny Somach, # 4 Hand−Signed Declaration of Brian Bricklin, # 5 Hand−Signed Declaration of Erik Johnson, # 6 Hand−Signed Declaration of Mark Andes, # 7 Hand−Signed Declaration of Michael Skidmore, # 8 Hand−Signed Declaration of Kevin Hanson)(Malofiy, Francis) (Entered: 03/30/2016) |
| 03/31/2016 | 155 | OBJECTION in support of re: NOTICE OF MOTION AND MOTION for Summary Judgment as to First Amended Complaint and each claim therein NOTICE OF |

| | | |
|---|---|---|
| | | MOTION AND MOTION for Partial Summary Judgment as to issues not in substantial dispute 97 ; *Objections to Plaintiff's Late Filings re Submitted Motion,* filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 03/31/2016) |
| 04/04/2016 | 156 | DECLARATION of Peter J. Anderson *re Defendants' Witness and Exhibit Lists,* filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 Defendants' Witness List, # 2 Defendants' Exhibit List)(Anderson, Peter) (Entered: 04/04/2016) |
| 04/04/2016 | 157 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/04/2016) |
| 04/04/2016 | 158 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Witness List, # 2 Exhibit LIst)(Malofiy, Francis) (Entered: 04/04/2016) |
| 04/08/2016 | 159 | MINUTES (IN CHAMBERS): Order re: Defendants' Motion for Summary Judgment 97 by Judge R. Gary Klausner. For the foregoing reasons, the Court GRANTS Defendants Motion for Summary Judgment as to the Right of Attribution claim and as to all claims against John Paul Jones, Super Hype Publishing, Inc., and Warner Music Group Corp. The Court also GRANTS Defendants' request to limit Plaintiff's damages to 50% of the recovery (his share as a beneficial owner). The Court DENIES Defendants' Motion for Summary Judgment as to the Copyright Infringement claim against the remaining Defendants. (lom) (Entered: 04/11/2016) |
| 04/15/2016 | 160 | MEMORANDUM in Opposition to MOTION IN LIMINE (#1) to Preclude Evidence, Testimony, Argument of Trust's Validity and/or Legitimacy 149 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/15/2016) |
| 04/15/2016 | 161 | MEMORANDUM in Opposition to MOTION IN LIMINE (#2) to Preclude Evidence, Testimony, Argument of Wolfe Inheritance 150 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/15/2016) |
| 04/15/2016 | 162 | MEMORANDUM in Opposition to MOTION IN LIMINE (#3) to Preclude Defense Damages Expert 151 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/15/2016) |
| 04/15/2016 | 163 | OPPOSITION to MOTION IN LIMINE (#1) to Exclude hearsay as to statements by Randy Wolfe 134 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 164 | OPPOSITION to MOTION IN LIMINE (#2) to Exclude hearsay statements in newspapers, magazines and books 135 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 165 | OPPOSITION to MOTION IN LIMINE (#5) to Exclude claims and theoretical claims of copying other works and settlements 138 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 166 | OPPOSITION to MOTION IN LIMINE (#6) to Exclude Denny Somach 139 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 167 | OPPOSITION to MOTION IN LIMINE (#7) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds 140 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |

| 04/15/2016 | 168 | OPPOSITION to MOTION IN LIMINE (#8) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds 141 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
|---|---|---|
| 04/15/2016 | 169 | OPPOSITION to MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription 136 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Decl. of Alexander Stewart)(Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 170 | OPPOSITION to MOTION IN LIMINE (#4) to Exclude Dr. Alexander Stewart, Erik Johnson, Brian Bricklin and Kevin Hanson 137 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Decl. of Alexander Stewart)(Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 171 | OPPOSITION to MOTION IN LIMINE (#11) to Exclude claimed 1973 discussion 144 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 172 | OPPOSITION to MOTION IN LIMINE (#10) to Exclude witnesses plaintiff failed to disclose 143 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/15/2016 | 173 | OPPOSITION to MOTION IN LIMINE (#12) to Exclude evidence and argument as to drinking and drug use 145 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/15/2016) |
| 04/16/2016 | 174 | OPPOSITION to MOTION IN LIMINE (#9) to Exclude pre−May 31, 2011 Revenues and Foreign Revenues 142 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/16/2016) |
| 04/16/2016 | 175 | DECLARATION of Erik Johnson In Support of Plaintiff's Responses (ECF 169, 170) to Defendants' MILs 3 & 4 MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription 136 , MOTION IN LIMINE (#4) to Exclude Dr. Alexander Stewart, Erik Johnson, Brian Bricklin and Kevin Hanson 137 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/16/2016) |
| 04/17/2016 | 176 | DECLARATION of Erik Johnson In Support of Plaintiff's Responses (ECF 169, 170) to Defendants' MILs 3 & 4 MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription 136 , MOTION IN LIMINE (#4) to Exclude Dr. Alexander Stewart, Erik Johnson, Brian Bricklin and Kevin Hanson 137 ***Refiled with Ink Signature*** filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 04/17/2016) |
| 04/18/2016 | 177 | Proposed Voir Dire Questions filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 04/18/2016) |
| 04/18/2016 | 178 | Proposed Voir Dire Questions filed by Plaintiff MICHAEL SKIDMORE.. (Malofiy, Francis) (Entered: 04/18/2016) |
| 04/20/2016 | 179 | DEFENDANTS' SHORT NARRATIVE STATEMENT RE EXPERTS filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc (Anderson, Peter) (Entered: 04/20/2016) |
| 04/20/2016 | 180 | Plaintiff's Short Expert Narratives and Qualifications filed by Plaintiff MICHAEL SKIDMORE (Malofiy, Francis) (Entered: 04/20/2016) |
| 04/21/2016 | 181 | REPLY in support of MOTION IN LIMINE (#1) to Exclude hearsay as to statements by Randy Wolfe 134 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 182 | REPLY in support of MOTION IN LIMINE (#2) to Exclude hearsay statements in newspapers, magazines and books 135 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |

| 04/21/2016 | 183 | REPLY in support of MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription 136 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| --- | --- | --- |
| 04/21/2016 | 184 | REPLY in support of MOTION IN LIMINE (#4) to Exclude Dr. Alexander Stewart, Erik Johnson, Brian Bricklin and Kevin Hanson 137 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 185 | REPLY in support of MOTION IN LIMINE (#5) to Exclude claims and theoretical claims of copying other works and settlements 138 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 186 | REPLY in support of MOTION IN LIMINE (#6) to Exclude Denny Somach 139 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner Music Group Corp. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 187 | REPLY in support of MOTION IN LIMINE (#7) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds 140 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 188 | REPLY in support of MOTION IN LIMINE (#8) to Exclude evidence and argument as to plaintiffs and the Randy Craig Wolfe Trusts use of funds 141 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 189 | REPLY in support of MOTION IN LIMINE (#9) to Exclude pre−May 31, 2011 Revenues and Foreign Revenues 142 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 190 | REPLY in support of MOTION IN LIMINE (#10) to Exclude witnesses plaintiff failed to disclose 143 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 191 | REPLY in support of MOTION IN LIMINE (#11) to Exclude claimed 1973 discussion 144 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 192 | REPLY in support of MOTION IN LIMINE (#12) to Exclude evidence and argument as to drinking and drug use 145 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 193 | REPLY in support of MOTION IN LIMINE (#13) to Exclude evidence and argument re insurance and indemnity 146 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/21/2016 | 194 | REPLY in support of MOTION IN LIMINE (#14) to Exclude plaintiff's complaints from jury 147 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/21/2016) |
| 04/22/2016 | 195 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino |

| | | |
|---|---|---|
| | | Entertainment Company, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 04/22/2016) |
| 04/22/2016 | 196 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 04/22/2016) |
| 04/23/2016 | 197 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Plaintiff MICHAEL SKIDMORE.. (Malofiy, Francis) (Entered: 04/23/2016) |
| 04/24/2016 | 198 | Witness List filed by Plaintiff MICHAEL SKIDMORE.. (Malofiy, Francis) (Entered: 04/24/2016) |
| 04/24/2016 | 199 | Joint Exhibit List filed by Plaintiff MICHAEL SKIDMORE.. (Attachments: # 1 Proposed Pretrial Conference Order)(Malofiy, Francis) (Entered: 04/24/2016) |
| 04/24/2016 | 200 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Pretrial Conference Order with Exhibit 1 − Joint Exhibit List)(Malofiy, Francis) (Entered: 04/24/2016) |
| 04/24/2016 | 201 | DECLARATION of Peter J. Anderson re Witness List 198 , Notice of Lodging Proposed Pretrial Order 200 , Exhibit List 199 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 04/24/2016) |
| 04/25/2016 | 202 | MINUTES OF PRETRIAL CONFERENCE Case called. Court and counsel confer. Prior to the trial date, the parties shall submit a joint statement of the case. The joint statement should not exceed one paragraph. Each day of trial, counsel shall submit to the Court a list of witnesses, in the order they will be called. Court and counsel confer regarding voir dire, jury impanelment, trial hours, and introducing exhibits. Time limits for opening statements will be given to counsel on the first day of trial. The Court informs counsel that it intends to impose time limits of 10 hours per side. The Court issues tentative rulings on motions in limine. granting 134 Motion in Limine to Exclude; granting 135 Motion in Limine to Exclude; granting 136 Motion in Limine to Exclude; granting 137 Motion in Limine to Exclude; granting 138 Motion in Limine to Exclude; granting 139 Motion in Limine to Exclude; granting 140 Motion in Limine to Exclude; granting 141 Motion in Limine to Exclude; granting in part and denying in part 142 Motion in Limine to Exclude; granting 145 Motion in Limine to Exclude; granting 146 Motion in Limine to Exclude; granting 147 Motion in Limine to Exclude; granting 149 Motion in Limine to Preclude; denying 150 Motion in Limine to Preclude; denying 151 Motion in Limine to Preclude; Final Pretrial Conference held before Judge R. Gary Klausner: Court Reporter: Shayna Montgomery. (bp) Modified on 4/28/2016 (sw). (Entered: 04/25/2016) |
| 04/25/2016 | 203 | MINUTE ORDER IN CHAMBERS by Judge R. Gary Klausner re: Amended Ruling on Defendants' Motion inLimine No. 4 137 . Refer to the Court's order for details. (pso) (Entered: 04/25/2016) |
| 04/27/2016 | 204 | SCHEDULING NOTICE TO ALL PARTIES AND ORDER by Judge R. Gary Klausner. The Jury Trial in this matter has been continued from 05/10/2016 at 9:00 am to 06/14/2016 9:00 am. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sw) TEXT ONLY ENTRY (Entered: 04/27/2016) |
| 04/28/2016 | 205 | TRANSCRIPT for proceedings held on 04/25/2016 − 9:08 A.M. Court Reporter: Shayna Montgomery, E−mail: shaynamontgomery@yahoo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 5/19/2016. Redacted Transcript Deadline set for 5/31/2016. Release of Transcript Restriction set for 7/27/2016. (Montgomery, Shayna) (Entered: 04/28/2016) |
| 04/28/2016 | 206 | NOTICE OF FILING TRANSCRIPT filed for proceedings 04/25/2016 − 9:08 A.M. re Transcript 205 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Montgomery, Shayna) TEXT ONLY ENTRY (Entered: 04/28/2016) |

| 05/06/2016 | 207 | NOTICE OF MOTION AND MOTION to Depose Newly Discovered Witness or Alternatively to have Witness Testify by Video Conference at Trial filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/14/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order) (Malofiy, Francis) (Entered: 05/06/2016) |
|---|---|---|
| 05/06/2016 | 208 | NOTICE OF MOTION AND MOTION to Determine Trial Techology filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/14/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order) (Malofiy, Francis) (Entered: 05/06/2016) |
| 05/09/2016 | 209 | SCHEDULING NOTICE TO ALL PARTIES AND ORDER by Judge R. Gary Klausner. The Court has reviewed plaintiff's Motion to Determine Trial Techology 208 , and Motion to Depose Newly Discovered Witness or Alternatively to have Witness Testify by Video Conference at Trial 207 . The Court construes both motions as ex parte applications. Defendants' opposition, if any, shall be filed no later than 2:00 pm on Wednesday, May 11, 2016. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sw) TEXT ONLY ENTRY (Entered: 05/09/2016) |
| 05/09/2016 | 210 | EX PARTE APPLICATION for Order for Confirming February 11, 2016 Discovery Cut−Off Does Not Apply to Expert Depositions filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Attachments: # 1 EXHIBITS 1−5, # 2 Proposed Order) (Anderson, Peter) (Entered: 05/09/2016) |
| 05/10/2016 | 211 | OPPOSITION to EX PARTE APPLICATION for Order for Confirming February 11, 2016 Discovery Cut−Off Does Not Apply to Expert Depositions 210 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order)(Malofiy, Francis) (Entered: 05/10/2016) |
| 05/10/2016 | 212 | [STRICKEN] REPLY in support of EX PARTE APPLICATION for Order for Confirming February 11, 2016 Discovery Cut−Off Does Not Apply to Expert Depositions 210 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) Modified on 5/11/2016 (ah). (Entered: 05/10/2016) |
| 05/11/2016 | 213 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENTS by Judge R. Gary Klausner: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: Reply (Motion related) 212 for the following reasons: Requires leave of Court. (ah) (Entered: 05/11/2016) |
| 05/11/2016 | 214 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Determine Trial Techology 208 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 05/11/2016) |
| 05/11/2016 | 215 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Depose Newly Discovered Witness or Alternatively to have Witness Testify by Video Conference at Trial 207 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 05/11/2016) |
| 05/11/2016 | 216 | ORDER ON DEFENDANTS' EX PARTE APPLICATION FOR ORDER CONFIRMING FEBRUARY 11, 2016 DISCOVERY CUT−OFF DOES NOT APPLY TO EXPERT DEPOSITIONS by Judge R. Gary Klausner: IT IS HEREBY ORDERED that defendants' Application is GRANTED and that: The February 11, 2016 discovery cut−off in this action does not apply to expert depositions, which are instead governed by Federal Rule of Civil Procedure 26; and Defendants may proceed with their depositions of plaintiff's experts as noticed by defendants on May 3, 2016 (or at such other dates, times and placed as counsel for the parties may agree beforehand in writing). (bp) (Entered: 05/12/2016) |
| 05/12/2016 | 217 | ORDER GRANTING PLAINTIFF'S MOTION TO DETERMINE TRIAL TECHNOLOGY by Judge R. Gary Klausner 208 . Refer to the Court's order for details. (pso) (Entered: 05/12/2016) |

| 05/12/2016 | 218 | ORDER GRANTING PLAINTIFF'S MOTION FORLEAVE TO DEPOSE NEWLY DISCOVERED WITNESS OR ALTERNATIVELY TO HAVEWITNESS TESTIFY BY VIDEO CONFERENCE AT TRIAL by Judge R. Gary Klausner 207 . Note changes made by the Court. Refer to the Court's order for details. (pso) (Entered: 05/12/2016) |
| --- | --- | --- |
| 05/17/2016 | 219 | NOTICE OF DISCREPANCY AND ORDER: by Judge R. Gary Klausner, ORDERING Letter to Judge Re Non−Payment by Counsel for deposition transcripts submitted by Non−Party received on 5/16/16 is not to be filed but instead rejected. Denial based on: L.R. 83−2.5. No letters to the Judge. (pso) (Entered: 05/17/2016) |
| 05/17/2016 | 220 | NOTICE OF MOTION AND MOTION for Order for to Compel Attendance and Testimony filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/14/16 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order) (Malofiy, Francis) (Entered: 05/17/2016) |
| 05/24/2016 | 221 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Order for to Compel Attendance and Testimony 220 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 05/24/2016) |
| 06/07/2016 | 222 | STATEMENT − Joint Statement of the Case to be Read to Jury filed by Plaintiff MICHAEL SKIDMORE (Kulik, Glen) (Entered: 06/07/2016) |
| 06/07/2016 | 223 | TRIAL BRIEF filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc.. (Attachments: # 1 Declaration re Documents Cited in Trial Brief)(Anderson, Peter) (Entered: 06/07/2016) |
| 06/08/2016 | 224 | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ATTENDANCE OF JAMES PATRICK PAGE AND ROBERT PLANT AND JOHN PAUL JONES 220 by Judge R. Gary Klausner. (ah) (Entered: 06/08/2016) |
| 06/10/2016 | 225 | REQUEST FOR JUDICIAL NOTICE *that the Spirit Album Taurus Appeared On Charted for 32 Weeks, As High As 31, on Billboard's Top LP's Chart* filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order)(Malofiy, Francis) (Entered: 06/10/2016) |
| 06/10/2016 | 226 | REQUEST FOR JUDICIAL NOTICE filed by Plaintiff MICHAEL SKIDMORE. (Kulik, Glen) (Entered: 06/10/2016) |
| 06/10/2016 | 227 | REQUEST FOR JUDICIAL NOTICE *(with Proposed Order)* filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order Order)(Kulik, Glen) (Entered: 06/10/2016) |
| 06/10/2016 | 228 | DECLARATION of Glen L. Kulik re Request for Judicial Notice 227 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Exhibit A−D, # 2 Exhibit E, # 3 Exhibit F−I, # 4 Exhibit J−M)(Kulik, Glen) (Entered: 06/10/2016) |
| 06/10/2016 | 229 | REQUEST to Use Music Equipment at Trial filed by Plaintiff MICHAEL SKIDMORE. Request set for hearing on 6/14/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order) (Malofiy, Francis) (Entered: 06/10/2016) |
| 06/11/2016 | 230 | (STRICKEN PURSUANT TO DKT. 233 ) NOTICE OF MOTION AND MOTION for Sanctions for Failing to Disclose Conflict of Interest filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/14/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order, # 3 Alternative Proposed Order) (Malofiy, Francis) Modified on 6/13/2016 (ah). (Entered: 06/11/2016) |
| 06/12/2016 | 231 | (STRICKEN PURSUANT TO DKT. 233 ) NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,,, Order on Motion for Partial Summary Judgment,, 159 filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/14/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Declaration of Francis Malofiy, # 2 Proposed Order) (Malofiy, Francis) Modified on 6/13/2016 (ah). (Entered: 06/12/2016) |

| 06/12/2016 | 232 | SUPPLEMENT to MOTION IN LIMINE (#3) to Exclude recordings of Taurus different from copyrighted 1967 transcription 136 ***Plaintiff's Brief in Further Support of Admissibility of Taurus Recordings*** filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order)(Malofiy, Francis) (Entered: 06/12/2016) |
| --- | --- | --- |
| 06/13/2016 | 233 | ORDER STRIKING ELECTRONICALLY FILED DOCUMENTS by Judge R. Gary Klausner: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment 159 231 , NOTICE OF MOTION AND MOTION for Sanctions for Failing to Disclose Conflict of Interest 230 for the following reasons: Hearing information is missing, incorrect, or not timely. Motions are not timely. Memorandum of Points and Authorities on Docket Entry 230 exceed this Court's 20 page limit. (ah) (Entered: 06/13/2016) |
| 06/13/2016 | 234 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Sanctions for Failing to Disclose Conflict of Interest 230 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 235 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Partial Summary Judgment,, 159 231 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 236 | MEMORANDUM in Opposition to REQUEST to Use Music Equipment at Trial 229 filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 237 | MEMORANDUM in Opposition to Request for Judicial Notice re Probate Files (Doc. 227) filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 238 | MEMORANDUM in Opposition to Request for Judicial Notice re Spirit Album (Doc. 225) filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 239 | MEMORANDUM in Opposition to Motion to Reconsider Ruling as to MIL # 3 (Doc. 232) filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/13/2016 | 240 | APPLICATION of Non−Resident Attorney Alfred J. Fluehr to Appear Pro Hac Vice on behalf of Plaintiff MICHAEL SKIDMORE (Pro Hac Vice Fee − Fee Paid, Receipt No. 0973−17993176) filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order) (Kulik, Glen) (Entered: 06/13/2016) |
| 06/13/2016 | 241 | DEFENDANTS' SUPPLEMENTAL Exhibit List filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 06/13/2016) |
| 06/14/2016 | 242 | Supplemental Exhibit List for Trial filed by Plaintiff MICHAEL SKIDMORE.. (Malofiy, Francis) (Entered: 06/14/2016) |
| 06/14/2016 | 243 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: APPLICATION of Non−Resident Attorney Alfred J. Fluehr to Appear Pro Hac Vice on behalf of Plaintiff MICHAEL SKIDMORE (Pro Hac Vice Fee − Fee Paid, Receipt No. 0973−17993176) 240 . The following error(s) was found: Other error(s) with document(s) are specified below: Form is out−of−date. Attorney failed to use current form and Proposed Order. Form was updated and amended as of May 1, 2016. In |

|  |  | response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lt) (Entered: 06/14/2016) |
|---|---|---|
| 06/14/2016 | 245 | MINUTES OF Jury Trial − 1st Day; Rulings on Motions in Limine 134 135 136 137 138 139 140 141 142 143 144 145 146 147 149 150 151 held before Judge R. Gary Klausner. Jury empanelled and sworn. Opening statements made. Witnesses called, sworn and testified. Jury Trial set for 6/15/2016 08:30 AM before Judge R. Gary Klausner. See order for specifics. Court Reporter: Sandra MacNeil/C. Nirenberg. (ah) (Entered: 06/15/2016) |
| 06/15/2016 | 244 | NOTICE OF MOTION AND MOTION to Use Sound Recordings to Prove Access filed by Plaintiff MICHAEL SKIDMORE. Motion set for hearing on 6/16/2016 at 08:30 AM before Judge R. Gary Klausner. (Attachments: # 1 Exhibit 1 − Plaintiff's Brief on Using Sound Recordings to Prove Access, # 2 Exhibit 2 − Defendants' Response to Plaintiff's Brief on Sound Recordings and Access) (Malofiy, Francis) (Entered: 06/15/2016) |
| 06/15/2016 | 246 | APPLICATION of Non−Resident Attorney Alfred J. Fluehr to Appear Pro Hac Vice on behalf of Plaintiff MICHAEL SKIDMORE (Pro Hac Vice Fee − $325.00 Previously Paid on 6/13/2016, Receipt No. 097317993176) filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order) (Kulik, Glen) (Entered: 06/15/2016) |
| 06/15/2016 | 247 | ORDER ON APPLICATION OF NON−RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge R. Gary Klausner: granting 246 Non−Resident Attorney Alfred J. Fluehr APPLICATION to Appear Pro Hac Vice on behalf of Plaintiff, Michael Skidmore, as Trustee for Randy Craig Wolfe Trust, designating Glen L. Kulik as local counsel. (bp) (Entered: 06/15/2016) |
| 06/15/2016 | 248 | MINUTES OF Jury Trial − 2nd Day held before Judge R. Gary Klausner: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 6/16/2016 08:30 AM. Court Reporter: Sandra MacNeil/Cindy Nirenberg. (bp) (Entered: 06/16/2016) |
| 06/16/2016 | 249 | MINUTES OF Jury Trial − 3rd Day held before Judge R. Gary Klausner: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 6/17/2016 08:30 AM. Court Reporter: Sandra MacNeil/Cindy Nirenberg. (bp) (Entered: 06/17/2016) |
| 06/17/2016 | 254 | MINUTES OF Jury Trial − 4th Day held before Judge R. Gary Klausner: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 6/21/2006 08:30 AM. Court Reporter: Sandra MacNeil/Cindy Nirenberg. (bp) (Entered: 06/20/2016) |
| 06/20/2016 | 250 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: plaintiff's failure to prove elements of his claims filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. Motion set for hearing on 6/21/2016 at 08:30 AM before Judge R. Gary Klausner. (Anderson, Peter) (Entered: 06/20/2016) |
| 06/20/2016 | 251 | REQUEST for Order for Ruling on alternative Motion for JMOL re plaintiff's claim for profits filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. Request set for hearing on 6/21/2016 at 08:30 AM before Judge R. Gary Klausner. (Anderson, Peter) (Entered: 06/20/2016) |
| 06/20/2016 | 252 | OBJECTIONS *TO PLAINTIFF'S TRIAL CONDUCT* filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/20/2016) |
| 06/20/2016 | 253 | OFFER OF PROOF RE UNCLEAN HANDS DEFENSE filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc (Anderson, Peter) (Entered: |

| | | 06/20/2016) |
|---|---|---|
| 06/21/2016 | 255 | PROPOSED JURY INSTRUCTIONS filed by defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc.. (Anderson, Peter) (Entered: 06/21/2016) |
| 06/21/2016 | 256 | MEMORANDUM in Opposition *to Plaintiff's Oral Motion for Directed Verdict re Unclean Hands,* filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/21/2016) |
| 06/21/2016 | 257 | OBJECTIONS *TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE CHANGE IN LAW,* filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 06/21/2016) |
| 06/21/2016 | 259 | MINUTES OF Jury Trial − 5th Day held before Judge R. Gary Klausner: Witnesses called, sworn and testified. Exhibits identified and admitted. Court and counsel confer re jury instructions. Oppositions to pending motions due by June 24, 2016. Jury Trial set for 6/22/2016 08:30 AM before Judge R. Gary Klausner. Court Reporter: Sandra MacNeil/C. Nirenberg. (ah) (Entered: 06/23/2016) |
| 06/22/2016 | 260 | MINUTES OF Jury Trial − 6th Day held before Judge R. Gary Klausner: Closing arguments made by plaintiff and defendants. Court instructs jury. Bailiff sworn. Jury retires to deliberate. Jury Trial continued to 6/23/2016 08:30 AM before Judge R. Gary Klausner. Court Reporter: Sandra MacNeil. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 258 | DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE OWNERSHIP OF WOLFE'S INTELLECTUAL PROPERTY; PROPOSED MODIFICATION TO VERDICT filed by Defendants Atlantic Recording Corporation, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, Warner Music Group Corp (Anderson, Peter) (Entered: 06/23/2016) |
| 06/23/2016 | 261 | MINUTES OF Jury Trial − 7th Day held and completed before Judge R. Gary Klausner: Verdict reached. Jury FINDS in favor of defendants. Jury polled. Court Reporter: Sandra MacNeil. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 262 | JUDGMENT ON THE VERDICT FOR DEFENDANTS by Judge R. Gary Klausner. (MD JS−6, Case Terminated). (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 263 | REDACTED JURY VERDICT in favor of Defendants. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 264 | UNREDACTED Jury Verdict re: Jury Verdict 263 . (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 265 | REDACTED Jury Notes # 1 filed. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 266 | REDACTED Jury Note # 2 filed. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 267 | REDACTED Jury Notes # 3 filed. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 268 | UNREDACTED Jury Note #1 re: Jury Notes 265 . (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 269 | UNREDACTED Jury Note #2 re: Jury Notes 266 . (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 270 | UNREDACTED Jury Note #3 re: Jury Notes 267 . (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 271 | PLAINTIFF'S REQUEST TO AMEND VERDICT by Judge R. Gary Klausner. Request is denied. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 272 | LIST OF EXHIBITS AND WITNESSES at trial. (ah) (Entered: 06/23/2016) |
| 06/23/2016 | 273 | JURY INSTRUCTIONS (Given) by Judge R. Gary Klausner. (ah) (Entered: 06/23/2016) |
| 06/24/2016 | 274 | OPPOSITION to REQUEST for Order for Ruling on alternative Motion for JMOL re plaintiff's claim for profits 251 , NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: plaintiff's failure to prove elements of his claims 250 ***Filed Pursuant to Court's Oral Instruction*** filed by Plaintiff MICHAEL |

| | | SKIDMORE. (Attachments: # 1 Proposed Order)(Malofiy, Francis) (Entered: 06/24/2016) |
|---|---|---|
| 06/30/2016 | 275 | TRANSCRIPT for proceedings held on JUNE 14, 2016, 9:04 A.M. (TRIAL DAY 1, VOL.1). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 276 | TRANSCRIPT for proceedings held on JUNE 15, 2016, 8:31 A.M. (TRIAL DAY 2, VOL.1). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 277 | TRANSCRIPT for proceedings held on JUNE 16, 2016, 8:17 A.M. (TRIAL DAY 3, VOL.1). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 278 | TRANSCRIPT for proceedings held on JUNE 17, 2016, 8:30 A.M. (TRIAL DAY 4, VOL.1). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 279 | TRANSCRIPT for proceedings held on JUNE 21, 2016, 8:31 A.M. (TRIAL DAY 5, VOL.1). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 280 | TRANSCRIPT for proceedings held on JUNE 22, 2016, 8:32 A.M. (TRIAL DAY 6). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
| 06/30/2016 | 281 | TRANSCRIPT for proceedings held on JUNE 23, 2016, 9:27 A.M. (TRIAL DAY 7). Court Reporter/Electronic Court Recorder: SANDRA MACNEIL, phone number 213−894−5949; MACNEILSANDY@GMAIL.COM. Transcript may be viewed at the |

| | | court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/21/2016. Redacted Transcript Deadline set for 8/1/2016. Release of Transcript Restriction set for 9/28/2016. (MacNeil, Sandra) (Entered: 06/30/2016) |
|---|---|---|
| 06/30/2016 | 282 | NOTICE OF FILING TRANSCRIPT filed for proceedings JUNE 14, 2016, 9:04 A.M. (TRIAL DAY 1, VOL. 1); JUNE 15, 2016, 8:31 A.M. (TRIAL DAY 2, VOL. 1); JUNE 16, 2016, 8:17 A.M. (TRIAL DAY 3, VOL. 1); JUNE 17, 2016, 8:30 A.M. (TRIAL DAY 4, VOL. 1); JUNE 21, 2016, 8:31 A.M. (TRIAL DAY 5, VOL. 1); JUNE 22, 2016, 8:32 A.M. (TRIAL DAY 6); JUNE 23, 2016, 9:27 A.M. (TRIAL DAY 7) re Transcript 280 , 278 , 276 , 279 , 281 , 277 , 275 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (MacNeil, Sandra) TEXT ONLY ENTRY (Entered: 06/30/2016) |
| 07/05/2016 | 289 | DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S RENEWED REQUEST TO RECONSIDER RULING AS TO DEFENDANTS' MIL #3 filed by Defendants John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page. (bp) (Entered: 07/07/2016) |
| 07/05/2016 | 290 | DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES RE PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF PROBATE COURT FILINGS filed by Defendants John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page. (bp) (Entered: 07/07/2016) |
| 07/05/2016 | 291 | DECLARATION RE PLAINTIFF'S ALTERED EXHIBIT 535 filed by Defendants John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page. (bp) (Entered: 07/07/2016) |
| 07/06/2016 | 283 | TRANSCRIPT for proceedings held on TUESDAY, JUNE 14, 2016 1:28 P.M. (TRIAL DAY 1, VOL.2). Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/27/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/4/2016. (Nirenberg, C) (Entered: 07/06/2016) |
| 07/06/2016 | 284 | TRANSCRIPT for proceedings held on WEDNESDAY, JUNE 15, 2016 1:02 P.M. (TRIAL DAY 2, VOL. 2). Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/27/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/4/2016. (Nirenberg, C) (Entered: 07/06/2016) |
| 07/06/2016 | 285 | TRANSCRIPT for proceedings held on THURSDAY, JUNE 16, 2016 1:01 P.M. (TRIAL DAY 3, VOL. 2). Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/27/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/4/2016. (Nirenberg, C) (See NOTICE OF CLERICAL ERROR, Docket # 292 ) Modified on 7/7/2016 (rrp). (Entered: 07/06/2016) |
| 07/06/2016 | 286 | TRANSCRIPT for proceedings held on FRIDAY, JUNE 17, 2016 1:01 P.M. (TRIAL DAY 4, VOL. 2). Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com, or PACER. Notice of Intent to |

| | | Redact due within 7 days of this date. Redaction Request due 7/27/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/4/2016. (Nirenberg, C). (See NOTICE OF CLERICAL ERROR, Docket # 292 ) Modified on 7/7/2016 (rrp). (Entered: 07/06/2016) |
|---|---|---|
| 07/06/2016 | 287 | TRANSCRIPT for proceedings held on TUESDAY, JUNE 21, 2016 12:58 P.M. (TRIAL DAY 5, VOL. 2). Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through Court Reporter: C. NIRENBERG, CONTACT www.msfedreporter.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/27/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/4/2016. (Nirenberg, C). (See NOTICE OF CLERICAL ERROR, Docket # 292 ) Modified on 7/7/2016 (rrp). (Entered: 07/06/2016) |
| 07/06/2016 | 288 | NOTICE OF FILING TRANSCRIPT filed for proceedings TUESDAY, JUNE 14, 2016 1:28 P.M. (TRIAL DAY 1, VOL. 2), WEDNESDAY, JUNE 15, 2016 1:02 P.M. (TRIAL DAY 2, VOL. 2), THURSDAY, JUNE 16, 2016 1:01 P.M. (TRIAL DAY 3, VOL. 2), FRIDAY, JUNE 17, 2016 1:01 P.M. (TRIAL DAY 4, VOL. 2), TUESDAY, JUNE 21, 2016 12:58 P.M. (TRIAL DAY 5, VOL. 2) re Transcript 285 , 284 , 286 , 287 , 283 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Nirenberg, C) TEXT ONLY ENTRY (Entered: 07/06/2016) |
| 07/07/2016 | 292 | NOTICE OF CLERICAL ERROR: Incorrect volume numbers were entered on Transcript (CV) 285 , Transcript (CV) 286 , and Transcript (CV) 287 . (rrp) (Entered: 07/07/2016) |
| 07/07/2016 | 293 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by defendant Warner/Chappell Music Inc. Motion set for hearing on 8/8/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Memorandum, # 2 Anderson Decl., # 3 Anderson Decl. Exh. 1−4, # 4 Anderson Decl. Exh 5 Pt 1, # 5 Anderson Decl. Exh 5 Pt 2, # 6 Anderson Decl. Exh 6, # 7 Eidel Decl., # 8 Olesh Decl., # 9 Proposed Order) (Anderson, Peter) (Entered: 07/07/2016) |
| 07/07/2016 | 294 | APPLICATION to the Clerk to Tax Costs against plaintiff MICHAEL SKIDMORE re: Judgment 262 , filed by defendant Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 07/07/2016) |
| 07/07/2016 | 295 | NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 filed by defendant Warner/Chappell Music Inc. Motion set for hearing on 8/8/2016 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Memorandum and Declaration, # 2 Proposed Order) (Anderson, Peter) (Entered: 07/07/2016) |
| 07/07/2016 | 296 | NOTICE OF LODGING filed re Judgment 262 (Attachments: # 1 proposed Amended Judgment)(Anderson, Peter) (Entered: 07/07/2016) |
| 07/08/2016 | 297 | AMENDED JUDGMENT by Judge R. Gary Klausner, Related to: Judgment on the Verdict 262 . (ah) (Entered: 07/11/2016) |
| 07/18/2016 | 298 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Attorney Fees 293 , NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order)(Malofiy, Francis) (Entered: 07/18/2016) |
| 07/18/2016 | 299 | DECLARATION of Francis Malofiy In Opposition To NOTICE OF MOTION AND MOTION for Attorney Fees 293 , NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Exhibits 1−4)(Malofiy, Francis) (Entered: 07/18/2016) |
| 07/18/2016 | 300 | DECLARATION of Michael Skidmore In Opposition To NOTICE OF MOTION AND MOTION for Attorney Fees 293 , NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 07/19/2016) |

| 07/19/2016 | 301 | DECLARATION of AJ Fluehr In Opposition To NOTICE OF MOTION AND MOTION for Attorney Fees 293 , NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 07/19/2016) |
| 07/19/2016 | 302 | DECLARATION of Francis Malofiy In Opposition To NOTICE OF MOTION AND MOTION for Attorney Fees 293 , NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 ***Table of Contents and Table of Authorities*** filed by Plaintiff MICHAEL SKIDMORE. (Malofiy, Francis) (Entered: 07/19/2016) |
| 07/20/2016 | 303 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MEMORANDUM in Opposition to Motion, 298 . The following error(s) was found: Local Rule 11−8 Memorandum/brief exceeding 10 pages shall contain table of contents. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lom) (Entered: 07/20/2016) |
| 07/23/2016 | 304 | EX PARTE APPLICATION for Ruling on Application for Leave to File Depositions of Defendants Under Seal (ECF No. 120) filed by Plaintiff MICHAEL SKIDMORE. (Attachments: # 1 Proposed Order) (Malofiy, Francis) (Entered: 07/23/2016) |
| 07/23/2016 | 305 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff MICHAEL SKIDMORE. Appeal of Striking Electronically Filed Documents (G−106),, 233 , Order on Motion for Summary Judgment,,, Order on Motion for Partial Summary Judgment,, 159 , Jury Trial − Completed 261 , Judgment 297 , Order on Motion for Order 224 , Jury Trial − Held and Continued 249 , Jury Trial − Held and Continued, 259 , Order on Motion in Limine to Exclude,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion in Limine to Preclude,,,,,,,,,,,,,,,, Pretrial Conference − Final,,,,, 202 , Minutes of In Chambers Order/Directive − no proceeding held 203 , Jury Trial − Held and Continued 248 , Jury Trial − Held and Continued, 260 , Order on Motion in Limine to Exclude,,,, Jury Trial − Begun, 245 , Jury Trial − Held and Continued 254 , Judgment 262 , Order on Motion to Amend/Correct 133 . (Appeal Fee − $505 Fee Paid, Receipt No. 0973−18236584.) (Attachments: # 1 Exhibit 1 − Representation Statement, # 2 Exhibit 2 − Transcript Designation Form, # 3 Exhibit 3 − Amended Judgment and Judgment, # 4 Exhibit 4 − Jury Instructions, # 5 Exhibit 5 − Trial Exhibits Admitted and Witnesses, # 6 Exhibit 6 − Order Striking Motions for Sanctions and Reconsideration, # 7 Exhibit 7 − Order Denying Plaintiff's Motion to Compel Attendance of Defs., # 8 Exhibit 8 − Amended Ruling on Def. MIL No. 4, # 9 Exhibit 9 − Pre−trial Conference Order and Transcript, # 10 Exhibit 10 − Order Granding Motion for Summary Judgment, in Part, # 11 Exhibit 11 − Order Denying Plaintiff's Motion for Leave to File Amended Complaint)(Malofiy, Francis) (Entered: 07/23/2016) |
| 07/25/2016 | 306 | REPLY in support of NOTICE OF MOTION AND MOTION for Attorney Fees 293 filed by Defendant Warner/Chappell Music Inc. (Attachments: # 1 Declaration)(Anderson, Peter) (Entered: 07/25/2016) |
| 07/25/2016 | 307 | REPLY NOTICE OF MOTION AND MOTION for Costs against MICHAEL SKIDMORERE: Judgment 262 295 filed by Defendant Warner/Chappell Music Inc. (Anderson, Peter) (Entered: 07/25/2016) |
| 07/25/2016 | 309 | NOTIFICATION by Circuit Court of Appellate Docket Number 16−56057, 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals, 305 as to Plaintiff MICHAEL SKIDMORE. (car) (Entered: 07/27/2016) |
| 07/26/2016 | 308 | RESPONSE IN SUPPORT OF EX PARTE APPLICATION for Ruling on Application for Leave to File Depositions of Defendants Under Seal (ECF No. 120) 304 , and alternate Proposed Order, filed by Defendants Atlantic Recording Corporation, John Paul Jones, ROBERT ANTHONY PLANT, James Patrick Page, Rhino Entertainment Company, SUPER HYPE PUBLISHING, INC., Warner Music Group Corp, Warner/Chappell Music Inc. (Attachments: # 1 alternate proposed Order)(Anderson, Peter) (Entered: 07/26/2016) |
| 07/29/2016 | 310 | ORDER ON PLAINTIFF'S APPLICATION FOR LEAVE TO FILE EXHIBIRTS 1, 6 AND 7 UNDER SEAL by Judge R. Gary Klausner:IT IS HEREBY ORDERED:The |

| | | |
|---|---|---|
| | | Clerk of Court is directed to return to plaintiff the transcripts of the depositions of defendants James Patrick Page, Robert Anthony Plant and John Paul Jones, and plaintiff is hereby directed to submit for filing in the publicly−available files the following pages, and only the following pages, in full−transcript form (not condensed or newspaper−formatted), of the following deposition transcripts:1. Pages 140−43, 339, 365, 388−90, 396−98, 416, 434−37, 439, 456−58, 460−69, 476 to 478 and 492 of the transcript of the deposition of James Patrick Page;2. Pages 13−14, 59−60, 106−09, and 159−60 of the transcript of the deposition of John Paul Jones; and3. Pages.granting 304 EX PARTE APPLICATION for Ruling (bp) (Entered: 08/01/2016) |
| 08/03/2016 | 311 | SCHEDULING NOTICE TO ALL PARTIES AND ORDER by Judge R. Gary Klausner. Defendant Warner/Chappell Music, Inc.'s Motion for Attorney Fees 293 ; and Motion for Costs 295 , calendared for hearing on August 8, 2016, have been taken under submission and off the motion calendar. No appearances by counsel are necessary. The Court will issue a ruling after full consideration of properly submitted pleadings. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sw) TEXT ONLY ENTRY (Entered: 08/03/2016) |
| 08/08/2016 | 312 | MINUTES (IN CHAMBERS) Order re: Defendants' Motion for Attorney's Fees (DE 293) and Costs (DE 295) by Judge R. Gary Klausner: The Court DENIES Defendant's Motion for Attorney's Fees and Costs. See Civil Minutes for Specifics. (bp) (Entered: 08/08/2016) |
| 09/06/2016 | 313 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by defendant Warner/Chappell Music Inc. Appeal of Order on Motion for Attorney Fees,, Order on Motion for Costs, 312 . (Appeal Fee − $505 Fee Paid, Receipt No. 0973−18498135.) (Attachments: # 1 Order Denying Motions for Attys' Fees & Addt'l Costs, # 2 Representation Statement)(Anderson, Peter) (Entered: 09/06/2016) |
| 09/07/2016 | 314 | NOTIFICATION by Circuit Court of Appellate Docket Number 16−56287, 9th Circuit regarding Notice of Appeal to 9th Circuit Court of Appeals, 313 as to Appellant Warner/Chappell Music Inc. (mat) (Entered: 09/08/2016) |
| 09/26/2016 | 315 | BILL OF COSTS. Costs Taxed in the amount of $28,461.93 in favor of Defendants and against Plaintiff. RE: APPLICATION to the Clerk to Tax Costs against plaintiff MICHAEL SKIDMORE re: Judgment 262 , 294 (nl) (Entered: 09/26/2016) |

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Opening Brief and Excerpts of the Record have been served upon all counsel of record via electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*

Francis Alexander, llc
/s/ Francis Malofiy
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Rd. | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*Law Firm / Lawyers for Appellant Skidmore*

*/d/ March 15, 2017*