

March 1, 2018

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

    Re: **Skidmore v. Led Zeppelin | No. 16-56057**
       Appellant Skidmore's Response to Zeppelin Defendants' Improper Letters
       on Supplemental Authorities

To the Clerk,

  Defendant Appellees in this matter, members of the band Led Zeppelin and related corporations, have filed two sets of supplemental authorities. Appellant Michael Skidmore objects to the submission of these supplemental authorities.

  **First**, both letters are improper mini-legal briefs which should be stricken and disregarded by this Circuit. The submission of Supplemental Authorities under FRAP 28(j) only permits the identification of a new authority and the reason for submission. Substantive argumentation, as Defendants' letters engage in, is prohibited. See US v. Khorozian, 333 F. 3d 498, fn7 (3d Cir. 2003).

  **Second**, the January 22, 2018, letter cites to a Copyright Compendium from 1973 for the proposition that deposit copies of works must be "complete." This Compendium, which is not a new authority, has no force of law and is at best considered persuasive only in situations where a statute is ambiguous. See Christensen v. Harris County, 529 U. S. 576, 587 (2000) (holding that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law[,] do not warrant Chevron-style deference"). Defendants cite to compendiums because they have not identified even one case in 108 years that supports their position. See Plaintiff's Reply Brief, at p.8.

  Under the unambiguous text of the 1909 Act a work obtained common law copyright upon creation,[1] *which could not be shrunk by a later federal registration.*[2] See 1909 Copyright Act, § 3 (stating federal registration of a work protects **"all matter therein in which copyright is already subsisting"**); ABKCO Music, Inc. v. LaVere, 217 F. 3d 684 (9th Cir. 2000) ("an unpublished work was protected by state common law copyright from the moment of its creation"). Defendant

---

[1] "Taurus" was created without paper on a guitar (like most songs in the 1960-70s, including "Stairway to Heaven") and the composition was in final form by 1966, thus gaining state common law copyright protection. See Plaintiff Brief, at p.14-15; Plaintiff Reply Brief, at p.18; Excerpt 2515; Excerpt 286; Audio Exhibits 32-39.

[2] The "Taurus" deposit lead sheet at issue was written well after "Taurus's" creation solely for the federal registration of the copyright in 1967-68. See Plaintiff Brief, at p.15.

Page 2

Appellees are attempting to use an archival requirement to shrink the scope of copyright contrary to the express language of § 3.

**Third**, Defendants' February 28, 2018, letter references a decision of this Circuit on February 27, 2018, <u>Rentmeester v. Nike</u>. That case takes the uncontroversial position that the Inverse Ratio Rule applies to the substantial similarity determination and that more proof of access lowers the standard of proof to prove similarity. The case also held that the Rule obviously does not apply in cases where the underlying expression is not protectable and there is thus no substantial similarity comparison.

In <u>Rentmeester</u>, the lower court determined at the pleading stage that the critical element alleged to have been copied in a photo was not protectable and dismissed the case before getting to the substantial similarity comparison. The Rule was not applicable. In contrast, here, the lower court found that there was a jury question concerning whether protected expression in "Taurus" was copied in "Stairway to Heaven." The jury found against Plaintiff on the substantial similarity comparison. Plaintiff contends on this appeal that the lower court erred, *inter alia*, by failing to give a jury instruction on the inverse ratio rule and that the jury therefore did not know Plaintiff had a lower burden to prove substantial similarity. These two cases have nothing in common.

Defendants nevertheless disingenuously argue in their letter that the jury found that the elements in Plaintiff's underlying work "Taurus" were not protectable; they claim that the inverse ratio rule does not apply. However, ***the jury never made a finding that Taurus was unprotectable, and there was no such question on the verdict sheet.*** The jury only found that Plaintiff had not proven substantial similarity between "Taurus" and "Stairway to Heaven." The jury was not given the applicable burden instruction, and thus could not have reached the right decision. Defendants' supplemental letter is far off-base and meritless.

Respectfully, I am,

Francis Malofiy, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing APPELLANT'S OBJECTIONS AND RESPONSE TO DEFENDANTS' IMPROPER LETTERS ON SUPPLEMENTAL AUTHORITIES have been served upon all counsel of record identified below via electronic filing. I further certify that the total word count of the body of this letter is 679 words (under FRAP 28(j) a response to a letter of supplemental authority is allowed 350 words, or 700 words for two letters).

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Rd. | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyers for Michael Skidmore*

*/d/ March 1, 2018*