LAW OFFICES OF
# PETER J. ANDERSON
A PROFESSIONAL CORPORATION
100 WILSHIRE BOULEVARD
SUITE 2010
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 260-6030
FACSIMILE (310) 260-6040
EMAIL: pja@pjanderson.com

April 10, 2018

Molly C. Dwyer
Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

    Re: *Skidmore v. Led Zeppelin et al.*; Case Nos. 16-56057 & 16-56287

        Defendants' response to plaintiff's Rule 28(j) letter

        Argued and Submitted on March 12, 2018, in San Francisco before Circuit Judges Paez and Ikuta and District Judge Vitaliano

Dear Ms. Dwyer:

    Footnote 10 in *Williams v. Gaye*, No. 15-56880 (9th Cir. Mar. 21, 2018), is dictum and confuses deposit copies of <u>published works</u>, which the Copyright Office may discard, and deposit copies of <u>unpublished works</u>, which it never discards. Defs' AOB at 47-48. Thus, *Williams* cites 17 U.S.C. Section 704 as authorizing destruction of deposit copies, but Section 704(d) prohibits destruction of deposit copies of unpublished works. *Williams* also cites *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975 (C.D. Cal. 2015), but *Marya* refers to the deposit copy for class "E" registration of a published work, not "Eu" registration of an unpublished work. *Id.* at 980-81. And because the Library of Congress only receives deposit copies of published works,[1] *Williams*' quote from *Nimmer* necessarily refers to published works.

---

[1]     17 U.S.C. § 407(a)-(b).

Molly C. Dwyer
Clerk of the Court
April 10, 2018
Page 2

Second, *Three Boys Corp. v. Bolton* did not rule that copyright extends to material omitted from a deposit copy. Instead, *Three Boys* rejected the argument that because a deposit copy did not include music present in recorded versions, the deposit copy was incomplete and the registration invalid. Under a deferential standard, copyright was obtained <u>in the deposit copy</u>, and judgment affirmed because the copied material appeared in that deposit copy. 212 F.3d 477, 486 (9th Cir. 2000).[2]

Unpublished deposit copies have always been the copyrighted work. Defs' AOB at 35, 43-45; Warner/Chappell Reply Brief at 4-7; Defs' Jan. 22, 2018 FRAP 28(j) letter.[3] In that regard, musical works are no different from books and other works.

Very truly yours,

Peter J. Anderson

---

[2] Any suggestion the deferential standard allows a copyright to extend beyond the deposit copy misapplies *Three Boys* and the case it cites, *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (registration valid although copyright claimant mistakenly also identified as author), and conflicts with, *e.g.*, *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1322 (9th Cir. 1986) (deposits must be "bona fide copies of the original work").

[3] None of the cases in *Williams*' footnote 16 confirm factfinders listened to commercial recordings of the <u>plaintiffs'</u> compositions, rather than expert recordings of deposit copies, or the allegedly infringing defendants' commercial recordings.

Molly C. Dwyer
Clerk of the Court
April 10, 2018
Page 3

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that I electronically filed this Federal Rule of Appellate Procedure 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on April 10, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that the body of the foregoing letter contains 350 words.

Dated: April 10, 2018