

Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

**Peter Anderson**
213.633.6800 tel
310.260.6030 direct
213.633.6899 fax

peteranderson@dwt.com

January 3, 2019

Molly C. Dwyer
Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

  Re: *Skidmore v. Led Zeppelin et al.*; Case Nos. 16-56057 & 16-56287

    Response to plaintiff's January 3, 2019 Rule 28(j) letter

    Decided on September 28, 2018; Panel:
    <u>Circuit Judges Paez and Ikuta and District Judge Vitaliano</u>

Dear Ms. Dwyer:

  Defendants respectfully submit this response to plaintiff's letter of earlier today.

  First, the 1909 Act's legislative history confirms that federal statutory copyright was obtained in a work either by publication of copies of the work with appropriate notice, followed by deposit of copies, or by deposit of a copy of an unpublished work. *See, e.g.,* H.R. Rep. No. 60-2222, 60th Cong., 2d Sess. 9-10 (1909). Further, that House Report also explained that "Section 11 [of the proposed 1909 Act] refers to copyright on works of which copies are not reproduced for sale, <u>and deals with what shall be deposited as copies</u>." Section 11 was enacted as 17 U.S.C. Section 12 and provided that "[c]opyright may also be had of the works of an author, of which copies are not reproduced for sale, <u>by the deposit, with claim of copyright, of one complete copy of such work</u> . . . ."

January 3, 2019
Page 2

Second, plaintiff states defendants claim common law copyright was not "real." That is not so. Instead, responding to plaintiff's argument that 1909 Act copyrights "federalized" common law copyrights, defendants showed that common law copyright terminated once protection was obtained under the 1909 Act; that most states did not recognize common law copyrights; and that states that did recognize them, provided protection beyond what the Constitution's copyright clause permits Congress to do. Defs' Response (Dkt. Entry 84) at 8-10. The language plaintiff quotes from H.R. Rep. No. 94-1476, 94th Cong., 2d Sess. (1976), does not suggest otherwise: it merely refers to the 1976 Act's abolition of common law copyright and adoption of a new rule that "[c]opyright in a work created on or after January 1, 1978, subsists from its creation . . . ." 17 U.S.C. § 302(a).

Finally, in arguing that the Copyright Office is wrong, plaintiff confuses copyright with registration. Whether a copyright was obtained under the 1909 Act by complying with its provisions or obtained under the 1976 Act upon creation, registration and deposit remains a general precondition to filing suit and the registered copyright protects only the deposited work. Defs' Response at 5-6.

Very truly yours,

Peter Anderson
Davis Wright Tremaine LLP

January 3, 2019
Page 3

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that I electronically filed this Federal Rule of Appellate Procedure 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on April 10, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that the body of the foregoing letter contains 347 words.

Dated: January 3, 2019                        _____