

June 11, 2019

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

        **RE: SKIDMORE V. LED ZEPPELIN | NO. 16-56057**
             Appellant Skidmore's Letter for Clarification of Scope of Rehearing En Banc

To the Clerk,

    This Circuit ordered a rehearing en banc on June 10, 2019 in the above-captioned case. Appellant seeks clarification that the scope of the rehearing en banc is limited to Appellant's petition for rehearing en banc.

    Both Appellant Michael Skidmore and the Led Zeppelin appellees filed for rehearing en banc. Appellant Skidmore filed for rehearing on a single, narrow issue of national importance (the deposit copy issue), while the Appellees' petition asked for reconsideration on all the many discrete legal and factual issues on which the panel had ruled against them.

    Ninth Circuit Rule 35-2 provides that:

> "Where a party petitions for hearing or rehearing en banc, the Court will not order a hearing or rehearing en banc without giving the other parties an opportunity to express their views whether hearing or rehearing en banc is appropriate."

See Ninth Circuit Rule 35-2. No party has the ability to answer a petition for rehearing unless expressly authorized by this Circuit. FRAP 35(e) ("No response may be filed to a petition for an en banc consideration unless the court orders a response.").

    This Circuit ordered the Led Zeppelin appellees on November 19, 2018, to answer Appellant Skidmore's petition for rehearing on the deposit copy issue, and it was briefed. This Circuit, however, never ordered Appellant Skidmore to respond to any issue in the Led Zeppelin appellees' petition for rehearing or any other matter in the case.

    The plain language of the rules indicates that the rehearing en banc will be limited to the issue identified in Appellant's petition, and that the relief requested in the Led Zeppelin appellees' petition is not properly before the court because the required briefing was never ordered.

    However, Appellant's counsel was told by a reporter who claimed to have spoken with court staff that the rehearing would in fact address both petitions. Other court staff then told

Page 2

Appellant's counsel that the order speaks for itself, that court staff cannot interpret court orders, and that any such comment to a reporter should not have been made.

Therefore, Appellant asks that this Circuit clarify that the rehearing en banc ordered on June 10, 2019 is limited in scope to the issue in Appellant's petition for rehearing en banc.

Respectfully, I am,

*[signature]*

Francis Malofiy, Esquire

    cc: Peter Anderson, Esquire
         Helene Freeman, Esquire

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant Skidmore's Letter for Clarification has been served upon all counsel of record identified below via electronic filing.

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*

Francis Alexander, llc
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Rd. | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*Law Firm / Lawyers for Michael Skidmore*

/d/ June 11, 2019