**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION; WARNER CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>    Defendants-Appellees. | No. 16-56057<br><br>D.C. No. 2:15-cv-03462-RGK-AGR<br>Central District of California, Los Angeles<br><br>**ORDER** |

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC,<br><br>   Defendant-Appellant.<br><br>and<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION, ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>   Defendants, | No. 16-56287<br><br>D.C. No.<br>2:15-cv-03462-RGK-AGR |

**THOMAS**, Chief Judge and En Banc Coordinator:

In order to clarify the scope of en banc rehearing in these cases, "[w]hen a case is heard or reheard en banc, the en banc [court] assumes jurisdiction over the entire case, see 28 U.S.C. § 46(c), regardless of the issue or issues that may have caused any member of the Court to vote to hear the case en banc." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 995 (9th Cir. 2003) (quoting Summerlin v. Stewart, 309 F.3d 1193, 1193 (9th Cir. 2002)). Although "the en

3

banc [court] may, in its discretion, choose to limit the issues it considers, . . . the en banc [court] is under no obligation to do so." Id.

3