# Nos. 16-56057 & 16-56287

======================================================

## UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,
*Plaintiff/Appellant/Appellee*

v.

LED ZEPPELIN, *et al.*,
*Defendants-Appellees*

AND

WARNER/CHAPPELL MUSIC, INC.,
*Defendant-Appellee-Appellant*

_____

*On Appeal from the United States District Court
For the Central District of California
Case No. 2:15-cv-03462-RGK(AGRx)
Hon. R. Gary Klausner, District Court Judge*

======================================================

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF MUSICOLOGISTS IN SUPPORT OF DEFENDANTS-APPELLEES AT *EN BANC* REHEARING**

**Kenneth D. Freundlich
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
(310) 275-5350**
*Counsel for Amici Curiae*

July 1, 2019

1

## I.    INTRODUCTION

Pursuant to Ninth Circuit Rule 29-2(b), Amici musicologists hereby move for leave to file the concurrently submitted *Amici Brief in Support of Defendants-Appellees at En Banc Rehearing*. Amici sought consent of all parties to file their amici curiae brief. Defendants-Appellees Led Zeppelin et al. and Warner/Chappell Music, Inc., have consented to the filing of this brief. However, Plaintiff Skidmore has refused to consent to the filing of this brief. Ninth Circuit Rule 29-3.

Accordingly, Amici must seek leave to file their brief, and with this motion respectfully requests that leave be granted.

## I.    <u>INTEREST OF AMICI CURIAE, DESIRABILITY AND RELEVANCE OF A BRIEF FROM MUSICOLOGISTS</u>

Amici are musicologists who research, teach and write about music, music analysis and music composition. In music copyright infringement cases, musicologists offer expert testimony about similarities between contested musical works and whether the similarities are musically significant. Such testimony assists judges and jurors to evaluate the significance of alleged similarities between two musical works for extrinsic similarity.

Amici and their composer clients rely on judges, as gatekeepers, to screen out cases where there is no extrinsic similarity by addressing the significance of originality of expression and the protectable musical expression in two musical compositions[1]. Then, if the case proceeds to a jury trial, we must rely on how the jury will be instructed to consider musicological testimony.

An amici brief from musicologists is desirable because they will be able to present musical analysis to assist this Court *en banc* in understanding the "extrinsic test" jury instructions in music copyright infringement lawsuits. It is especially important to have this point of view here because judges and juries are often overwhelmed by confusing and ofttimes misleading musical analysis from partisan musicologists. It is critically important for this Court to have the best understanding of what makes up music's rich public domain of musical

---

[1] A similar group of Amici musicologists submitted briefs in the appeal of the so-called *Blurred Lines* case, *Williams v. Gaye*, 9th Cir. Case No. 15-56880, Nos. 16-55089 and 16-55626 (consolidated), Dckt. No. 20, and the Petition for *en banc* review, Dckt. No. 99 (arguing that judges should seize upon their role as "gatekeeper" to prevent cases from going to a jury based on claims that should not survive the extrinsic test as a matter of law).

elements, and what, if anything, is properly considered by the fact finder in determining infringement.

Amici have a strong interest in judges and juries being able to recognize when there is no "extrinsic similarity" in these cases. This issue is directly relevant here because this Court *en banc* is reconsidering the panel's decision to overturn a jury verdict in part requiring a new jury trial with a "selection and arrangement" instruction which Amici fear will cause copyright chaos and confusion for composers, the copyright bar and Courts alike.

## II. CONCLUSION

Accordingly, Amici respectfully request leave of Court to file the accompanying amici curiae brief in support of Defendants-Appellees at rehearing *en banc*.

Dated: July 1, 2019                              **FREUNDLICH LAW**

                                                           s/ Kenneth D. Freundlich
                                                           Kenneth D. Freundlich
                                                           *Attorneys for Amici Curiae*

## **CERTIFICATE OF SERVICE**

I, Kenneth D. Freundlich, a member of the Bar of this Court, hereby certify that on July 1, 2019, I electronically filed the foregoing *MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF MUSICOLOGISTS IN SUPPORT OF DEFENDANTS-APPELLEES AT EN BANC REHEARING* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                  _s/ Kenneth D. Freundlich