# United States Court of Appeals
# For the Ninth Circuit

C.A. 16-56057

_____

Skidmore v. Led Zeppelin *et al.*

Michael Skidmore, Trustee for the
Randy Craig Wolfe Trust
Appellant.

_____

Appellant Michael Skidmore's Response in Opposition to Intellectual Property Professors' Motion for Leave to File Amicus Curiae Brief

_____

(Music copyright infringement, from the September 28, 2018 panel opinion reversing in part, affirming in part orders of the Honorable R. Gary Klausner, of the United States District Court for the Central District of California. The case was docketed in the Central District at 15- cv-03462)

_____

Francis Alexander, LLC
Francis Malofiy, Esquire
Alfred Joseph (AJ) Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Michael Skidmore*

Appellant Michael Skidmore's Response in Opposition to Intellectual Property Professors' Motion for Leave to File Amicus Curiae Brief

Appellant Michael Skidmore (Appellant), as Trustee for the Randy Craig Wolfe Trust, respectfully requests that this proposed amici brief be denied because (1) this amicus brief does not address issues that will benefit this Circuit during en banc review, and (2) is premised on blatant inaccuracies and misstatements of this Circuit's prior case law on "thin" copyright, which is not applicable to musical compositions and artistic works.

I. This Amicus Brief Will Not Facilitate En Banc Review

The proposed amici seek to have this Circuit, in effect, baselessly change the standard for music copyright infringement from substantial similarity to that of "virtual identity." As explained *infra*, there is no legal basis at all for this change.

Setting aside the legal inaccuracies, this brief is also off topic. While this Circuit retains jurisdiction over the whole case during en banc review, the only issue that has in fact been fully briefed for en banc review is the deposit copy issue. See Ninth Circuit Rule 35-2. Here, the proposed amici seek at the eleventh hour to advance a radical and unsupported redefinition of music copyright infringement standards outside the full adversarial process.

II. The Proposed Amici Brief is Based on a Gross Misunderstanding of this Circuit's Precedent

The amici are contending that copyrighted works which consist of a selection

and arrangement of unprotected elements are only entitled to "thin" as opposed to "broad" copyright protection, and thus believe that the infringement standard for any such case should be "virtual identity" not substantial similarity. See Amici Brief, at p.19-20. It is borderline frivolous to attempt to apply the concept of thin copyright to music copyright. The unambiguous, unanimous precedent from this Circuit (and all others) is that artistic works such as musical expression are afforded broad copyright protection, including for selections and arrangements. It is only those works which by their nature only permit a narrow range of possible expression to which "thin" copyright applies. These works are usually functional and factual works. It is not possible to read this Circuit's cases, including the ones the proposed amici rely upon, and logically conclude that thin copyright can be applied to musical expression.

**Legal Standard**

The Supreme Court has clearly and unambiguously held that selection and arrangement of otherwise unprotectable elements are afforded copyright protection, since at least Feist Publishing Inc. v Rural Tel. Serv. Co., 499 U.S. 340, 344 (1991). All that is needed to afford copyright protection to a work is a modicum of creativity, including from selection and arrangement. Id. If that creativity is copied in a substantially similar manner, it is infringement.

It is black letter law that, in musical works, selection and arrangement is an

especially important concept because although most musical elements have been used before there is an almost infinite combination of such elements

> There is no one magical combination of these factors that will automatically substantiate a musical infringement suit; each allegation of infringement will be unique. So long as the plaintiff can demonstrate, through expert testimony that addresses some or all of these elements and supports its employment of them, that the similarity was "substantial" and to "protected elements" of the copyrighted work, the extrinsic test is satisfied.
>
> For example, in *Three Boys* we upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements: (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; (4) the verse/chorus relationship; and (5) the fade ending.

See Swirsky v. Carey, 376 F.3d 841, 849 (9th Cir. 2004).

**Application - Thin Copyright Does Not Apply to Musical Works of Art**

The amici claim, citing to Ninth Circuit cases decided before Swirksy, that the actual standard for *any infringement case* where selection and arrangement is at issue is "virtual identity" not "substantial similarity." See Amici Brief, at p.20 (citing to Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1447 (9th Cir. 1994) and its progeny, including Satava v. Lawry, 323 F.3d 805, 811 (9th Cir. 2003)). The proposed amici cite to Apple and Satava for the proposition that any copyright based upon selection and arrangement only has "thin" copyright, is not entitled to broad protection, and that the appropriate infringement standard is virtual identity.

Id. at p.19-20.

However, resolutely ignored by the proposed amici is that the very cases they rely upon expressly state that thin copyright *does not apply to artistic works* such as music and painting, but instead only to factual compilations, functional works, or works predominantly composed of scenes a faire in which there is only a narrow range of possible expression.

**First**, the concept of "thin" copyright and the cases the amici cite to, Apple Computer, Inc. v. Microsoft Corp., 35 F. 3d 1435 (9th Cir. 1994) and its progeny, have *nothing to do* with music copyright infringement, or selection and arrangement in music copyright. Id. at 1447. "Thin copyright" applies not to the "broader protection accorded artistic works," but instead to functional, fact-driven, or scenes a faire copyrights where there are a limited number of ways to express the ideas contained in the work. Id.; McCulloch v. Albert E. Price, Inc., 823 F. 2d 316, 321 (9th Cir. 1987) (stating that "Works that are not factual receive much broader protection under the copyright laws *because of the endless variations of expression available to the artist*" [emphasis added]); Cooling Systems and Flexibles v. Stuart Radiator, 777 F. 2d 485 (9th Cir. 1985) (stating "copyright law considers factual works to be fundamentally different from more artistic works"); Landsberg v. Scrabble Crossword Game Players, Inc., 736 F. 2d 485 (9th Cir. 1984) (stating "Factual works are different" and "similarity of expression may have to amount to

verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed"). Artistic works with endless variations, such as songs, by their nature are afforded broad protection, not "thin" copyright.

Note that that proposed amicus brief does not once mention the words "functional, "factual," or "artistic," nor does it inform this Circuit of the unambiguous distinction drawn between complex artistic and simple or non-artistic works. Instead, it seeks to mislead by omission and have this Circuit erroneously apply thin copyright to a purely artistic, musical work which the case law unanimously holds is entitled to broad protection.

An examination of Apple illustrates just how egregious the proposed amici's mischaracterization of the law is. In Apple, one software company had sued another for allegedly infringing the visuals and animations in its graphic user interface (i.e., the windows, folders, and icons in desktop software). This Circuit was confronted with a situation where there were functional/factual works at issue and only a limited number of ways to express the basic ideas embodied in the interface (i.e, for example there are only so many way to arrange and portray the windows, folders, and icons). See Apple, 35 F. 3d at 1446-47. Apple desperately strove to convince this Circuit that its graphic user interface was artistic and not factual/functional in nature, precisely because it wanted the broader protection afforded to artistic works. Id. It did not work; no one buys a desktop for the GUI, but instead its functionality.

The Apple court held that Apple's interface was functional and factual, and that when there are a limited number of ways to express an idea in a functional, factual, and non-artistic work then, as a practical matter, there could only be infringement if there was virtual identity of the works. Id. at 1446-47 (stating factual works "are afforded only 'thin' protection because the range of possible expression is narrow"). Apple contrasted this with the "broader protection accorded artistic works." Id.[1]

In no way did Apple or the cases that came before it, or after, remotely contemplate that "thin" copyright had any applicability to musical or other complex artistic works like painting. Indeed, these cases specifically distinguished

---

[1] In Satava, which amici principally rely upon, the court held that a sculpture, which consisted entirely of a jellyfish in glass, was not protectable nor copied by the defendant because it consisted of standard elements known as scenes a faire. Satava, 323 F.3d at 811. Restated, there are only a few ways to pose a jellyfish in clear glass and such a "trivial arrangement" was an idea/concept not capable of being copied. Id. at fn5. This Circuit noted that allowing Satava to copyright a jellyfish in glass would unjustly give him a monopoly over the concept and that as a practical matter only a virtually identical copy would be infringing. Id. This could not be more different than the case at bar where no monopolistic concerns are implicated, and there are endless possible variations in musical works.
  In no way was the thin copyright analysis intended to apply to vastly more complicated works of art such as musical compositions; the fact that the Ninth Circuit decided Swirsky just a year later is indicative of that fact. Id.
  Again, the "thin" copyright concept in Satava and Apple have no similarity to works of art where the artists have endless variations to express themselves, and instead only applies to those works where there are limited ways to express the ideas in the work.

functional/factual works from artistic works where there are ***"endless variations of expression available to [the] artist."*** McCulloch, 823 F. 2d at 321. The "range of possible expression" is ***not*** narrow in these pieces of music, or any others.

Jimmy Page and Robert Plant had an infinite number of ways to write the first 2:14 minutes of "Stairway to Heaven"; out of these infinite choices they deliberately chose to use "Taurus" in their magnum opus ***precisely because it was unique and brilliant***. It contained that *je ne sais quoi* that all artists strive for, the protection of which is the *raison d'être* of copyright law. The jury found that Page and Plant had access to the album version of the "Taurus" given that they owned the pertinent album, opened for Spirit, covered Spirit's songs live, and stated in interviews that they held Spirit in high regard.

Nowhere has this Circuit, or any Circuit, ever applied "thin" copyright or virtual identity to music copyright cases, and have in fact at all points ***specifically warned against applying the concept to such artistic works***. That the distinguished law professors entirely omit this critical distinction is troubling.[2]

---

[2] Note the practical effect the amici's proposed arguments will have on copyright law: given that at some level all musical elements appear in the prior art, this will obviously result in arguments from defendants that ***all songs*** are selections and arrangements at some level, and that only virtual identity, not substantial similarity, should be used as the correct infringement standard in music infringement cases. If they want to change the established infringement standard then they should petition Congress to change the law, not attempt to have the courts step outside their role and do so by judicial fiat.

**Second**, the proposed amici's motion is particularly unhelpful as it is only minimally applicable to this case. They primarily contend that the infringement standard for works protected by selection and arrangement standard is wrong and should be virtual identity. However, Appellant Skidmore's song is protected not only by selection and arrangement of at least five separate elements,[3] but also standard copyright protection. Appellant Skidmore's expert, Dr. Alexander Stewart, testified that the minor chromatic line that was copied was unique, original, novel, and protectable in its own right and was in fact copied in "Stairway to Heaven." [Excerpt 786-87; Opening brief page 63-64.].

Appellant Skidmore also notes that if the correct composition of "Taurus" is utilized, from the album version instead of the deposit copy, the number of similarities is vastly greater and are in fact "strikingly similar." See Plaintiff's Brief, at p.39; Dr. Stewart's report at Excerpt 2122-23; Plaintiff's Reply Brief, at p.31-32, fn6 (stating "Stewart's conclusion regarding the 'Taurus' album version's composition was that 'During the first 18 notes [the] basic melodic sequence is virtually the same' as compared to 'Stairway to Heaven', and that the songs are so

---

[3] (1) "minor chromatic line and associated chords," (Trial Exhibit 501-1, 502-1, 503-1) (2) durations of pitches of minor chromatic line, (3) melody placed over the descending chromatic line consisting of combination of arpeggios and two-note patterns or pairs (Trial Exhibit 506-1), (4) rhythm of steady 8th note beats, and (5) the pitch collections and the frequency of their appearance in each measure (Trial Exhibit 511-1). (Excerpt 779-80).

striking similar it precludes 'the possibility of coincidence or independent creation.' (See Excerpt 1789, 1791)."). Indeed, the first 2:14 minutes of "Stairway to Heaven" are these 18 notes, and are the most iconic part of the song.

Of note, the deposit copy issue is the only issue that has been fully briefed for this en banc review.

WHEREFORE, because the motion for leave is not helpful and makes blatantly erroneous arguments and misleading omissions, it should be denied.

*Respectfully submitted,*

*/s/ Francis Malofiy*

FRANCIS ALEXANDER, LLC
FRANCIS MALOFIY
ALFRED JOSEPH FLUEHR
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

*July 15, 2019*

## Certificate of Filing and Service

Counsel was served via CM/ECF which constitutes service, pursuant to Fed. R. App. P. 25(c)(2) and Ninth Circuit Rule 25-5(g), to all registered CM/ECF users:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

Eugene Volokh
Mayer Brown LLP
350 S. Grand Ave. #2500
Los Angeles, CA 90071
T: (310) 206-3926
E: evolokh@mayerbrown.com
*Counsel for RIAA*

Danielle M. Aguirre
Erich C. Carey
Nat'l Music Publishers' Ass'n
975 F St. NW #375
Washington, DC 20004
T: (202) 393-6672
E: daguirre@nmpa.org
E: ecarey@nmpa.org
*Counsel for NMPA*

Edwin F. McPherson
Tracy B. Rane
McPherson Rane LLP
1801 Century Park East, 24th Floor

Los Angeles, California 90067-2326
T: (310) 553-8833
E: emcpherson@mcphersonrane.com
E: trane@mcphersonrane.com
*Attorneys for 123 Songwriters, NSAI, and SONA*

Kenneth D. Freundlich, Esquire
FREUNDLICH LAW
16133 Ventura Blvd. | Ste. 645
Encino, CA 91436
T: (310) 275-5350
*Counsel for Musicologists Amici Curiae*

Professor Mark A. Lemley, Esquire
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, California 94305
T: (650) 723-4605
E: mlemley@law.stanford.edu
*Counsel for Amici Curiae, 19 Intellectual Property Professors*

Scott R. McIntosh, Esquire
Daniel Tenny, Esquire
CIVIL DIVISION, U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., N.W.
Room 7215
Washington, DC 20530
T: (202) 514-1838
*Attorney for United States of America*

*Respectfully submitted,*

*/s/ Francis Malofiy*

FRANCIS ALEXANDER, LLC
FRANCIS MALOFIY
ALFRED JOSEPH FLUEHR
280 N. Providence Road; Suite 1
Media, PA 19063
T:  (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

<u>*July 15, 2019*</u>