# Nos. 16-56057 & 16-56287

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

MICHAEL SKIDMORE,
AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST
PLAINTIFF, APPELLANT AND APPELLEE

vs.

LED ZEPPELIN, ET AL.
DEFENDANTS AND APPELLEES
AND
WARNER/CHAPPELL MUSIC, INC.,
DEFENDANT, APPELLEE AND APPELLANT

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. R. GARY KLAUSNER, DISTRICT JUDGE, CASE NO.15-cv-03462 RGK (AGRx)

## DEFENDANTS' BRIEF IN RESPONSE TO THE AMICUS CURIAE BRIEF OF PULLMAN GROUP, LLC AND STRUCTURED ASSET SALES, LLC

PETER J. ANDERSON, ESQ.
DAVIS WRIGHT TREMAINE LLP
865 SOUTH FIGUEROA, SUITE 2400
LOS ANGELES, CA 90017-2566
TEL.: (213) 633-6800
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE ET AL. AND
DEFENDANT, APPELLEE AND APPELLANT
WARNER/CHAPPELL MUSIC, INC.

HELENE M. FREEMAN, ESQ.
PHILLIPS NIZER LLP
485 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, NY 10017
TEL: (212) 977-9700
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT AND JOHN PAUL JONES

## **TABLE OF CONTENTS**

Response ..................................................................................................1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Borisoff v. The Pullman Grp., LLC*, No. B259675, 2016 WL 4547868
   (Cal. Ct. App. Sept. 1, 2016) ..................................................................................1

*Currency Corp. v. Wertheim, LLC*, No. B240444, 2013 WL 5434631
   (Cal. Ct. App. Sept. 30, 2013) ................................................................................1

*Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004) ....................................................3

*White-Smith Music Pub. Co. v. Apollo Co.*, 209 U.S. 1 (1908) ................................2

**Statutes**

17 U.S.C.

   § 1(e) (1909 Act) ......................................................................................................2

   § 3 (1909 Act) ...........................................................................................................1

   § 12 (1909 Act) .........................................................................................................1

   § 103(b) .....................................................................................................................2

   § 408(b)(1) ................................................................................................................1

**Other Authorities**

M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT (2019) ............................ 2, 3, 4

Defendants/appellees and defendant/appellee/appellant respectfully provide this response to the amicus curiae brief of David Pullman's The Pullman Group, LLC, and Structured Asset Sales, LLC (Dkt. Entry 131-2).

David Pullman is in the business of acquiring copyrights and royalty streams from songwriters and their heirs. *See*, *e.g.*, Borisoff v. The Pullman Grp., LLC, No. B259675, 2016 WL 4547868, at *2, 5-6 (Cal. Ct. App. Sept. 1, 2016); Currency Corp. v. Wertheim, LLC, No. B240444, 2013 WL 5434631, at *1, 2, 3-4, 11 (Cal. Ct. App. Sept. 30, 2013). To bolster his position in a pending district court action in which he alleges one of those copyrights was infringed, he urges the Court to ignore settled law.

Mr. Pullman argues that the copyright obtained in a musical composition by the deposit of sheet music with the Copyright Office should protect not only that musical composition but also different versions of the musical composition as performed for sound recordings. Pullman Brief at 6-7. However, with specified exceptions not applicable to musical works, the Copyright Acts of 1909 and 1976 mandate deposit of a complete copy of the work in which copyright is sought. 17 U.S.C. § 12 (1909 Act); 17 U.S.C. § 408(b)(1). In short, the deposited copy is the copyrighted work. It also is black-letter copyright law that the creation of a different version of a preexisting musical composition does not change the scope of the copyright in the preexisting musical composition. 17 U.S.C. § 3 (1909 Act); 17

1

U.S.C. § 103(b). That black-letter copyright law precludes Mr. Pullman's argument that the copyright in a registered musical composition expands in scope to protect new versions embodied in recorded performances.

Mr. Pullman states that "the reason" the Copyright Office previously did not accept deposits of sound recordings when registering a copyright in a musical composition is that the 1909 Act "did not recognize that musical recordings could infringe musical recordings." Pullman Brief at 7. That is incorrect. First, it was the 1909 Act's predecessor statute that did not protect against unauthorized sound recordings. *White-Smith Music Pub. Co. v. Apollo Co.*, 209 U.S. 1, 18 (1908). The 1909 Act changed that by adding to the copyright owner's exclusive rights the new right to reproduce a musical composition's "melody" in a recording. 17 U.S.C. § 1(e) (1909 Act). Second, the actual reason the Copyright Office did not accept sound recordings as deposit copies is that the 1909 Act left untouched *White-Smith*'s ruling that sound recordings are not copies of the musical compositions they embody. That is confirmed in NIMMER ON COPYRIGHT, which, contrary to Pullman's accusation (Pullman Brief at 9-10), defendants correctly cited. 2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 2.05[A] (2019); Defendants' Answering & Opening Brief (Dkt. Entry 29) at 35.

Mr. Pullman argues that this Court's confirmation that a musical composition's deposit copy is the copyrighted work would reward with "broader

2

protection" those who failed to register their copyrights under the 1909 Act and waited to use a sound recording as a deposit copy under the 1976 Act. Pullman Brief at 8. However, whether embodied in sheet music or a sound recording, a musical composition copyright protects only the musical composition and not the sound recording's performance elements. *Newton v. Diamond*, 388 F.3d 1189, 1193-94 (9th Cir. 2004).

Finally, Mr. Pullman cites the principle that an infringement claim is governed by the copyright law at the time the infringement claim arose. Pullman Brief at 11. He then argues that the principle's "obvious corollary" is that current claims for infringement of 1909 Act copyrights should benefit from "the expanded benefits of the modern view" that musical composition copyrights protect more than what appears in deposited sheet music. He also suggests that NIMMER shares the view that the 1976 Act provides those "expanded benefits." *Id.* Even if Mr. Pullman were correct, the infringement alleged here arose upon the 1971 release of *Stairway to Heaven* and applying the copyright law as it existed at that time supports limiting the protection afforded the *Taurus* copyright to melody. 19 IP Law Professors Amici Brief (Dkt. Entry 106-1) at 12-15, 17-19.

Moreover, the 1976 Act's allowance of sound recordings as deposit copies to register musical composition copyrights did not change that those copyrights are still limited to the musical composition and exclude the sound recording's performance

3

elements.  Nor does NIMMER suggest that non-compositional elements in a sound recording are protected by a musical composition copyright.  Further, under the 1976 Act, like the 1909 Act, the deposit copy, with exceptions that do not apply here, is the work in which copyright is claimed, and different versions of a work do not change the scope of the copyright in the preexisting work.  *See above* at 1-2.

Dated: September 9, 2019                    Respectfully submitted,

                                             /s/ Peter J. Anderson
                                         Peter J. Anderson, Esq.
                                   DAVIS WRIGHT TREMAINE LLP

                                         Helene M. Freeman, Esq.
                                         PHILLIPS NIZER LLP

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 813 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii). This brief also complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point type size in Times New Roman type style.

Dated: September 9, 2019                    /s/ Peter J. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this Petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on September 9, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

Dated: September 9, 2019            /s/ Peter J. Anderson