# EXHIBIT 2

| | |
|---|---|
| 1 | Francis Malofiy, Esq. |
| 2 | Francis Alexander, LLC |
| | 280 N. Providence Rd. | Suite 105 |
| 3 | Media, PA 19063 |
| 4 | T: (215) 500-1000; F: (215) 500-1005 |
| | E: francis@francisalexander.com |
| 5 | *Attorney for Plaintiff* |
| 6 | |
| | Glen L. Kulik, Esq. (SBN 082170) |
| 7 | Kulik Gottesman & Siegel LLP |
| 8 | 15303 Ventura Blvd., Suite 1400 |
| | Sherman Oaks, CA 91403 |
| 9 | T: (310) 557-9200; F: (310) 557-0224 |
| 10 | E: gkulik@kgslaw.com |
| | *Attorney for Plaintiff* |

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 28, 2016<br>Time: 9:00 a.m.<br>Room: 850 |

1

"equitable relief," *Petrella* unequivocally held: "As to equitable relief, in extraordinary circumstances, laches may bar at the very threshold the particular relief requested by plaintiff." Id. at 1262. "Extraordinary circumstances" are the ones in which the equitable relief requested would result in "total destruction" of the work. Id. at 1978 (discussing *Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227 (6th Cir. 2007) (denying request for order to demolish housing project based on copyrighted architectural design because plaintiff waited years to file suit and failed to take steps to halt the construction until the project was occupied); *New Era Publications Int'l, ApS v. Henry Holt & Co.*, 873 F.2d 576, 584 (2d Cir. 1989) (allowing plaintiff to recover "its damages remedy" but denying injunctive relief ordering "total destruction" of the books because plaintiff waited until books were printed and distributed before suing). Clearly, asking Defendants to disgorge profits from the infringing work and credit Randy California for his original composition does not result in the "total destruction" of *Stairway to Heaven*. Thus, laches cannot operate as a complete bar to Plaintiff's claim.

IX. **DEFENDANTS' DEPOSIT COPY ARGUMENT MISSES THE MARK.**

Defendants' attempt to claim that only the deposit copy of Taurus should be used in the relevant comparisons. This is simply not accurate and Defendants do not support their argument with any applicable case law. The deposit copy of Taurus does not reflect the entirety of the musical composition in a work, which is instead reflected by the composition of Taurus embodied in the 49-year old sound recording. Stewart Decl., ¶29-33.

The deposit requirement under 17 U.S.C. § 408(b) "is to identify the copyrighted work for the purposes of registration." Paul Goldstein, Goldstein on Copyright § 3.8 (2013). "Although the 1909 Copyright Act requires the owner to deposit a 'complete copy' of the work with the copyright office, [the Ninth Circuit's] definition of a 'complete copy' is broad and deferential: 'Absent intent to defraud and prejudice, inaccuracies in copyright registrations do not bar actions for

infringement.' " Three Boys Music Corp., 212 F.3d at 486 (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)); see also Scentsy, Inc. v. B.R. Chase, 942 F. Supp. 2d 1045, 1050 (D. Idaho 2013) (finding that identification materials are not required to disclose every element in which they claim a copyright); KnowledgePlex, Inc. v. Placebase, Inc., C 08-4267 JF (RS), 2008 WL 5245484, at *10 (N.D. Cal. Dec. 17, 2008) (finding the Ninth Circuit has rejected the argument that claims are limited to the scope of the deposit copy). Indeed, under the 1909 Act, a claimant could not submit a recording of the composition in lieu of a lead sheet. See Copyright Act of 1909, § 12, 35 Stat. 1075 (1909) (repealed 1978).

Moreover, Defendants only cite Newton v. Diamond to support their argument, a largely inapposite case focused on different issue. In Newton, which applied the 1976 Copyright Act, the sound recording had been licensed but the underlying composition had not. Newton v. Diamond, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002), aff'd 388 F.3d 1189. The Court found that the use of the composition was de minimis. Newton simply did not address when the composition contained in a sound recording can be used as proof of the protected compositional elements of a work.

The Ninth Circuit has held that the composition elements reflected in a sound recording, even if not on the deposit lead sheet, are to be considered by a jury. Three Boys Music Corp., 212 F.3d at 486-87. If the differences do not result in prejudice and are not the result of fraudulent intent, then the consideration of the composition in the sound recording is appropriate. Id. Here, there is no prejudice and no fraud— nor do Defendants attempt to argue there is any. Defendants' own expert, Mathes, demonstrated the relevance and necessity of examining the composition of the sound recording of "Taurus" as his expert report explicitly compares the composition in the sound recording of "Taurus" to the sound recording of Stairway to Heaven. Stewart Decl. ¶32-33. When the opposing party's *own expert* admits the relevance of the composition in the sound recording it is an unambiguous sign that Defendants are well aware of the material being compared and that they have suffered no prejudice.